Alvin L. Pittman, Bar No. 127009
office@apittman-law.com
LAW OFFICE OF ALVIN L. PITTMAN
9841 Airport Blvd., Suite 412
Los Angeles, California 90045
Telephone: 310.337.3077
Facsimile: 310.337.3080

Attorneys for Plaintiff
KEVIN BRISCOE

TANJA L. DARROW, Bar No. 175502
tdarrow@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

JYOTI MITTAL, Bar No. 288084
jmittal@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendant
STARBUCKS CORPORATION

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRISCOE,<br><br>        Plaintiff,<br><br>v.<br><br>STARBUCKS COFFEE COMPANY; and DOES 1-20; Inclusive,<br><br>        Defendants. | Case No. 2:17-cv-04832-JAK (JPRx)<br><br>ASSIGNED TO HON. JOHN A. KRONSTADT<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed: August 9, 2016 (Los Angeles County Superior Court)<br>Trial Date: None Set |

PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The Parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the Parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all Parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the Parties, by and through their respective counsel, hereby stipulate to, and seek the Court's approval of, the following Stipulated Protective Order ("Protective Order").

II. DEFINITIONS

1. Party and Parties. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees. "Parties" means all of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. Counsel. "Counsel" means:
    a. Littler Mendelson, P.C., and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this Proceeding;
    b. Law Office of Alvin L. Pittman and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this Proceeding;

3. In-house Counsel. "In-house Counsel" means attorneys who are employees of a Party to this Action. In-house Counsel does not include Counsel of

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

record or any other outside counsel.

4. <u>Proceeding</u>. "Proceeding" means the above-titled case, Case No. 2:17−cv−04832-JAK(JPRx).

5. <u>Court</u>. "Court" means the Hon. John A. Kronstadt or the Hon. Jean P. Rosenbluth, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

6. <u>Confidential Information</u>. For the purposes of this Protective Order, the terms "Confidential" and "Confidential Information" mean information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) Defendant Starbucks Corporation ("Defendant"); (2) Plaintiff Kevin Briscoe ("Plaintiff"); or (3) any third parties. Confidential Information may also includes information contained in any documents, deposition testimony, or other tangible thing, including but not limited to sensitive personnel information regarding Defendant's employees, former employees, and/or job applicants; non-public business, financial, and/or customer information belonging to Defendant or related entities, including but not limited to personnel training documents and/or videos, personnel policies, and organizational charts; and trade secrets or non-public, confidential proprietary information belonging to Defendant or related entities. Information designated Confidential may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Protective Order.

7. <u>Designating Party</u>. "Designating Party" means the Party that designates documents, testimony, or information as "Confidential."

III. DESIGNATION OF PROTECTED INFORMATION

8. In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as Confidential under the terms of this Protective

Order. By designating a document, thing, material, testimony, or other information derived therefrom as Confidential, the Party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

9. Documents shall be designated as Confidential by stamping each page of the document produced to a Party containing confidential information with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk or electronic storage device shall designate all contents therein as Confidential, unless otherwise indicated by the producing Party. To the extent practical, the designating party must mark as confidential only those portions of the document or other item that contain confidential material.

10. Testimony taken at a deposition, conference, or hearing may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within thirty (30) days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. During the thirty (30) day period, any such deposition transcript shall be treated as if it had been designated as Confidential. This order does not cover the treatment of Confidential information at trial.

11. Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

12. Confidential Material produced pursuant to this Protective Order and stamped solely as "CONFIDENTIAL" may be disclosed or made available only to:

a. the Court; a jury, arbitrator, or other trier or determiner of fact in this action; a mediator who has been mutually agreed upon by the Parties or appointed by the Court;

b. (1) Counsel for a Party, including the paralegal, clerical, and secretarial staff employed by such Counsel to whom disclosure is reasonably necessary to aid in the prosecution, defense, or settlement of this Proceeding; (2) In-House Counsel of a Party and employees of In-House Counsel's department;

c. an officer, director, or employee of a Party to whom disclosure is reasonably necessary to aid in the prosecution, defense, or settlement of this Proceeding; provided, however, that prior to the disclosure of Confidential Material to any such officer, director, or employee, Counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of this Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d. court reporter(s) employed in this Proceeding;

e. a witness at any deposition or other proceeding in this action; provided, however, that each such witness given access to Confidential Material shall be advised and agree that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

f. experts or consultants (together with their clerical staff) retained by Counsel to assist in the prosecution, defense, or settlement of this Proceeding, except that such experts and consultants shall not be employees of any Party or currently or previously under contract with any Party (except any retention agreement relating to such experts or consultants as experts or consultants in this action), or previously affiliated or associated in any way with any Party; provided, however, that prior to the disclosure of Confidential Material to any such expert or expert consultant, Counsel for the Party making the disclosure shall deliver a copy of this Protective Order to

such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

    g. any other person as to whom the Parties in writing agree.

  13. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 12, subject to the requirement of the execution of a statement in the form attached hereto as Exhibit A.

  14. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

  15. If a Party wishes to file documents with the Court which have been designated CONFIDENTIAL by another Party or a third party pursuant to this Protective Order, such documents must be filed under seal in compliance with Local Rule 79-5.1.

  16. In the event that any Confidential Material is used in any discovery-related proceeding in this action, it shall not lose its Confidential status through such use and the Party using such Confidential Material, shall take all reasonable steps to maintain its confidentiality during such use.

  17. This Protective Order shall be without prejudice to the rights of the Parties or any other third party (a) to bring before the Court at any time consistent with the Court's scheduling order the question of whether any particular document or information is Confidential or whether its use should be restricted, or (b) to present a

motion to the Court under Fed. R. Civ. P. 26(c) and Local Rule 37 for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

18. If a Party wishes to challenge the designation of materials stamped "CONFIDENTIAL" (a "Challenging Party"), the Challenging Party shall notify the Designating Party in writing of the documents and basis for the challenge. The Designating Party shall respond in writing within five (5) business days thereafter. If any disputes remain, the parties shall meet and confer within four (4) business days of the Designating Party's response in an effort to resolve such disputes. If any disputes remain unresolved, the Designating Party shall bring a motion seeking to establish the confidentiality designation pursuant to Local Rule 37. The Challenging Party shall provide its portion of a joint stipulation to the Designating Party pursuant to Local Rule 37-2.2 within five (5) business days after the parties meet and confer. Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

19. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any third party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any third party or the absence thereof, or to impact in any way a Party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

20. While this Protective Order is for the Court's consideration and approval

as an order, it shall also be construed to create a contract between the Parties or between the Parties and their respective counsel.

21. This Protective Order shall survive the final termination of this Proceeding and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Proceeding, Counsel for the Parties shall destroy all documents, materials, and deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel.

22. This Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

23. In the event a party inadvertently discloses or produces any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

24. If a Party wishes to use another Party's Confidential documents at trial, the Party shall advise the other Party's Counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the Confidential documents are discussed. The other parties need not join in any such motions.

25. In the event that a Party is served with a subpoena or an order issued in other litigation by any person, firm, corporation, or other entity who is not a party to this Proceeding, is not a signatory to this Protective Order, or otherwise is not bound by this Protective Order, which seeks to compel production of Confidential documents

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

7.

or information, the Party upon whom the subpoena or order is served shall give written notice of the subpoena to the Party who has asserted that the documents or information sought by the subpoena or order is Confidential. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena or order, or before the production date set forth in the subpoena or order, whichever is earlier. The Party who designated the subpoenaed information or documents as Confidential shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subpoenaed information or documents. If such a motion is filed before the requested production date, the Party upon whom the subpoena is served shall not produce the information or documents requested in the subpoena until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the Party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, or if the motion to quash the subpoena or motion for protective order is denied, the Party upon whom the subpoena is served may comply with the same without being deemed to have violated this Protective Order.

26. This Protective Order may be modified only if such modification is in writing, signed by the Parties, and approved by an order of the Court.

Dated: January 16, 2018

                          */s/ Jyoti Mittal*
                          TANJA L. DARROW
                          JYOTI MITTAL
                          LITTLER MENDELSON, P.C.
                          Attorneys for Defendant
                          STARBUCKS CORPORATION

Dated: January 16, 2018    */s Alvin L. Pittman*
                          ALVIN L. PITTMAN
                          LAW OFFICE OF ALVIN L. PITTMAN
                          Attorneys for Plaintiff
                          KEVIN BRISCOE

## **SIGNATURE CERTIFICATION**

Pursuant to Local Civil Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to Alvin L. Pittman, counsel for Plaintiff Kevin Briscoe, and I have obtained Mr. Pittman's authorization to affix his electronic signature to this document.

Dated: January 19, 2018

*/s/ Jyoti Mittal*
JYOTI MITTAL
LITTLER MENDELSON, P.C.

HON. JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308

10.

# Attachment A
# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Briscoe v. Starbucks Coffee Company*, United States District Court for the Central District of California, Case No. 2:17-cv-04832-JAK(JPRx) , and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

                                                          _____

                                                          Name:_____

                                                          Address:_____

                                                          _____

Firmwide:152191371.1 055187.1066

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067.3107
310.553.0308