TANJA L. DARROW, Bar No. 175502
tdarrow@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

JYOTI MITTAL, Bar No. 288084
jmittal@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRISCOE,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS COFFEE COMPANY; and DOES 1-20; Inclusive,<br><br>Defendants. | Case No. 2:17-cv-04832-JAK (JPRx)<br><br>ASSIGNED TO HON. JOHN A. KRONSTADT<br><br>**DEFENDANT STARBUCKS CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST KEVIN BRISCOE FOR SPOLIATION OF EVIDENCE**<br><br>Date: July 17, 2018<br>Time: 8:30 a.m.<br>Courtroom: 10B<br><br>Complaint Filed: August 9, 2016 (Los Angeles County Superior Court)<br>Trial Date: None Set |

# TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF'S VERACITY IS QUESTIONABLE AT BEST ...........................2

III. LEGAL ARGUMENT ..........................................................................................3

    A. Plaintiff's Duty to Preserve Triggered on July 20, 2015, at the Latest ...............................................................................................................3

    B. Plaintiff's Lawsuit Should Be Dismissed Because He Invokes His Fifth Amendment Rights ..............................................................................6

    C. The Spoliation Was Willful, Therefore This Case Must be Dismissed .........................................................................................................7

    D. Starbucks is Unquestionably Prejudiced by Plaintiff's Willful Spoliation of Evidence ..................................................................................7

    E. Plaintiff Does Not Demonstrate Lesser Sanctions Will Remedy the Prejudice to Starbucks ...................................................................................9

    F. Rule 37(e) Sanctions Are Also Appropriate ............................................ 10

IV. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Alvarez v. Sanchez*,
   158 Cal. App. 3d 709 (Ct. App. 1984) .................................................................. 6

*Apple Inc. v. Samsung Elecs. Co.*,
   888 F. Supp. 2d 976 (N.D. Cal. 2012) ................................................................... 8

*Baker v. Limber*,
   647 F.2d 912 (9th Cir. 1981) .................................................................................. 6

*Baker v. United States*,
   722 F.2d 517 (9th Cir. 1983) .................................................................................. 6

*Bean v. Calderon*,
   166 F.R.D. 452 (E.D. Cal. 1996) ........................................................................... 6

*Bittaker v. Woodford*,
   331 F.3d 715 (9th Cir. 2003) .................................................................................. 6

*Brooks v. Hilton Casinos Inc.*,
   959 F.2d 757 (9th Cir. 1992) .................................................................................. 6

*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*,
   244 F.R.D. 614 (D. Colo. 2007) ............................................................................ 4

*Guthrey v. State of Calif.*,
   63 Cal. App. 4th 1108 (1998) ................................................................................ 9

*Hugler v. Southwest Fuel Mgmt., Inc.*,
   No. 16-cv-4547, 2017 WL 8941163 (C.D. Cal. May 2, 2017) ............................ 10

*Internmatch, Inc. v. Nxtbigthing, LLC*,
   No. 14-CV-05438-JST, 2016 WL 491483 (N.D. Cal. Feb. 8, 2016),
   *appeal dismissed* (June 10, 2016) ....................................................................... 10

*Leon v. IDX Sys. Corp.*,
   464 F. 3d 951, 959 (9th Cir. 2006) ............................................................. 7, 13, 14

*Lyons v. Johnson*,
   415 F. 2d 540 (9th Cir. 1969) ................................................................................. 6

# TABLE OF AUTHORITIES
(CONTINUED)

**PAGE(S)**

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) ........................................................................................... 8

*Muzakkir v. Villasenor*,
65 F.3d 175 (9th Cir. 1995) ............................................................................... 6

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*,
685 F. Supp. 2d 456 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012) ....................................................................................................... 3, 4, 5

*Ray v. Ropes & Gray LLP*,
961 F. Supp. 2d 344 (D. Mass. 2013), aff'd, 799 F.3d 99 (1st Cir. 2015) ................................................................................................................ 4

*Residential Funding Corp. v. DeGeorge Fin. Corp.*,
306 F.3d 99 (2d Cir. 2002) .............................................................................. 10

*Silva v. U.S. Bancorp*,
2011 U.S. Dist. LEXIS 152817, 2011 WL 7096576 (C.D.Cal.2011) ............... 9

*Smith v. Johnson*,
324 Fed. App'x 549 (9th Cir. 2008) .................................................................. 6

*State Farm Fire & Cas. Co. v. Broan Manuf. Co., Inc.*,
523 F. Supp. 2d 992 (D. Ariz. 2007) ................................................................ 9

*Tatum v. Schwartz*,
2007 U.S. Dist. LEXIS 10225, 2007 WL 419463 (E.D.Cal.2007) ................... 9

*Treppel v. Biovail Corp.*,
249 F.R.D. 111 (S.D.N.Y. 2008) ....................................................................... 5

*U.S. v. Kitsap Physicians Serv.*,
314 F.3d 995 (9th Cir. 2002) ............................................................................. 7

*United States v. Jenkins*,
785 F.2d 1387 (9th Cir. 1986) ........................................................................... 6

*United States v. Troescher*,
99 F.3d 933 (9th Cir. 1996) ............................................................................... 6

# TABLE OF AUTHORITIES
(CONTINUED)

**PAGE(S)**

*World Courier v. Barone*,
   No. C 06-3072, 2007 WL 1119196 (N.D. Cal. Apr. 16, 2007) .......................... 3, 4, 5

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) ............................................................................... 3

**Other Authorities**

Fifth Amendment ............................................................................................... 1, 6, 7

FED. R. CIV. P. 37(e) 2015 ......................................................................................... 8

Rule 37(e) ................................................................................................................ 10

## I. INTRODUCTION

Plaintiff's [1] (and his counsel's) interpretation of the obligations to preserve evidence is both unsupported by law and flies in the face of justice. Under Plaintiff's theory of the law, a plaintiff can illegally collect evidence in anticipation of a lawsuit, notify the future defendant that the plaintiff is seeking legal counsel (thereby *triggering the defendant's duty to preserve*) – and then destroy the illegally obtained evidence because no duty to preserve attaches to a plaintiff until the plaintiff serves the lawsuit. ***Plaintiff remarkably argues any evidence destroyed by a plaintiff in the period of time when plaintiff is sitting on service or contemplating a lawsuit is not spoliation***.

Plaintiff also argues that because he committed a crime by recording the conversations without consent, his destruction of such evidence is *irrelevant* because he would have invoked his Fifth Amendment rights. Aside from the fact that invoking his Fifth Amendment rights would automatically warrant dismissal of his entire lawsuit pursuant to well-settled law, that Plaintiff's counsel would memorialize his odd theories in a filing is truly audacious. Starbucks cannot help but wonder how much evidence has been destroyed over the years under his theory of preservation obligations in other matters – and what additional evidence in this matter is chained in the proverbial basement or hacked to pieces.

What is more revolting is Plaintiff's utter lack of veracity. Specifically, Plaintiff's declaration in support of his opposition makes unsupported material representations, under penalty of perjury, that contradict his deposition testimony and the documentary evidence. Plaintiff's Opposition demonstrates that he has no regard for the law (penal or civil), the Court, or the Court's rules. Plaintiff's blasé view of his prejudicial spoliation of extremely probative evidence, coupled with his dishonesty to the Court, and warped interpretation of discovery obligations further support that

---

[1] All terms shall be defined consistent with Starbucks' moving papers.

Plaintiff's destruction of evidence was willful, and this matter should be dismissed.

## II. PLAINTIFF'S VERACITY IS QUESTIONABLE AT BEST.

Plaintiff's Opposition, his declaration in support of his Opposition, and his deposition testimony contradict one another, and are clearly contradicted by the evidence. A simple timeline highlights Plaintiff's lack of veracity with respect to when his duty to preserve evidence arose:

- **March 2016 - October 2016**: Plaintiff testifies he did not have counsel during this period. (Mittal Decl. ¶ 5, Ex. J at 213:24-214:1; 307:11-308:12; 214:4-17).

*Yet*,

- **December 12, 2014**: Plaintiff records the December Meeting without Rogers' consent ***at the suggestion of an "advisor"*** (*id.*; Rogers Decl. ¶¶ 3-4; Schultz Decl. ¶ 4, Ex. D at Page ID #1430);

- **December 2014**: "*When this started feeling litigious,*" Plaintiff talked to counsel. Plaintiff "'*resorted to self-preservation' and shortly after the December 2014 time, he talked to counsel. He needed to seek advice*." (Schultz Decl. ¶ 4, Ex. D at Page ID #1430);

- **June 9, 2015**: Plaintiff informs Rivers and Sundquist he illegally recorded their conversations and does not offer to let them listen to the recordings (Rivers Dec. ¶ 6; Sundquist Decl. ¶ 6; Mittal Decl. ¶ 5, Ex. J at 213:24-214:1);

- **July 20, 2015**: Plaintiff resigns and advises Starbucks "*[i]n full disclosure, at [the time of his last day], I will be retaining legal counsel.*" Sundquist Decl. ¶ 8, Ex. B (emphasis added);

- **September 14, 2015**: The DFEH complaint is filed by Plaintiff's counsel; RJN, Ex. A);

- **August 9, 2016**: This lawsuit is filed by Plaintiff's counsel.

Despite all the contradictions above, there is ***no dispute*** that Plaintiff ***failed to***

1 *preserve* the illegal recordings on his iPhone. *Id.* at 213:24-214:1. There is also **no
2 dispute** that Plaintiff **willfully and purposefully** "trashed" his journal. *Id.* at 307:11-
3 308:12. In sum, no evidence supports Plaintiff's argument that he had no duty to
4 preserve, and was not represented by counsel – therefore, sanctions are warranted.

## III. LEGAL ARGUMENT

### A. Plaintiff's Duty to Preserve Triggered on July 20, 2015, at the Latest.

Plaintiff erroneously avers that his duty to preserve evidence did not trigger when he: (1) started recorded the conversations because he felt "litigious," (2) sought the advice of counsel in December 2014 out of "self-preservation," (2) took notes about incidents he characterized as discrimination, (3) threatened Starbucks with a lawsuit, (4) filed the DFEH complaint, or (5) filed the lawsuit. Dkt. 50, Opp'n at 11:23-12:11. Rather, Plaintiff argues his duty to preserve arose when the lawsuit was finally served on Starbucks – and his actions prior to service render the timing of his duty to preserve "unclear." Plaintiff's contention that his actions taken to prepare for and pursue the instant lawsuit are of "no consequence" with respect to the duty to preserve evidence is incorrect and disturbing.

Any lack of clarity about the timing of Plaintiff's duty is solely of Plaintiff's making. Plaintiff fails to refute the duty to preserve material evidence arises when one "**reasonably should know that the evidence may be relevant to anticipated litigation**." *World Courier v. Barone*, No. C 06-3072, 2007 WL 1119196, at *1 (N.D. Cal. Apr. 16, 2007) (emphasis added); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary"). Plaintiff also fails to refute settled law that, *as a plaintiff*, his duty to preserve was **triggered before litigation commenced**, in large part **because <u>Plaintiff controlled the timing of litigation</u>** – **including the timing of service and filing of the lawsuit**. *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 464-466 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v.*

*Port Auth. of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012). Plaintiff unquestionably had a duty to preserve evidence when he began recording conversations and sought advice of counsel in December 2014.

Plaintiff's reliance on *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 623 (D. Colo. 2007) is misplaced. Like the law cited by Starbucks, *Cache* holds that the obligation to preserve evidence arises earlier then the filing of a lawsuit, where, as here, a party has notice that future litigation is likely. *Id.* at 621. Further, *Cache's* analysis is with respect to the timing of a **defendant's duty** to preserve evidence, not a plaintiff's duty to preserve. *Id.* at 622-633. Finally, no duty existed in *Cache* because the allegedly triggering letter *did not threaten or suggest* impending litigation. *Id.* at 622-623. Here, there is no question that Plaintiff is not a defendant or that his resignation letter unequivocally threatened litigation. Sundquist Decl. ¶ 8, Ex. B (emphasis added). Therefore, *Cache* has no bearing on this matter.[2]

Without citing to authority, Plaintiff further argues that because Starbucks advised him of the illegality of recording people without consent, it also had the burden of advising him to save the recordings in order to protect HIS duty to preserve. As discussed above, this argument is contradicted by the facts and the law. *Id.*

Plaintiff makes the illogical argument that he did not contemplate a lawsuit when he used the word "litigious" to describe his reasoning for recording the conversations in the first place. Notably, Plaintiff *does not support this argument with his declaration* because to do so would be perjury. In fact, as discussed in more detail in Section II *supra*, filing a lawsuit is *exactly what Plaintiff meant when he used the*

---

[2] *Ray v. Ropes & Gray LLP*, 961 F. Supp. 2d 344, 350 (D. Mass. 2013), aff'd, 799 F.3d 99 (1st Cir. 2015), also fails to support Plaintiff's arguments. *Ray,* in a footnote lacking analysis, holds no duty to preserve existed absent an "independent legal obligation" to retain the evidence. *Id.* at n. 2. Here, as discussed, Plaintiff *had a legal obligation* to preserve his recordings and notes as soon as he contemplated litigation. *See World Courier*, 2007 WL 1119196, at *1; *Pension Comm.*, 685 F. Supp. 2d at 464-466.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

*word litigious* to describe why he started recording conversations in December 2014 and sought the advice of counsel. Schultz Decl. ¶ 4, Ex. D at Page ID #1430.

Plaintiff also argues his duty to preserve did not exist until he hired counsel. Not so. **There exists no requirement that a plaintiff be represented by counsel in order for a duty to arise**. *See World Courier*, 2007 WL 1119196, at *1; *Pension Comm.*, 685 F. Supp. 2d at 464-466. Regardless, Plaintiff claims he did not have counsel when the iPhone was stolen. The substantial evidence, including other portions of Plaintiff's own deposition testimony, completely contradicts this contention. *See* Section II *supra*. Further, Plaintiff does not *provide an iota of documentary evidence to support* he was not represented or that the iPhone was stolen. Plaintiff fails to include evidence of receipts, phone records or documents from his phone carrier regarding the date of the "stolen" phone; or evidence of when his representation began (such as a redacted engagement letter). Instead Plaintiff demands the Court to trust him when all evidence indicates he is untrustworthy.

Notwithstanding, while the duty to preserve is NOT triggered by representation, he had counsel, and his *counsel's failure to advise* Plaintiff of the existence of his duty constitutes sanctionable gross negligence. *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 118 (S.D.N.Y. 2008); *see also Pension Comm.*, 685 F. Supp. 2d at 464-466. Plaintiff's Opposition underscores that Plaintiff and his counsel failed to comply with their obligations to ensure that highly relevant evidence was preserved – as a result of either a gross misunderstanding or gross disregard for the law. Neither excuse Plaintiff and his counsel's misconduct. *Id.* Plaintiff downplays his prior litigation experience with the very counsel that is representing him in the instant action and claims that despite participating in discovery *through his deposition in the prior lawsuit*, he does not have an understanding of his obligation to preserve or of the discovery process. Opp'n 9-17. By Plaintiff's own judicial admission, (1) he was not advised in that lawsuit (or in this one) of his duty to preserve evidence, which constitutes gross negligence; *or* (2) he completely disregarded his duty to preserve

1 evidence in both lawsuits. By either admission he should be sanctioned.

2 In sum, at the latest, Plaintiff's duty to preserve was triggered on July 20, 2015,
3 when he advised Starbucks he was seeking legal counsel. Sundquist Decl. ¶ 8, Ex. B.

**B. Plaintiff's Lawsuit Should Be Dismissed Because He Invokes His Fifth Amendment Rights.**

Plaintiff argues that even if he had the recordings, he could not be forced to produce them because *he could claim his Fifth Amendment privilege* against self-incrimination. Citing to *Alvarez v. Sanchez*, 158 Cal. App. 3d 709, 712 (Ct. App. 1984), Plaintiff argues the issue of the recordings is moot because neither party could use them. Plaintiff ignores his detailed testimony about the recordings, which constitutes a waiver of his Fifth Amendment rights in this action. *United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986).

Even if the Court finds the privilege had not been waived, notwithstanding that federal procedural law applies, ***a plaintiff in a civil action cannot invoke the Fifth Amendment as to relevant matters*** <u>without having his case dismissed</u>. *Lyons v. Johnson*, 415 F. 2d 540 (9th Cir. 1969); *Alvarez*, 158 Cal. App. 3d at 712; *Smith v. Johnson*, 324 Fed. App'x 549 (9th Cir. 2008) ("The district court did not abuse its discretion by dismissing the action in light of Smith's refusal to answer the defendants' questions concerning his arrest."); *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003); *United States v. Troescher*, 99 F.3d 933, 936 (9th Cir. 1996); *Muzakkir v. Villasenor*, 65 F.3d 175 (9th Cir. 1995) ("Muzakkir's second contention, that the Fifth Amendment's privilege against self-incrimination entitled him to refuse, in a blanket manner, to answer all of the defendant's questions lacks merit."); *Brooks v. Hilton Casinos Inc.*, 959 F.2d 757, 767-68 (9th Cir. 1992); *Baker v. Limber*, 647 F.2d 912, 918 (9th Cir. 1981) (willfulness a key consideration); *Baker v. United States*, 722 F.2d 517, 518-19 (9th Cir. 1983); *Bean v. Calderon*, 166 F.R.D. 452, 454 n.2 (E.D. Cal. 1996). "[T]he trial court should guard against allowing the [plaintiffs] to use the Fifth Amendment shield as a sword." *Baker v. United States*, 722 F.2d at 518-19, *citing*

*United States v. U.S. Currency*, 626 F.2d 11, 16 (6th Cir. 1980) (internal citations and quotation marks omitted).

As discussed in Starbucks' Motion and below, and confirmed by Plaintiff, the spoliated recordings include highly relevant, probative evidence. Accordingly, Plaintiff's invocation of the Fifth Amendment warrants immediate dismissal of this lawsuit, as does his willful spoliation of evidence if his Fifth Amendment Rights have not been waived.

**C. The Spoliation Was Willful, Therefore This Case Must be Dismissed.**

Plaintiff makes the nonsensical argument that his ability to invoke his Fifth Amendment rights completely negates his willful destruction of evidence. Not only does Plaintiff's argument not make sense, he ignores that willfulness is a fact that cannot be negated, and alone is reason to dismiss this lawsuit. *U.S. v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002); *Leon v. IDX Sys. Corp.*, 464 F. 3d 951, 959 (9th Cir. 2006).

Plaintiff ignores that destruction of evidence is willful spoliation if the party has "***some notice that the documents were potentially relevant to the litigation before they were destroyed***." *Leon*, 464 F.3d at 959. As in *Leon,* Plaintiff cannot refute that he created the recordings and notes in anticipation of litigation, failed to take the most basic steps to preserve them, and then lost and/or destroyed the recordings and notes. Plaintiff's claim that he did not know how to back up an iPhone is not credible – or excusable. Nor is Starbucks required to accept Plaintiff's allegation that the notes were transcribed. Plaintiff's willful spoliation is also emphasized by the fact that ***he failed to introduce evidence supporting negligent destruction whatsoever***. Finally, Plaintiff and his counsel admit they made no efforts to preserve evidence (or that Plaintiff, unbelievably, did not know such a duty exists). Their improper conduct establishes the spoliation was willful.

### D. Starbucks is Unquestionably Prejudiced by Plaintiff's Willful Spoliation of Evidence.

Plaintiff fails to meet his burden of demonstrating Starbucks is not prejudiced. In fact, had Starbucks had access to the tape recordings and plaintiff's notes, (the spoliated evidence) it could conclusively dispel of this entire lawsuit. *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012).

Plaintiff testified he "trashed" his journal. Mittal Decl. ¶ 5, Ex. J at 308:3-7. Because Plaintiff's spoliation of his journal was **intentional,** the Court may assume prejudice. FED. R. CIV. P. 37(e) 2015 Advisory Committee's Notes. Plaintiff offers no argument or evidence to the contrary. Further, despite his arguments, *Plaintiff does not testify that he "transcribed" his notes* – he testified that he emailed his complaints to Starbucks. Mittal Decl. ¶5, Ex. J at 307:22-308:13. Plaintiff's emails are not the notes. The best evidence of what was contained in the notes are the notes themselves. Plaintiff "trashed" the notes. Plaintiff's destruction of the notes prejudiced Starbucks.

Plaintiff also does not, and cannot, refute that the recordings are highly relevant to illustrate Starbucks' legitimate nondiscriminatory reasons for its coaching and issuance of a PIP. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). Plaintiff argues that Starbucks isn't prejudiced because it has witnesses that can testify about the conversations he recorded. Plaintiff ignores that his willful spoliation forces Starbucks to rely on "he said/she said" evidence which is, by definition, spotty, especially here, *when Plaintiff's version of events keeps changing*. Indeed, *Plaintiff himself declares that the recordings would show discrimination and retaliation*, but argues in his Opposition that the recordings are not relevant to his discrimination claims. Plaintiff's Decl., Dkt. 51-2 at ¶ 7. The recordings of the conversations, including the December Meeting, could prove or disprove this fact issue. The absence of the recordings prevents the court from hearing exactly what was said in these meetings and limits Starbucks' ability to prove Plaintiff has "changed his story," or in this instance, fabricated the issues entirely.

1   Plaintiff also ignores that he destroyed the recordings of the conversations
2   wherein he allegedly engaged in protected activity. If Starbucks had these recordings,
3   it could conclusively establish that those complaints were never made, thereby
4   dispensing of his retaliation claim in its entirety. *Guthrey v. State of Calif.*, 63 Cal.
5   App. 4th 1108, 1125 (1998). Plaintiff's willful spoliation has severely prejudiced
6   Starbucks.

### E. Plaintiff Does Not Demonstrate Lesser Sanctions Will Remedy the Prejudice to Starbucks.

Plaintiff argues dismissal is not proper because his conduct was not willful, and no prejudice exists. As discussed in Sections C and D, *supra*, Plaintiff's arguments are not supported by the facts or the law. Furthermore, Plaintiff fails to refute Starbucks' argument that **dismissal is the only sanction that can cure the prejudice** to Starbucks. *State Farm Fire & Cas. Co. v. Broan Manuf. Co., Inc.*, 523 F. Supp. 2d 992, 998 (D. Ariz. 2007); *see, e.g., Silva v. U.S. Bancorp*, 2011 U.S. Dist. LEXIS 152817, 2011 WL 7096576, *3 (C.D.Cal.2011) (plaintiff's failure to oppose defendants' motion to dismiss amounted to a concession that his claim should be dismissed); *Tatum v. Schwartz*, 2007 U.S. Dist. LEXIS 10225, 2007 WL 419463, *3 (E.D.Cal.2007) (a party "tacitly concede[d][a] claim by failing to address defendants' argument in her opposition.").

Specifically, Plaintiff fails to address, and therefore concedes:

(1) Excluding evidence would be "futile" because the prejudice suffered by Starbucks stems from the **absence of probative evidence** and would *reward Plaintiff* (*Leon*, 464 F.3d at 960);

(2) "[F]ashioning a jury instruction that creates a presumption in favor of… [Starbucks] 'would leave [Starbucks] equally **helpless to rebut** any material that…[Plaintiff] might use to overcome the presumption;" and,

(3) No lesser sanction could "cure the fact that *[Starbucks] is limited to evidence . . . that [Plaintiff] preserved*" nor cure the fact that Plaintiff did not

preserve the recordings and his notes that included highly probative information. *State Farm,* 523 F. Supp. 2d at 998 (emphasis added). Here, dismissal is appropriate.

### F. Rule 37(e) Sanctions Are Also Appropriate.

Plaintiff argues Rule 37(e) does not apply because the recordings were not ESI that should have been preserved. While, the Court's inherent power is the appropriate authority here for spoliation sanctions, Rule 37(e) sanctions are also appropriate.

For the reasons discussed in its Motion and this Reply, Starbucks demonstrates that it is entitled to Rule 37(e) sanctions because: (1) litigation was reasonably anticipated when the recordings were created and surely by the time they were stolen/destroyed (Plaintiff's counsel filed the DFEH Complaint *six months to one year* before Plaintiff's recordings were allegedly destroyed, and up to two months after the lawsuit was filed); (2) Plaintiff and his counsel failed to take reasonable steps to preserve; (3) the recordings cannot be replaced or restored; and (4) the destruction of the recordings is severely prejudicial to Starbucks. Starbucks also demonstrates that Plaintiff's conduct was willful under 37(e) – he failed in his obligation to ensure relevant evidence be preserved.[3] *Internmatch, Inc. v. Nxtbigthing, LLC*, No. 14-CV-05438-JST, 2016 WL 491483, at *11 (N.D. Cal. Feb. 8, 2016), *appeal dismissed* (June 10, 2016). This action should be dismissed; *see also* Section II *supra*.[4]

### IV. CONCLUSION

For all the foregoing reasons, Starbucks respectfully requests the Court to dismiss the action in its entirety or impose other proposed sanctions against Plaintiff.

Dated June 25, 2018

/s/ Tanja L. Darrow
LITTLER MENDELSON, P.C.
Attorneys for Defendant
STARBUCKS CORPORATION

Firmwide:155443314.5 055187.1066

---

[3] Plaintiff misstates the law set forth in *Hugler v. Southwest Fuel Mgmt., Inc.*, No. 16-cv-4547, 2017 WL 8941163, at *8 (C.D. Cal. May 2, 2017) – a litigation hold is not required for conduct to be willful under Rule 37(e).

[4] Should this action not be dismissed, an adverse inference instruction is the only other appropriate remedy. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.