| | |
|---|---|
| 1 | TANJA L. DARROW, Bar No. 175502 |
| | tdarrow@littler.com |
| 2 | LITTLER MENDELSON, P.C. |
| | 633 West 5th Street |
| 3 | 63rd Floor |
| | Los Angeles, CA  90071 |
| 4 | Telephone:  213.443.4300 |
| | Facsimile:   213.443.4299 |
| 5 | |
| | JYOTI MITTAL, Bar No. 288084 |
| 6 | jmittal@littler.com |
| | LITTLER MENDELSON, P.C. |
| 7 | 2049 Century Park East |
| | 5th Floor |
| 8 | Los Angeles, CA  90067 |
| | Telephone:  310.553.0308 |
| 9 | Fax No.:     310.553.5583 |
| 10 | Attorneys for Defendant |
| | STARBUCKS CORPORATION |
| 11 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KEVIN BRISCOE, | Case No.  2:17-cv-04832-JAK (JPRx) |
|---|---|
| Plaintiff, | ASSIGNED TO HON. JOHN A. KRONSTADT |
| v. | |
| STARBUCKS COFFEE COMPANY; and DOES 1-20; Inclusive, | **DEFENDANT STARBUCKS CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| Defendants. | |
| | Date:       July 17, 2018 |
| | Time:       8:30 a.m. |
| | Courtroom:  10B |
| | Complaint Filed:  August 9, 2016 (Los Angeles County Superior Court) |
| | Trial Date: None Set |

TABLE OF CONTENTS

| | | | PAGE(S) |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | LEGAL ARGUMENT | | 1 |
| | A. | Plaintiff Cannot Dispute A Single One of Starbucks' Uncontroverted Facts | 1 |
| | B. | Plaintiff Cannot Prove His Discrimination Claim | 2 |
| | | 1. Plaintiff Cannot Establish a Prima Facie Case of Discrimination | 2 |
| | |    a. Plaintiff Does Not Demonstrate He Was Performing His Job Duties Satisfactorily | 2 |
| | |    b. Plaintiff Suffered No Adverse Employment Action That He Can Link to His Race | 3 |
| | | 2. Starbucks' Employment Decisions Were for Legitimate, Nondiscriminatory Reasons | 4 |
| | | 3. Plaintiff Fails to Make the Extraordinarily Strong Showing of Pretext Required to Overcome the Same-Actor Inference | 5 |
| | C. | Plaintiff's Cause of Action for Retaliation Fails as a Matter of Law | 8 |
| | D. | Plaintiff's Claim for Wrongful Termination Fails | 9 |
| | E. | Plaintiff Has Not Made The Showing Necessary For Punitive Damages | 9 |
| III. | CONCLUSION | | 10 |

**Cases**

*Ardente, Inc. v. Shanley*,
  2010 U.S. Dist. LEXIS 11674 (N.D. Cal. Feb. 9, 2010) ........................................ 3, 8

*Carmen v. S.F. Unified Sch. Dist.*,
  237 F.3d 1026 (9th Cir. 2001) ................................................................................. 8

*Coghlan v. American Seafoods Co., LLC*,
  413 F.3d 1090 (9th Cir. 2005) ......................................................................... 5, 6, 7

*Collings v. Lonqview Fibre Co.*,
  63 F.3d 828 (9th Cir.1995) ...................................................................................... 2

*Day v. Sears Holdings Corp.*,
  930 F. Supp. 2d 1146 (C.D. Cal. 2013) .................................................................. 7

*Douglas v. Anderson*,
  656 F.2d 528 (9th Cir. 1981) ............................................................................... 2, 5

*Foster v. Arcata Assocs., Inc.*,
  772 F.2d 1453 (9th Cir. 1985) ................................................................................. 4

*Guthrey v. State of Calif.*,
  63 Cal. App. 4th 1108 (1998) .................................................................................. 9

*Guz v. Bechtel Nat'l, Inc.*,
  24 Cal. 4th 317 (2000) ................................................................................... 2, 3, 4

*Horn v. Cushman & Wakefield Western Inc.*,
  72 Cal. App. 4th 798 (1999) ................................................................................ 6, 8

*Jackson v. Federal Express*,
  766 F.3d 189 (2nd Cir. 2014) ............................................................................. 3, 8

*The Jeanery, Inc. v. James Jeans, Inc.*,
  849 F.3d 1148 (9th Cir.1988) .................................................................................. 2

*Jennings v. Marralle*,
  8 Cal. 4th 121 (1984) ............................................................................................... 9

*Kennedy v. Allied Mutual Ins. Co.*,
  952 F.2d 262 (9th Cir.1991) ................................................................................ 4, 7

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

ii.

*Kohler v. Ericsson, Inc.*,
    847 F.2d 499 (9th Cir.1988) .................................................................................. 2

*Kolstad v. American Dental Ass'n*,
    527 US 526 (1999) ................................................................................................ 9

*Kortan v. Cal. Youth Authority*,
    5 F. Supp. 2d 843 (C.D. Cal. 1998), *aff'd*, 217 F.3d 1104 (9th Cir.
    2000) ..................................................................................................................... 4

*Martin v. Lockheed Missiles & Space Co.*,
    29 Cal. App. 4th 1724 (1994) ................................................................................ 6

*Obrey v. Johnson*,
    400 F.3d 691 (9th Cir. 2005) ................................................................................. 7

*Sada v. Robert F. Kennedy Med. Cntr.*,
    56 Cal. App. 4th 138 (1997) .................................................................................. 5

*Shorter v. L.A. Unified Sch. Dist.*,
    2013 U.S. Dist. LEXIS 172371 (C.D. Cal. Oct. 21, 2013) ................................ 3, 8

*Silva v. U.S. Bancorp*,
    2011 U.S. Dist. LEXIS 152817 (C.D. Cal. Oct. 6, 2011) .................................. 3, 8

*Smolen v. Deloitte, Haskins & Sells*,
    921 F.2d 959 (9th Cir. 1990) ................................................................................. 1

*Texas Dep't of Cmty. Affairs v. Burdine*,
    450 U.S. 248 (1981) .............................................................................................. 4

*Thomas v. Dept. of Corr.*,
    77 Cal. App. 4th 507 (2000) .................................................................................. 4

*Wallis v. J.R. Simplot Co.*,
    26 F.3d 885 (9th Cir. 1994) ................................................................................... 5

*Yanowitz v. L'Oreal USA, Inc.*,
    36 Cal. 4th 1028 (2005) ........................................................................................ 3

**Other Authorities**

FED. R. EVID. 602 .......................................................................................................... 8

## I. INTRODUCTION

Plaintiff's [1] Opposition to Starbucks' motion for summary judgment ("Opposition") *fails to offer a shred of relevant evidence to prove any of his claims*. Rather, the Opposition rests entirely on distorted interpretations of the evidence, irrelevant arguments, and incorrect application of the law. Plaintiff does not establish the requisite evidence in support of his claims and cannot manufacture any discriminatory animus, as none existed here. Plaintiff argues that Starbucks' employment decisions were based on his race. However, his *unfounded speculations and perceptions (based almost entirely on his own self-serving declaration*) do not establish a single triable issue of fact as to his claims. Accordingly, Starbucks respectfully requests that the Court grant its motion for summary judgment.

## II. LEGAL ARGUMENT

### A. Plaintiff Cannot Dispute A Single One of Starbucks' Uncontroverted Facts.

After years of counseling for his poor performance with respect to communication, Plaintiff resigned to take a higher paying job and is now claiming he was discriminated against. However, *Plaintiff has not, and cannot, provide evidence to rebut Starbucks' material facts*.

Plaintiff must set forth "**specific facts** showing that there is a genuine issue for trial." *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990) (emphasis added). Plaintiff fails to rebut any of Starbucks' *material facts* set forth in its Separate Statement of Uncontroverted Facts with any evidence whatsoever. Instead, Plaintiff relies on evidence unrelated to the facts asserted by Starbucks to create disputes. Furthermore, Plaintiff's responses rely on *improper argument* to

---

[1] For the purpose of this reply, terms shall be defined consistent with Starbucks' moving papers. Plaintiff also fails to submit evidentiary objections, validating that every fact asserted by Starbucks be deemed admitted and admissible.

create disputes as to Starbucks' straightforward facts. Indeed, for many of the facts, Plaintiff admits that the fact is undisputed, but then qualifies it with argument that the fact does not prove that Starbucks should prevail. The separate statement is not the proper document for an argument regarding legal analysis. *See* Dkt. 10 at 14:12-23 (Standing Orders). Whether Plaintiff believes that the facts support Starbucks' argument is irrelevant to whether these facts are disputed.

Finally, Plaintiff's responses rely almost entirely on speculation, conjecture, and fantasy – which is insufficient to defeat Starbucks' Motion. *See The Jeanery, Inc. v. James Jeans, Inc.,* 849 F.3d 1148, 1151–52 (9th Cir.1988); *Collings v. Lonqview Fibre Co.*, 63 F.3d 828, 834 (9th Cir.1995); *Kohler v. Ericsson, Inc.*, 847 F.2d 499, 501 (9th Cir. 1988). In sum, Plaintiff failed to produce the requisite evidence to establish any triable issues of material fact. Thus, **Plaintiff cannot show that a single one of Starbucks' material facts is disputed.**

### B. Plaintiff Cannot Prove His Discrimination Claim.

#### 1. Plaintiff Cannot Establish a *Prima Facie* Case of Discrimination.

Plaintiff fails to establish the following elements of his *prima facie* case: (1) he was performing competently in the position he held; (2) he suffered an adverse employment action; or (3) the circumstances suggest a discriminatory motive for allegedly adverse employment actions towards him. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000); *Douglas v. Anderson*, 656 F.2d 528, 531 (9th Cir. 1981). Accordingly, Plaintiff's discrimination claim fails as a matter of law. *Id.*

##### a. Plaintiff Does Not Demonstrate He Was Performing His Job Duties Satisfactorily.

Plaintiff's protestation that he performed his job duties in a satisfactory manner is belied by the substantial evidence that he consistently received coaching regarding his escalating performance deficiencies, which he failed to remedy. [SUF 40-100.] Starbucks' mission **puts people first** – not fiscal performance. RJN ¶ 1, Ex. A; [SUF

1  10-11]. Plaintiff's Opposition, and even his conduct in this lawsuit, highlight his utter
2  disconnect with the Starbucks mission. Plaintiff simply cannot grasp that even though
3  his fiscal performance was strong at times, at Starbucks, his ***failure to communicate***
4  ***effectively*** constituted ***failure to perform*** a core duty of his job ***in a satisfactory***
5  ***manner*** (*i.e.,* listen to teammates, do not make people cry, do not engage in conduct
6  that could elicit complaints of harassment, do not give inconsistent feedback, do not
7  schedule meetings with Licensee employees and show up two hours late, respect
8  people, do not refer to people with mental disabilities as "handicapped" or "slow").
9  [SUF 40-60, 79-93.] Accordingly, Plaintiff's *prima facie* case fails.

### b. Plaintiff Suffered No Adverse Employment Action That He Can Link to His Race.

Plaintiff argues he experienced two adverse employment actions while at Starbucks: (1) removal from the LAX Marriott account, and (2) the PIP. However, neither incident constitutes an adverse employment action under the law.[2] *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1050-52 (2005). Nor can Plaintiff show any causal connection between these actions and his race. *Guz*, 24 Cal. 4th at 355.

Plaintiff claims his removal from the LAX Marriott account constitutes an adverse employment action. However, Plaintiff fails to provide evidence that his removal from the Marriott account resulted in anything more than "a mere

---

[2] Plaintiff does not refute, and therefore concedes, the alleged preferential treatment of his peers, not being offered the BDM positions, his alleged constructive termination, and his voluntary resignation were not adverse employment actions. *See, e.g.*, *Jackson v. Federal Express*, 766 F.3d 189, 195-96 (2nd Cir. 2014)(when a defendant moves for summary judgment on a claim on which plaintiff bears the burden of proof, defendant has set forth a legally and factually sufficient basis to defeat the claim, and plaintiff fails to oppose, the court may infer that plaintiff has abandoned the claim and may grant summary judgment); *Silva v. U.S. Bancorp*, 2011 U.S. Dist. LEXIS 152817, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition."); *Shorter v. L.A. Unified Sch. Dist.*, 2013 U.S. Dist. LEXIS 172371, at **13-16 (C.D. Cal. Oct. 21, 2013); *Ardente, Inc. v. Shanley*, 2010 U.S. Dist. LEXIS 11674 (N.D. Cal. Feb. 9, 2010)("Plaintiff fails to respond to this argument and therefore concedes it through silence").

1  inconvenience or an *alteration of job responsibilities*" – *i.e.,* it was not an adverse action. *Thomas v. Dept. of Corr.*, 77 Cal. App. 4th 507, 511 (2000). Furthermore, Marriott – not Starbucks – issued a complaint and demanded Plaintiff be removed. [SUF 44-48.] Clearly, a Licensee's demand that he be removed from its account is not evidence of racial discrimination by Starbucks.

Likewise, Plaintiff cannot and does not articulate a tangible, negative, change in the terms and conditions of his employment resulted from the PIP. Plaintiff argues that the PIP prevented him from seeking advancement. However, Plaintiff willfully ignores he was issued the PIP on **June 4, 2015**, over a year after his April 27th application for the BDM position, and 6 months after his November 8th application. [SUF 12, 32, 100] Additionally, the *PIP was suspended* on **June 10, 2018**, *within one day* of his request for an independent investigation – meaning *the PIP was only in place for six days*. [SUF 100, 107, 108.] Accordingly, the PIP had no impact whatsoever on Plaintiff's position and cannot be considered an adverse employment action. *Kortan v. Cal. Youth Authority*, 5 F. Supp. 2d 843, 853 (C.D. Cal. 1998), *aff'd*, 217 F.3d 1104 (9th Cir. 2000). Nor can the PIP be connected to Plaintiff's race – it was the result of years of coaching which Plaintiff ignored. [SUF 40-100.]

Thus, *Plaintiff* cannot establish his *prima facie* case of discrimination.

### 2. Starbucks' Employment Decisions Were for Legitimate, Nondiscriminatory Reasons.

Starbucks also defeats summary judgment by articulating uncontroverted, legitimate, nondiscriminatory reasons for the alleged adverse employment actions. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981); *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985) (overruled on other grounds by, *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262 (9th Cir.1991).

As discussed above, Plaintiff was removed from the Marriott account *at Marriott's demand*. [SUF 44-48]. Preservation of Licensee relationships is unquestionably a legitimate business reason within the law. *Guz,* 24 Cal. 4th at 358.

With respect to the PIP, Plaintiff provides no authority or response to the well-established precedent that Starbucks may exercise business judgment in making personnel decisions, which the courts should not second-guess. *See Sada v. Robert F. Kennedy Med. Cntr.*, 56 Cal. App. 4th 138, 155 (1997). Starbucks' Motion presents clear non-discriminatory reasons for all actions it took with respect to Plaintiff's employment, including the PIP. [SUF 40-100.] The fact that Plaintiff disagrees with Starbucks' assessment of him is irrelevant. *Douglas*, 656 F.2d at 531. For these reasons, Plaintiff's discrimination claim fails.

### 3. Plaintiff Fails to Make the Extraordinarily Strong Showing of Pretext Required to Overcome the Same-Actor Inference.

Even if Plaintiff could establish a *prima facie* discrimination claim, which he cannot, he fails to provide **any evidence** that his race was a motivating factor in Starbucks' actions, let alone a "**substantial factor**." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (citation omitted) (emphasis added); *Horn v. Cushman & Wakefield Western Inc.*, 72 Cal. App. 4th 798, 807 (1999). Naturally, Plaintiff also fails to make the "***extraordinarily strong showing***" of discrimination necessary to defeat the same-actor inference. *Coghlan v. American Seafoods Co., LLC*, 413 F.3d 1090, 1097 (9th Cir. 2005)

It is undisputed that in August 2011, Rivers hired Plaintiff, an African American, with full knowledge that he is African American. [SUF 3-5.] The same-actor inference unquestionably defeats pretext because Rivers, the only person Plaintiff accuses of discrimination, hired Plaintiff. Plaintiff argues that the Court cannot consider the same-actor inference because the passage of time between his 2011 hiring and the first alleged incident of Rivers' discriminatory conduct in 2014 requires a jury to consider it. *Coghlan*, cited by Plaintiff, ***directly contradicts*** Plaintiff's argument. In *Coghlan*, the plaintiff argued the passage of three years between his promotion and the first discriminatory act negated the same-actor inference. 413 F.3d at 1096-97. In upholding summary judgment the court held the same-actor inference *applied*

because: (1) plaintiff failed to proffer evidence suggesting the "same actor" *had developed a bias during that period*; and, (2) the "same actor" did, in fact, *take "favorable action"* toward the Plaintiff within a year of the earliest alleged adverse employment decision. *Id.* at 1097-1098. The court further held that when the same-actor inference applies, a case may go to a jury "***ONLY [] if a plaintiff can muster the extraordinarily strong showing of discrimination necessary to defeat the same-actor inference.***" *Id.* at 1097 (emphasis added).

Here, as in *Coghlan*, the same-actor inference applies: (1) Plaintiff fails to provide an iota of evidence that Rivers *developed bia*s against African Americans after he was hired by her [SUF 124-125]; and, (2) Plaintiff acknowledges Rivers took favorable action toward him (awarding special high profile, high value, treasured projects) *including in 2015*. [SUF 141-144]; [PASUF 884]. With the same-actor inference established, Plaintiff fails to muster the *extraordinarily strong* showing of discrimination to defeat it.

Plaintiff argues that Marriott, Vons, and Ralphs, created fake complaints against him, in concert with Rivers – and this demonstrates racial bias. This is quite the conspiracy theory that requires an extraordinarily strong showing that THREE unrelated, external, client-entities, conspired with Rivers to harm Plaintiff. Unsurprisingly, other than Plaintiff's speculation and conjecture, he provides no support for such a notion – which is insufficient to defeat summary judgment. *Martin v. Lockheed Missiles & Space Co.,* 29 Cal. App. 4th 1724, 1735 (1994); *Horn*, 72 Cal. App. 4th at 807.

Likewise, Plaintiff's argument that his PIP was illegitimate because another African American on Rivers' team received a PIP is a red herring. Plaintiff's and Leslie Nelson's ("Nelson") self-serving declarations fail to attach evidence supporting their speculation and conjecture and are inadequate to establish pretext. [Response to PASUF 915, 921-924, 950-951]; *Martin,* 29 Cal. App. 4th 1735; *Horn*, 72 Cal. App. 4th at 807.

Plaintiff's differential treatment argument is a mass of contradictions that also

fails to establish pretext. Plaintiff claims: (1) **Rivers gave Plaintiff treasured projects, coveted by his peers** – but was biased against him; and, (2) Plaintiff was unfairly denied promotions others received – but **he did not apply for those positions**.[3] [SUF 133-144]; Response to PAUFS 884.] Plaintiff's own version of events belies deferential treatment – *i.e.*, that Rivers awarded him "special high profile, high value, treasured projects," *including in 2015*. [SUF 141-144]; [PASUF 884]. Further, **one of the partners he claims received preferential treatment from Rivers was African American** – *negating this argument entirely* (Plaintiff cannot establish a triable issue of act by submitting a declaration which **contradicts his own deposition testimony**). [SUF 131, 150]; *Kennedy*, 952 F.2d at 266. In short, no differential treatment existed.

Finally, Plaintiff's submission of the declaration of *one* Starbucks partner, Nelson, fails to muster the *extraordinarily strong* showing of discrimination required to defeat the same-actor inference. Plaintiff relies solely on *Obrey v. Johnson*, 400 F.3d 691 (9th Cir. 2005) to support his theory that Rivers had a pattern and practice of discrimination. However, *Obrey* does not address the weight given to "me too" evidence when the same-actor inference exists. When the same-actor inference exists, "me too" evidence from one other employee "is of minimal relevance and cannot be deemed substantial evidence of pretext." *See Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1161-62, 1185 (C.D. Cal. 2013) (holding one employee's deposition testimony insufficient to establish pattern and practice in a same-actor inference matter); *see also Coghlan*, 413 F. 3d at 1100 (the fact that the alleged discriminator simultaneously removed American masters on two other ships and replaced them with Norwegian-born masters was "too small a sample to constitute meaningful statistical

---

[3] (Notwithstanding that Rivers only has hiring power within her own department.) Similarly, Plaintiff's argument that Rivers "thwarted" his application for the November 2014 BDM position is unsupported by the evidence. Even if Rivers knew Plaintiff was applying for the position, Rivers had no involvement in the hiring process for the BDM position, and certainly never discussed Plaintiff's candidacy with Warmke who was not aware that Plaintiff had applied. [SUF 178, 181.]

1  evidence," when same-actor inference exists).

2  In any event, it is well established that a "belief that a defendant acted from an
3  unlawful motive, without evidence supporting that belief, is no more than speculation
4  or unfounded accusation about whether the defendant really did act from an unlawful
5  motive." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). To
6  defeat summary judgment, evidence must be competent, not speculation. *Id*. ***"It is***
7  ***not enough for a witness to tell all she knows; she must know all she tells."*** *Id*.
8  (emphasis added). The Federal Rules of Evidence prohibit a witness from testifying
9  on a matter "unless evidence is introduced sufficient to support a finding that the
10 witness has personal knowledge of the matter." FED. R. EVID. 602.

11 Nelson's declaration is replete with conclusory assertions of liability,
12 speculation, hearsay, and irrelevant statements that fail to demonstrate she participated
13 in or had any personal knowledge about Starbucks' decisions regarding Plaintiff.
14 Speculative and conclusory declarations such as the Nelson declaration are not
15 evidence of any kind and are insufficient to defeat summary judgment as a matter of
16 law. *See* FED. R. EVID. 602; *Carmen*, 237 F.3d at 1028.

17 In sum, other than his own *perceptions*, **Plaintiff has no evidence that**
18 **Starbucks' reasons for its actions were pretextual**. *Horn*, 72 Cal. App. 4th at 798.
19 Accordingly, Plaintiff's discrimination claim fails.

20     **C.    Plaintiff's Cause of Action for Retaliation Fails as a Matter of Law.**

21 Plaintiff fails to address *in any manner*, and therefore concedes, that *there exists no*
22 *causal connection* between his alleged December 2014 and June 2015 "complaints" to
23 any adverse employment actions. *Jackson*, 766 F.3d at 195-96; *Silva*, 2011 U.S. Dist.
24 LEXIS 152817, at *3; *Shorter* 2013 U.S. Dist. LEXIS 172371, at **13-16; *Ardente,*
25 *Inc.*, 2010 U.S. Dist. LEXIS 11674; *Tatum*, 2007 U.S. Dist. LEXIS 10225, at *3.
26 Specifically, by Plaintiff's own admission, Rivers' alleged preferential treatment of
27 other employees started in 2014, *before he brought any concerns to Starbucks; and*
28 Starbucks' performance management of Plaintiff started in August 2011 and was

consistently reinforced by Rivers over the years, *well before his alleged December 2014 complaint.* [SUF 329-390, 422, 423.] Accordingly, Plaintiff fails to establish his *prima facie* case for retaliation, and his claim fails as a matter of law. *Guthrey v. State of Calif.*, 63 Cal. App. 4th 1108, 1125 (1998).

### D. Plaintiff's Claim for Wrongful Termination Fails.

As Plaintiff's underlying claims for discrimination and retaliation fail, so too does his wrongful termination claim. *Jennings v. Marralle,* 8 Cal. 4th 121, 135 (1984). Given Starbucks' legitimate non-discriminatory and non-retaliatory business reasons for its employment decisions about Plaintiff (completely unrelated to any protected category or activity), Plaintiff's claim must fail.

### E. Plaintiff Has Not Made The Showing Necessary For Punitive Damages.

Plaintiff's Opposition fails to meet the heightened showing necessary to escape summary judgment on his punitive damages claim. Plaintiff provides *no evidence* that individuals making decisions regarding his career were officers, directors or managing agents.[4] Nor does he refute established law that Starbucks' policies specifically forbidding discrimination "operate to limit corporate liability for punitive damages, as long as the employer implements the written policy in good faith." [SUF 290]; *Kolstad v. American Dental Ass'n*, 527 US 526, 541-43 (1999). Starbucks' good faith is evidenced by the investigation it instigated the moment it received a complaint of discrimination from Plaintiff. [UF 247, 252.] As such, Plaintiff's punitive damages claim must be dismissed.

---

[4] Plaintiff's attempt to convert Rivers into a managing agent is laughable. Rivers did not create policy by advising of Starbucks' policy prohibiting Starbucks employees to text third-party employee – and Plaintiff fails to provide evidence to the contrary. [Response to PASUF 988.]

## III. CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that the Court grant its Motion for Summary Judgment, or in the alternative, Summary Adjudication as to each noticed issue.

Dated: June 25, 2018

*/s/ Tanja L. Darrow*
TANJA L. DARROW
JYOTI MITTAL
LITTLER MENDELSON, P.C.
Attorneys for Defendant
STARBUCKS CORPORATION

Firmwide:155355347.8 055187.1066

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.