TANJA L. DARROW, Bar No. 175502
tdarrow@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:  213.443.4300
Facsimile:   213.443.4299

JYOTI MITTAL, Bar No. 288084
jmittal@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067
Telephone:  310.553.0308
Fax No.:     310.553.5583

Attorneys for Defendant
STARBUCKS CORPORATION D/B/A
STARBUCKS COFFEE COMPANY (erroneously
named as STARBUCKS CORPORATION and
STARBUCKS COFFEE COMPANY as separate
entities)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRISCOE, | Case No.  2:17-cv-04832-JAK (JPRx) |
| Plaintiff, | ASSIGNED TO HON. JOHN A. KRONSTADT |
| v. | **DEFENDANT STARBUCKS CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL  MATERIAL FACTS (AMF) IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| STARBUCKS COFFEE COMPANY; and DOES 1-20; Inclusive, | |
| Defendants. | |
| | Date:        July 17, 2018 |
| | Time:        8:30 a.m. |
| | Courtroom:  10B |
| | Complaint Filed:  August 9, 2016 (Los Angeles County Superior Court) |
| | Trial Date: None Set |

Defendant Starbucks Corporation ("Starbucks") respectfully submits this Response to Plaintiff Kevin Briscoe's ("Plaintiff") Additional Material Facts in Opposition to Motion for Summary Judgment, or, In the Alternative, Partial Summary Judgment ("PASUF")":

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 874.  Plaintiff was recruited and hired by Dustin Low and Angela Rivers, and assigned to the most diverse, complex and high revenue generating District under Angela Rivers Supervision, consisting of some 24 Licensed Store locations and their management (totaling more than 50 individuals in various positions).<br><br>Dkt.53-2, River's Depo 129:17-135:23; Exhibits- 1 & 2.<br>Dkt.54, Plaintiff's Dec. ¶ 1 | **UNDISPUTED** that Dustin Low recruited Plaintiff and Angela Rivers ("Rivers") hired Plaintiff.<br><br>**DISPUTED** as to "assigned to the most diverse, complex and high revenue generating District under Angela Rivers Supervision, consisting of some 24 Licensed Store locations and their management (totaling more than 50 individuals in various positions)," **as this fact is not supported by the evidence**. Plaintiff's self-serving declaration contradicts his resume (Ex. 1), and Rivers' deposition testimony cited by Plaintiff does not support this fact.<br><br>However, such fact, even if true, is |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **irrelevant and immaterial**, as the diversity, complexity and revenue generation of Plaintiff's District, and its size, have no bearing on whether Rivers discriminated against him, and are not at issue in this lawsuit. ***See* Evidentiary Objection No. 1.** |
| 875. Plaintiff's District/Locations included Los Angeles International Airport (8-10 locations), Sheraton Hotel LAX, Marriot Hotel LAX, Residence Inn LAX, Century Plaza Hotel, Forever 21 Corporate Office, 4 Vons Grocery locations, 1 Albertsons location, 3 Target Location, USC University of Southern California (Trojan Grounds), USC |University of Southern California ( Health & Science Campus), Los Angeles Airforce Base, and 2 Ralphs Grocery locations.<br><br>Dkt.53-2, River's Depo 129:17-135:23; River's Dec. ¶ 23, pages 7-8 Hoenecke's Dec ¶ 1 and 2; Dkt.53-6, Maliwat's Dec ¶ 1-6; | **UNDISPUTED, but misstates the evidence.** The Declaration of Rivers does not declare as to this fact.<br><br>Additionally, **irrelevant and immaterial**, as the locations and size of Plaintiff's District is not related to complaints about his communication and other performance deficiencies. ***See* Evidentiary Objection No. 161, 178-83.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-5, Lugo's Dec ¶ 1-6; Dkt.54, Plaintiff's Dec. ¶ 2 Exhibits- 1 & 2. UF (UNCONTROVERTED FACT) # 5, 7, 8 | |
| 876.    Plaintiff was always highly rated for communication skills, coordination with other District Managers, building strong first team relationships, supporting other District Managers, achieving strong results, driving overall business, asking powerful questions, building partnerships with key decision makers, partnering with Company Operations to support training and successful operations, improving customer portfolio, deployment focused, transfer of ownership focused, building strong relationship with peers and taking on added special and important assignments.  Exhibits 4, 5 and 6 Dkt.54, Plaintiff's Dec. ¶ 3 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  For example, Plaintiff's cites to the 2013 Annual Performance Review which specifically identified the following performance improvement opportunities:  "Continued focus on listening for understanding rather than listening to respond.  Ensure you both understand and are understood.  Communication is key to success.  Elevate store level issues where conflict or misunderstanding occurs.  Ensure all relevant facts are shared and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation.  Take time to ask questions to ensure understanding on all sides. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | This will minimize opportunity to have integrity questioned.  Focus on team commitments and execute in manner agreed to (or influence commitment).  Once aligned execute in accord with agreement."  This is the exact *opposite* of Plaintiff's assertion regarding his ratings.<br><br>**Plaintiff also misstates the evidence**.  Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 Annual Performance Review, 2013 Performance Review, March 30 Memo, and PIP with respect to Plaintiff's communication skills, interactions with other District Managers, and partnering with Company Operations to support training and successful operations in 2015.<br>*See* **Starbucks' Separate Statement of Uncontroverted Facts in Support** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | of Motion for Summary Judgment ("SUF") 39-43, 56-60, 96-100.<br><br>Additionally, evidence regarding achieving strong results, driving overall business, building partnerships with key decision makers, deployment focused, transfer of ownership focused, and taking on added special and important assignments, is **immaterial and irrelevant**, as Plaintiff's performance in areas other than communication and accuracy, is not in dispute.<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 2.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

6.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 877.   Ongoing from the time of his hire, Plaintiff elevated and improved the performance and results of his assigned District year-over-year, and achieved record setting goals, and earning him the status of a "model District Manager", and assignment to Defendant's prized clients (VIP Clients) throughout his employment, attributable to the high quality of his professionalism, knowledge, personality, charisma, energy and zeal, and skillful approach to people, projects and accomplishment of goals.<br><br>Dkt.53-2, River's Depo129:17-135:23; River's Dec. ¶ 23, pages 7-8 Dkt.54, Plaintiff's Dec. ¶ 4 Exhibits – 3, 4, 5 & 6 UF # 5, 7, 8 | **DISPUTED, as the evidence does not support this fact**.  Other than his self-serving declaration, none of the evidence cited supports that he earned the status of "model District Manager," or that he was assigned to Defendant's prized clients because of his professionalism, personality, charisma, energy and zeal, and skillful approach to people. ***See* Dkt. 53-2, Rivers' Depo 129:17-135:23; Rivers' Dec. ¶ 23, pages 7-8 Dkt. 54, Exhibits – 3, 4, 5 & 6; SUF 5, 7, 8.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 3.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 878. Throughout Plaintiff's employment with Defendant, Angela Rivers, Caucasian Female in the position of Regional Director, Licensed Stores, was his immediate supervisor.<br><br>Dkt.54, Plaintiff's Dec. ¶ 5<br>UF #4 | **UNDISPUTED, but misstates the evidence.** Plaintiff fails to state facts establishing Rivers is Caucasian**.** *See* **Evidentiary Objection No. 4.** |
| 879.   Rivers, a Caucasian Female, in her position as Regional Director, regularly supervised the work of between 12 to 15 District Managers during Plaintiff's tenure with Defendant.<br><br><br>Dkt.54, Plaintiff's Dec. ¶ 6 | **UNDISPUTED, but irrelevant, immaterial, and misstates the evidence.** Plaintiff fails to state facts establishing Rivers is Caucasian**.** *See* **Evidentiary Objection No. 5.** |
| 880.   The racial/ethnic compliment of District Managers supervised by Rivers were five racial minorities (three African Americans, including Plaintiff, two Hispanic, one Mexican and one Puerto Rican).<br><br><br>Rivers Dec. ¶ 5;<br>Dkt.53-2, River's Depo 46:16-52:11;<br>Dkt.54, Plaintiff's Dec. ¶ 7 | **UNDISPUTED,** that after Plaintiff was hired, three of the District Managers ("DM") on her twelve person team were African American.<br><br>**DISPUTED,** that the racial/ethnic compliment of District Managers supervised by Rivers were five racial minorities, two Hispanic, one Mexican and one Puerto Rican, because |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **UF #5** | **Plaintiff's evidence does not support his fact.** For example, Plaintiff's citation to Rivers' declaration does not include information regarding the races of her team while Briscoe was employed by Starbucks.  Furthermore, Rivers' deposition testimony cited by Plaintiff does not address the races of her entire team, and does not identify Hispanic, Mexican or Puerto Rican.<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br><br>***See*** **Evidentiary Objections Nos. 4, 6.**<br><br>However, such dispute is **immaterial** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **and irrelevant**, as Plaintiff alleges he was discriminated against on the basis of being African-American, not Hispanic, Mexican, or Puerto Rican. ***See*** **Evidentiary Objections Nos. 4, 6.** |
| 881. Plaintiff was always appraised as meeting and exceeding performance expectations before he started to pursue promotion and promotional opportunities.<br><br>Exhibits – 4, 5 & 6<br>Dkt.54, Plaintiff's Dec. ¶ 8 | **DISPUTED, as Plaintiff misstates the evidence.** Plaintiff started to pursue promotional opportunities in April 2014 when applied for the first BDM position. He was not offered the first BDM position, or the BDM position he applied for on November 8, 2014. Plaintiff's applications for the BDM position were the only "promotional opportunities" he was denied. Plaintiff was rated "Meets Expectations" on October 6, 2014. It follows, he was rated "Meets Expectations" subsequent to seeking promotional opportunities, and his fact is incorrect. **PASUF 892; SUF 12, 185, 186, 187, 188.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | However, such dispute is **immaterial and irrelevant**, as Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review period. **SUF 41, 43.**<br><br>*See* **Evidentiary Objection No. 7.** |
| 882. Plaintiff's District alone generated about one-third of all of the revenues generated in Rivers' entire Region, was far more operationally complex and diverse, and more successful than any District supervised by Rivers.<br><br>Dkt.54, Plaintiff's Dec. ¶ 9;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 6;<br>**EXHIBITS- 4, 5 & 6.** | **DISPUTED, as Plaintiff's evidence does not support this fact.** Plaintiff's citation to Ms. Nelson's declaration only references a paragraph that states at times her stores were second to Plaintiff's stores, not that Plaintiff's stores were the most successful, complex or diverse.  Additionally, notwithstanding that Ms. Maliwat's declaration is entirely inadmissible; it does not include a single statement supporting this fact.<br><br>**Further DISPUTED,** the only |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | evidence Plaintiff cites supporting this fact comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 8.** However, this fact is **immaterial and irrelevant**, because the revenues generated, operational complexity and diversity, and fiscal success of Plaintiff's stores is not at issue in this matter. *See* **Evidentiary Objections Nos. 8, 170, 178-83.** |
| 883.  Throughout his employment with Defendant, Plaintiff's exhibited high quality of professional performance, effectiveness, communications skills, personality, and successful engagement led to his selections on/for important assignments, but no promotions or promotional opportunities. | **UNDISPUTED**, that Rivers provided Plaintiff recognition and high profile opportunities to advance Plaintiff's career. **DISPUTED,** as to the remainder of this fact because the **evidence does not support this fact** and Plaintiff |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Hoenecke's Dec ¶ 3-7; Dkt.53-6, Maliwat's Dec ¶ 1-6; Dkt.53-5, Lugo's Dec ¶ 1-6; Dkt.53-4, Nelson's Dec ¶ 2-6, 11-12; Dkt.54, Plaintiff's Dec. ¶ 10; Exhibits – 5, 6 | also **misstates the evidence.** For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success.* Elevate store level |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides.* This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |
| | Additionally, Rivers can only hire within her own department and does not otherwise have authority to promote partners in other departments. **SUF 36, 129** |
| | Furthermore, this fact is contradicted |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | by the evidence and Plaintiff's own declaration that Rivers provided him "special high profile, high value, treasured projects" through his entire career. **SUF 136-144; PASUF 884-891, 1048, 1049.** <br><br> To the extent Plaintiff refers to partners who received offers for other positions at Starbucks outside of Rivers' team, Plaintiff acknowledges he either did not apply for such positions, the promotions occurred *after* he resigned from Starbucks, or the people receiving the opportunities were far senior to him at Starbucks. **SUF 133-135.** <br><br> The declarations of Nelson and Hoenecke fail to demonstrate they have knowledge about Plaintiff outside of their own perceptions. The Nelson and Hoenecke declarations |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | also do not declare as to promotions Plaintiff may or may not have been offered or received.  Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not support this fact beyond their own perception of Plaintiff.

Other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration, Plaintiff's cited evidence does not support this fact.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  **See Evidentiary Objections Nos. 9, 162, 163, 166-70, 175, 176, 178-189.** |
| 884.    Plaintiff was also tapped by Regional Director Rivers and Defendant's Management to assist with a number of Starbuck's special high profile, high value, treasured projects. | **UNDISPUTED**, that Rivers provided Plaintiff recognition and high profile opportunities to advance Plaintiff's career, **but disputed that the evidence does not support Plaintiff's fact**.  The paragraphs |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-2, River's Depo 129:17-135:23; River's Dec. ¶ 23, pages 7-8; Dkt.53-4, Nelson's Dec ¶ 2-4; Dkt.53-1, Plaintiff's Depo154:21-155:14; Dkt.54, Plaintiff's Dec. ¶ 11 Exhibits – 3, 4, 5, 6 UF # 5, 7, 8 | Plaintiff cites to in Nelson's declaration do not identify projects she felt were special, high profile, high value, treasured projects. |
| 885. Plaintiff was selected **Lead District Manager** for regional platforms in **FY12, FY13, FY14** [Coffee, Food, Score Card, & QASA] and for the "DM Approach" [Standardize format for the way a DM should conduct their job].<br><br>Dkt.53-2, River's Depo129:17-135:23; River's Dec. ¶ 23, pages 7-8 Dkt.54, Plaintiff's Dec. ¶ 12 Exhibits – 3, 4, 5, 6 UF # 5, 7, 8, and 136-144 | **UNDISPUTED,** that Rivers provided Plaintiff recognition and high profile opportunities to advance Plaintiff's career.<br><br>**DISPUTED** as to the rest of this fact **because the evidence does not support this fact and he also misstates the evidence.**<br><br>Rivers' deposition and declaration, cited by Plaintiff do not support this fact. Plaintiff was appointed as Operating Plan Pillar Lead for various platforms; however, he was not selected as "Lead District Manager." Plaintiff was selected to support the |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | DM Approach.  The evidence does not support the DM Approach is the "standardize format for the way a DM should conduct their job." **Dkt. 54, Plaintiff's Dec., Exhibits – 5, 6**<br><br>The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 11.**<br><br>However, this fact is **immaterial and irrelevant**, because Starbucks does not dispute that Rivers provided Plaintiff recognition and high profile opportunities to advance Plaintiff's career. |
| 886.    Plaintiff's high quality professional performance, effectiveness, communication skills,    personality,    and    successful | **UNDISPUTED,** that Plaintiff was appointed by Rivers to the Disney Star Team in 2011 and 2012. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| operational engagement led to his **Appointment to the Disney Star Team 2011 and 2012.**<br><br>Dkt.54, Plaintiff's Dec. ¶ 13<br>Exhibits – 3, 4, 5, 6<br>UF # 136 AND 137 | **DISPUTED** that Plaintiff's communication skills led to his appointment **because the evidence does not support this fact and he also misstates the evidence.**<br><br>For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships."<br>**SUF 40, 41.**<br><br>For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success.* Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides.* This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42. 43.** <br><br> Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 2013 review periods. **SUF 41, 43.** The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 12.** |
| 887.    Plaintiff's high quality professional performance, effectiveness, communication skills,  personality,  and  successful operational  engagement  led  to  his **Appointment to the Area Playbook Lead in 2012 and 2013.** Dkt.54, Plaintiff's Dec. ¶ 14  Exhibits – 3, 4, 5, 6 River's Dec. ¶ 23, pages 7-8 | **UNDISPUTED,** that Rivers appointed Plaintiff as Area Playbook Lead in 2012 and 2013. **DISPUTED** that Plaintiff's communication skills led to his appointment **because the evidence does not support this fact and he also misstates the evidence.** For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success.* Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | to fully understand situation. *Take time to ask questions to ensure understanding on all sides.* This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |
| | Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review periods. **SUF 41, 43.** |
| | The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *See* **Evidentiary Objections Nos. 13, 156.** |
| 888.   Plaintiff's high quality professional performance, effectiveness, communication skills, personality, and successful operational engagement led to his **Nomination as District Manager of the Quarter in 2012 and 2013.**<br><br>Dkt.54, Plaintiff's Dec. ¶ 15<br>Exhibits – 3, 4, 5, 6;<br>UF # 138 and 139<br>River's Dec. ¶ 23, pages 7-8 | **UNDISPUTED,** that Rivers nominated Plaintiff as District Manager of the Quarter in 2012 and 2013.<br><br>**DISPUTED** that Plaintiff's communication skills led to his appointment **because the evidence does not support this fact and he also misstates the evidence.**<br><br>For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships."<br>**SUF 40, 41.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood.  Communication is key to success*.  Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides*.  This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | agreement. **SUF 42.** Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review periods. **SUF 41, 43.** The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence *See* **Evidentiary Objections No. 14, 156.** |
| 889.   Plaintiff's high quality professional performance, effectiveness, communication skills, personality, and successful operational engagement led to his **Appointment as Annual Operating Plan Pillar Lead in 2014.** | **UNDISPUTED,** that Rivers appointed Plaintiff as Annual Operating Plan Pillar Lead in 2014. **DISPUTED** that Plaintiff's communication skills led to his appointment **because the evidence** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| River's Dec. ¶ 23, pages 7-8 Dkt.53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; UF # 140 Dkt. 54, Plaintiff's Dec. ¶ 16 Exhibits – 3, 4, 5, 6 | **does not support this fact and he also misstates the evidence.** For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication* |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | *is key to success.*  Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides.*  This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |
| | Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review periods. **SUF 41, 43.** |
| | The only evidence supporting the fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 15, 156.** |
| 890.    Plaintiff's high quality professional performance, effectiveness, communication skills,    personality,    and    successful operational   engagement   led   to   his **Selection to Highlight and Tour on of [sic]  His  Locations  with  the  United States Leadership Team, 2014.**  River's Dec. ¶ 23, pages 7-8 Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; UF # 141 Dkt. 54, Plaintiff's Dec. ¶ 17 Exhibits – 3, 4, 5, 6 | **UNDISPUTED,** that Rivers selected Plaintiff to highlight and tour one of his locations with the United States Leadership team in 2014.  **DISPUTED** that Plaintiff's communication skills led to his appointment **because the evidence does not support this fact and he also misstates the evidence.**  For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
|  | adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** <br><br> For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood.  Communication is key to success*.  Elevate store level issues where conflict or misunderstanding occurs.  *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation.  *Take time to ask questions to ensure understanding on all sides*.  This will |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** <br><br> Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review periods. **SUF 41, 43.** <br><br> The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 16, 156.** |
| 891.   Special Leadership assignments and selection of Plaintiff for very special and | **UNDISPUTED,** that Rivers provided Plaintiff recognition and high profile |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

31.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| high profile roles and facilities, showed Defendant's acknowledgement of the excellence of Plaintiff's performance.<br><br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; Dkt. 53-4, Dkt. 53-4, Nelson's Dec ¶ 2-4; Dkt. 53-6, Maliwat's Dec ¶ 1-6; Dkt. 53-5, Lugo's Dec ¶ 1-6; Exhibits-5,6; Dkt. 54, Plaintiff's Dec. ¶ 18 | opportunities to advance Plaintiff's career.<br><br>**DISPUTED** that Starbucks acknowledged that Plaintiff's performance was excellent **because the evidence does not support this fact and he also misstates the evidence.**<br><br>For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships."<br>**SUF 40, 41.**<br><br>For the 2013 review period, Rivers rated Mr. Briscoe "Meets |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success.* Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides.* This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review periods. **SUF 41, 43.** In addition to Plaintiff's annual reviews, Plaintiff was consistently provided feedback regarding his communication issues and other performance deficiencies, including being issued the March 30 Memo and the PIP. **SUF 37-52, 56-58, 61-69, 76-77, 96, 100.** The declarations of Nelson and Hoenecke fail to demonstrate they have knowledge about Plaintiff outside of their own perceptions.  The Nelson and Hoenecke declarations also do not declare as to the *reason* why Rivers provided Plaintiff with the advancement recognition and/or |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

34.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | opportunities – nor can they. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not support this fact beyond their own perception of Plaintiff.  Ms. Maliwat and Ms. Lugo also do not have any knowledge about the reasons why Rivers provided Plaintiff with any opportunities. <br><br> Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 17, 166-69, 178-88.** |
| 892.   In   April   of   2014,   Plaintiff's observation and conclusion, based on the nature and importance of very special assignments given to him, was that Rivers | **UNDISPUTED**, that in April 2014, Plaintiff applied for the BDM position. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| and Defendant seemed to recognize the high quality of his professional performance, and Plaintiff started to pursue promotion and promotional opportunities with Defendant.<br><br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; Exhibits 5, 6, 7,8, 9; Dkt. 54, Plaintiff's Dec. ¶ 19 | **The rest of this fact is DISPUTED, as Plaintiff misstates the evidence, and it is IRRELEVANT, and IMMATERIAL.**<br><br>For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.**<br><br>For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | respond. *Ensure you both understand and are understood. Communication is key to success.* Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides.* This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |
| | Plaintiff acknowledges that he does not disagree with anything Rivers put in his evaluation for the 2012 and 2013 review periods. **SUF 41, 43.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | In addition to Plaintiff's annual reviews, Plaintiff was consistently provided feedback regarding his communication issues and other performance deficiencies, including being issued the March 30 Memo and the PIP. **SUF 37-52, 56-58, 61-69, 76-77, 96, 100,** Additionally, Plaintiff's comments about his beliefs about his performance are **irrelevant** and **immaterial**, in that they fail to provide fact. Furthermore, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration and deposition testimony, Plaintiff's cited evidence does not support this fact. However, Plaintiff cannot create a disputed fact by manufacturing |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | conflicting evidence.<br><br>***See* Evidentiary Objection No. 18.** |
| 893.   As background, Defendant's District Managers were of two separate and distinct types:<br><br>**License Store District Manager** (who supported non-Company owned stores), and,<br><br>**Company Store District Manager** (those who managed stores owned by Starbucks).   Rivers was a **Regional Director** for **Licensed Stores ONLY**.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 20 | **UNDISPUTED,** but **irrelevant** and **immaterial** to Plaintiff's claims since Plaintiff was a Licensed Store District Manager, never applied for a position as a Company Store District Manager, and Rivers position and its scope is not at issue in this lawsuit. **SUF 3, 133-134.** |
| 894.   **Company   Store   Operations employees** (including **Company Store District Managers**), tended to receive preference over **Licensed Store Operations   employees   (including Licensed   Store   District   Managers)** relative to internal promotions with Defendant.<br><br>Dkt. 54, Plaintiff's Dec. ¶21; | **DISPUTED, as Plaintiff's misstates the evidence.**<br><br>The portion of Rivers' deposition cited by Plaintiff does not in any way discuss what promotional opportunities are available to Company Store Operations employees as opposed to Licensed Store Operations employees.  Nor does Rivers testify that preference is |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-2, River's Depo 57:7-23. | given to one versus the other. **Dkt. 53-2, Rivers' Depo 57:7-23.** However, such fact, even if true, is **irrelevant and immaterial**, since Plaintiff never applied for a position as a Company Store District Manager. **SUF 133-134.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. *See* **Evidentiary Objection No. 20.** |
| 895.   Rivers   testified   that   it   was   a "promotion" for one to move from a "Licensed  Store  District  Manager"  to  a "Company Store District Manager". Dkt. 53-2, River's Depo 57:7- 23; Dkt. 54, Plaintiff's Dec. ¶22; | **DISPUTED, as Plaintiff's misstates the evidence.** Most DMs on Rivers' team had a Personal Development Plan outlining their respective goals and aspirations at Starbucks, and strategies for obtaining such goals. **SUF 70.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Rivers testified that with respect to a particular Starbucks partner she would "call" that partner's move to the Company Store District Manager position  a promotion "because it's part of [that partner's] career *development plan***"** and provided her opportunities to work with different people, build her skill set, and further grow within Starbucks. **Dkt. 53-2, Rivers' Depo 57:7-23 (emphasis added); SUF 215.**<br><br>However, such fact, even if true, is **irrelevant and immaterial**, since Plaintiff never applied for a position as a Company Store District Manager. **SUF 133-134.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | support this fact. *See* **Evidentiary Objection No. 21.** |
| 896.   Rivers **assisted and supported Licensed Store District Managers** Kevin Dockery, Matt Scruggs, Deanna Pusatier, Ashley Larsen, Barbra Holdgrapher (Yager) and Jed Brady, <u>with career development and promotional advancement</u> by helping them to move into **Company Operations and other various positions for promotions and enhanced promotional opportunities**.<br><br> Dkt. 53-2, River's Depo 46:16-52:11; 97:6-8; 97:25-98:6; 99:23-100:15; Dkt. 53-4, Nelson's Dec ¶ 7-8; Dkt. 54, Plaintiff's Dec. ¶ 23 | **UNDISPUTED,** that Rivers provided Kevin Dockery, Matt Scruggs, Deanna Pusatier, Ashley Larson, Barbra Holdgrafer and Jed Brady with career development opportunities, and supported their development to pursue other Starbucks roles.<br><br>**Otherwise, DISPUTED, as Plaintiff misstates the evidence.**<br><br>Rivers can only hire within her own department and does not otherwise have authority to promote partners. **SUF 36, 129.**<br><br>Rivers supported Leah Bernard's development to for the position of District Manager of Company Stores. **Dkt. 53-2, Rivers' Depo. At 46:16-47:7.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Furthermore, Plaintiff was also provided considerable recognition and opportunities through his up to his resignation. **SUF136-144; PASUF884-891, 1048, 1049.** However, such fact, even if true, is **irrelevant and immaterial**, Plaintiff acknowledges he either did not apply for such positions, the promotions occurred *after* he resigned from Starbucks, or the people receiving the opportunities were far senior to him at Starbucks. **SUF 133-135.** Additionally, other than Plaintiff's and Nelson's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. *See* **Evidentiary Objection No. 22,** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 171-72. |
| 897.    Kevin Dockery, Matt Scruggs, Deanna Pusatier, Asley Larsen, Barbra Holdgrapher (Yager) and Jed Brady are all Caucasians.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 24<br>Dkt. 53-2, River's Depo 46:16-52:11; 97:6-8; 97:25-98:6; 99:23-100:15;<br>Dkt. 53-4, Nelson's Dec ¶ 8. | **DISPUTED**, as Plaintiff **misstates testimony**.<br><br>Rivers does not testify that Kevin Dockery, Matt Scruggs, Deanna Pusatier, Asley Larson, Barbra Holdgrafer (Yager) and Jed Brady are all Caucasians. **Dkt. 53-2, Rivers' Depo 46:16-52:11; 97:6-8; 97:25-98:6; 99:23-100:15.**<br><br>Additionally, other than Plaintiff's and Nelson's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. ***See* Evidentiary Objection No. 23, 172.** |
| 898.    None of the Caucasian District Managers whom Rivers assisted with development and promotional opportunities (Kevin Dockery, Matt Scruggs, Asley | **DISPUTED,** the only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

44.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Larsen, Deanna Pusatier, Barbra Holdgrapher (Yager) or Jed Brady, was Plaintiff's performance equal based on objective measurements used by Defendant.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 25 | disputed fact by manufacturing conflicting evidence.<br>***See* Evidentiary Objection No. 24.** |
| 899.   Rivers never assisted any African American or other racial minority promote or move from the License Operation side of the business to the Company Operations side of the business to enhance their promotional opportunities, during Plaintiff's tenure.<br><br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19;<br>Dkt. 53-2, River's Depo 46:16-52:11; 97:6-8; 97:25-98:6; 99:23-100:15;<br>Dkt. 53-4, Nelson's Dec ¶ 2-8;<br>Dkt. 54, Plaintiff's Dec. ¶ 26 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Rivers can only hire within her own department and does not otherwise have authority to promote partners in other departments.<br>**SUF 36, 129.**<br><br>Furthermore, this fact is contradicted by the evidence and Plaintiff's own declaration that Rivers provided him "special high profile, high value, treasured projects" through his entire career.<br>**SUF 136-144; PASUF 884-891, 1048, 1049.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | However, such fact, even if true, is **irrelevant and immaterial**, Plaintiff acknowledges he either did not apply for such positions, the promotions occurred *after* he resigned from Starbucks, or the people receiving the opportunities were far senior to him at Starbucks. **SUF 133-135.** Other than Plaintiff's and Nelson's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 25, 166-72.** |
| 900.   At her Deposition, Rivers lied, testifying that she hired and promoted Kira Bracero, an African American female who was   actually   hired   on   the   Company | **DISPUTED, as Plaintiff misstates the evidence.** Rivers testified that she "*partnered with her, director and company-* |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

46.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Operations side of Starbucks, for which Rivers had no authority.<br><br>Dkt. 53-2, River's Depo 16:4-19; 44:6-46:9; 56:11-12, 17-22; 86:5-20<br>Dkt. 54, Plaintiff's Dec. ¶ 27<br>UMF-129 | *operated*, after interviewing and selecting Kira for the role. And we decided together that she would be offered a permanent promotion, not a temporary promotion."   This position was offered to her after Ms. Bracero had been promoted by Rivers to a time limited assignment on her team from store manager to district manager.<br>**Dkt. 53-2, Rivers' Depo. 45:4-46:9 (emphasis added), 90:8-91:14.**<br><br>Plaintiff's testimony that she was not the hiring manager for the Company Operated position, and declaration that she does not have hiring authority outside of her department does not contradict her testimony about hiring Ms. Bracero for the time limited assignment on her team, and partnering with the company-operated regional director to offer Ms. Bracero the role on the Company Operated |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | team.<br><br>However, such fact, even if true, is **irrelevant and immaterial**, since Plaintiff never applied for a position as a Company Store District Manager. **SUF 133-134.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.<br>*See* **Evidentiary Objection No. 26.** |
| 901. Kira Bracero (Puerto Rican) was actually hired as a **Company Store District Manager** by Alfredo Mendoza, Regional Director for Company Operations.<br><br>Dkt. 53-2, River's Depo 86:5-20;16:4-19; 44:6-46:9; 56:11-12, 17-22; | **UNDISPUTED** that Rivers was not the hiring manager.<br><br>**Otherwise, DISPUTED, as Plaintiff misstates the evidence.**<br><br>Rivers testified that she did not know Ms. Bracero's race**.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| UMF-129<br>Dkt. 54, Plaintiff's Dec. ¶ 28 | **Starbucks' Supplemental Evidence,[1] Second Declaration of Jyoti Mittal Decl. ¶ 4, Ex. B at 15:4-20; 80:15-25.**<br><br>Rivers testified that she "*partnered with her, director and company-operated*, after interviewing and selecting Kira for the role. And we decided together that she would be offered a permanent promotion, not a temporary promotion." **Dkt. 53-2, Rivers' Depo. 45:4- (emphasis added), 90:8-91:14.**<br><br>Rivers testimony that she was not the hiring manager for the Company Operated position, and declaration that she does not have hiring authority outside of her department does not contradict her testimony about hiring Ms. Bracero for the time limited |

---

[1] Any time Starbucks cites to evidence that is being submitted on reply as supplemental evidence, it is cited to "Starbucks' Supplemental Evidence."

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | assignment on her team.  Nor does Rivers' testimony contradict that she and partnered with the company-operated regional director to offer Ms. Bracero the role on the Company Operated team.<br><br>However, such fact, even if true, is **irrelevant and immaterial**, since Plaintiff never applied for a position as a Company Store District Manager. **SUF 133-134.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. *See* **Evidentiary Objection No. 27.** |
| 902. As a **Licensed Store Regional Director**, Rivers was never a Hiring Manager for any of the **Company Store District Manager** positions. | **UNDISPUTED**, but **irrelevant** and **immaterial**, as Plaintiff never applied for a position as a Company Store District Manager. **SUF 133-134.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-2, River's Depo 89:8-91:14; 86:5-20<br><br>Dkt. 54, Plaintiff's Dec. ¶ 29<br><br>UMF-129 | |
| 903.  Bracero was hired to be a **Company Store District Manager** by Alfredo Mendoza, Regional Director, when a temporary vacancy occurred on Rivers' Team due to a 6-month "Coffee Break" taken by License Store District Manager Donna Hernandez (Caucasian).<br><br>Dkt. 53-2, River's Depo 89:8-91:14; 86:5-20<br><br>Dkt. 54, Plaintiff's Dec. ¶ 30 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Rivers' testimony is that she hired Bracero for a time limited assignment on her team as a Licensed Store District Manager**.**  Subsequently, Rivers testified that she "*partnered with her, director and company-operated*, after interviewing and selecting Kira for the role. And we decided together that she would be offered a permanent promotion" on the  Company Operated team, rather than the temporary promotion.<br>**53-2, Rivers' Depo. 45:4-(emphasis added), 16:4-19; 44:6-46:9; 56:11-12, 17-22; 86:5-20, 90:8-91:14.**<br><br>However, such fact, even if true, is |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **irrelevant and immaterial**, since Plaintiff never applied for a position as a Company Store District Manager. **SUF 133-134.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. *See* **Evidentiary Objection No. 28.** |
| 904.   Defendant made no claim of issue or problem with Plaintiff's performance before Plaintiff began to pursue career advancement through promotions. Dkt. 54, Plaintiff's Dec. ¶ 31; Dkt. 53-1, Plaintiff's Depo142:3-21; 214:21-215:14; Exhibits – 3, 4, 5 & 6 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  For example, Plaintiffs cites to the 2012 Annual Performance Review which specifically identified the following performance improvement opportunities: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | This is the exact *opposite* of Plaintiff's assertion regarding his performance. **SUF 40, 41.** **Plaintiff also misstates the evidence**. Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 Annual Performance Review, and 2013 Performance Review. *See* **SUF 39-43, 56-60, 96-100.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 30, 156.** |
| 905.  After Plaintiff began to pursue promotions, Defendant, through Rivers, | **UNDISPUTED** to the extent that Starbucks continued coaching |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

53.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| suddenly had issues and problems with Plaintiff's performance.<br><br>Exhibits – 7, 8, & 9;<br>Dkt. 53-1, Plaintiff's Depo142:3-21; 214:21-215:14;<br>Dkt. 54, Plaintiff's Dec. ¶ 32 | Plaintiff regarding his ongoing performance deficiencies after he applied for the BDM position in April 2014.<br><br>**DISPUTED, as Plaintiff's evidence does not support his fact** with respect his conclusion that Starbucks "suddenly" "had issues and problems" with Plaintiff's performance after he applied for the BDM positions.<br><br>For example, Plaintiffs cites to the 2012 Annual Performance Review which specifically identified the following performance improvement opportunities: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | This is the exact *opposite* of Plaintiff's assertion regarding his performance. **SUF 40, 41.** **Plaintiff also misstates the evidence.** Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 Annual Performance Review, and 2013 Performance Review. *See* **SUF 39-43, 56-60, 96-100.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 31.** |
| 906.    Around April 27th, 2014, with the support and recommendation of Karl W. Hoenecke (a Business Development | **UNDISPUTED,** but this fact is **immaterial and irrelevant** as to Mr. Hoenecke's knowledge of job duties |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Manager who knew and performed the job duties and responsibilities of the BDM job), Plaintiff applied for a BDM position with the Starbucks' Branded Solutions Department.<br><br>Exhibits – 7, 8 & 9;<br>Dkt. 53-3, Hoenecke's Dec ¶ 7;<br>Dkt. 54, Plaintiff's Dec. ¶ 33;<br>UF # 12 | and responsibilities of a BDM. |
| 907.    The Business Development Manager position would be responsible for contributing to Starbuck's success by achieving sales and profit objectives for new and existing food stores by representing the coffee continuum within a geographic territory.<br><br>Exhibit- 9;<br>Dkt. 53-3, Hoenecke's Dec ¶ 7;<br>Dkt. 54, Plaintiff's Dec. ¶ 34 | **DISPUTED as Plaintiff misstates the evidence**.<br>Mr. Hoenecke's declaration, cited by Plaintiff, simply states he believed Plaintiff would be a good candidate for the position, and does not discuss in any way the specific job duties of a BDM.<br><br>Other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  However, Plaintiff |

LITTLER MENDELSON, P.C.<br>633 West 5th Street<br>63rd Floor<br>Los Angeles, CA 90071<br>213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | cannot create a disputed fact by manufacturing conflicting evidence. |
| 908.   Plaintiff just knew that this position was perfect for him, as he was already Manager of the District that was producing one/third of all of the revenues generated by Rivers' entire Region (which usually had 9 to 11 other District Managers), and his evaluations noted that he had successfully taken on leadership roles that teach and assist other District Managers, had established excellent relationships with District Managers, Regional Managers, Store Managers and others, and had been tapped for a number of important leadership roles such and the Disney Go Team.

Dkt. 54, Plaintiff's Dec. ¶ 35; River's Dec. ¶ 23, pages 7-8; Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; Dkt. 53-3, Hoenecke's Dec ¶ 3-7; | **UNDISPUTED,** that Rivers provided Plaintiff opportunities for professional development and advancement.

**DISPUTED,** as to the remainder of this fact **because the evidence does not support this fact and Plaintiff also misstates the evidence.**

For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships."
**SUF 40, 41.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-6, Maliwat's Dec ¶ 1-6; Dkt. 53-5, Lugo's Dec ¶ 1-6; Exhibits – 3, 4, 5, 6 | For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success.* Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides.* This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | agreement. **SUF 42.** Additionally, this fact is **irrelevant and immaterial**, because Plaintiff's claims of discrimination arise solely out of Rivers' alleged improper conduct. Rivers had no role in hiring for the BDM position. There are no allegations of misconduct against Warmke, the hiring manager for the BDM positions. **SUF 12-13, 21, 26-28, 31, 33, 36, 123.** Plaintiff's citation to Ms. Maliwat's and Ms. Lugo's declarations is entirely inadmissible; they have no knowledge regarding the qualifications and job responsibilities of a BDM, and do not include a single statement supporting this fact. Nor does Plaintiff's citation to Mr. Hoenecke's declaration support this |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | fact.<br><br>This fact is also **irrelevant** as Plaintiff's belief about himself has no bearing on the *facts* and whether he was qualified for the position.<br><br>Further, Plaintiff has no idea whether the BDM position was perfect for him. Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory declaration and testimony in support of this fact. ***See* Evidentiary Objections Nos. 33, 156, 162, 163, 178-89.** |
| 909.    Plaintiff was fully qualified for this position.<br><br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4;<br>Dkt. 53-3, Hoenecke's Dec ¶ 7;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br>Dkt. 53-4, Nelson's Dec ¶ 2-8;<br>River's Dec. ¶ 23, pages 7-8; | **DISPUTED, because the evidence does not support this fact and Plaintiff also misstates the evidence.**<br><br>The evidence establishes that Plaintiff's interviewers did not think he was qualified for the BDM position.<br>**SUF 15, 16, 18, 19, 24, 25.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

60.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Exhibits – 1, 3, 4, 5, 6, 7, 8 & 9; Dkt. 54, Plaintiff's Dec. ¶ 36; | Additionally, this fact is **irrelevant and immaterial**, because Plaintiff's claims of discrimination arise solely out of Rivers' alleged improper conduct.  Rivers had no role in hiring for the BDM position.  There are no allegations of misconduct against Warmke, the hiring manager for the BDM positions. **SUF 12-13, 21, 26-28, 31, 33, 36, 123.**<br><br>Plaintiff's citation to Ms. Lugo's declaration is entirely inadmissible; she has no knowledge regarding the qualifications and job responsibilities of a BDM, and does not include a single statement supporting this fact.<br><br>Nor does Plaintiff's citation to Mr. Hoenecke's declaration support this fact.  Mr. Hoenecke recommended him for the position, but does not |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | declare that he was qualified.  Nor does Mr. Hoenecke declare that has knowledge or is responsible for hiring in his department. |
| | This fact is also **irrelevant** as Plaintiff's belief about himself has no bearing on the *facts* and whether he was qualified for the position. |
| | Further, Plaintiff has no idea whether he was qualified for the BDM position.  Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. ***See* Evidentiary Objections Nos. 34, 156, 163, 166-72, 184-89.** |
| 910.    Plaintiff was denied the position of Business Development Manager.<br><br>Exhibits – 7, 8 & 9;<br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; | **UNDISPUTED,** that Plaintiff was not offered the BDM position**.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| Dkt. 54, Plaintiff's Dec. ¶ 37 | |
| 911.    Plaintiff was equally or better qualified than the person who was awarded the position (Mike Steed).<br><br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; River's Dec. ¶ 23, pages 7-8; Exhibits – 1, 3, 4, 5, 6, 7, 8 & 9; Dkt. 54, Plaintiff's Dec. ¶ 38; | **DISPUTED, because the evidence does not support this fact and Plaintiff also misstates the evidence.**<br><br>The evidence establishes that Plaintiff's interviewers did not think he was qualified for the BDM position.  Therefore, Plaintiff was not equal or better than the person awarded the position. **SUF 15, 16, 18, 19, 24, 25.**<br><br>The awards, development and advancement opportunities Rivers provided Plaintiff are **irrelevant and immaterial** to his interview in a different department.<br><br>Additionally,  this fact is **irrelevant and immaterial**, because Plaintiff's |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | claims of discrimination arise solely out of Rivers' alleged improper conduct.  Rivers had no role in hiring for the BDM position.  There are no allegations of misconduct against Warmke, the hiring manager for the BDM positions. **SUF 12-13, 21, 26-28, 31, 33, 36, 123.** <br><br> This fact is also **irrelevant** as Plaintiff's belief about himself has no bearing on the *facts* and whether he was better qualified for the position. <br><br> Further, Plaintiff has no idea whether he was better qualified for the BDM position.  Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. *See* **Evidentiary Objections Nos. 35, 156.** |
| 912.   Rivers told higher management that | **DISPUTED, as misstates the** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Plaintiff was a candidate for the BDM position before he interviewed, but she provided Plaintiff no assistance or Feedback relative to his pursuit of the BDM promotion (despite Plaintiff's request for feedback assistance).<br><br>Dkt. 54, Plaintiff's Dec. ¶ 39<br> UF # 13<br>**EXHIBIT - 10** | **evidence.**<br><br>For example, Plaintiff's declaration contradicts his April 27, 2014, email to Rivers, stating: "*I sincerely appreciate our discussions last week, and that I feel valued on our team, and the support you have provided for partner(s) career development.*  I wanted to share with you, that I have applied for the opportunity with Branded Solution for the open role of Business Development Manager in Los Angeles.  I *also took your advice and reached out to other partners regarding Branded Solutions, which was very valuable.*"<br>**SUF 13** (italics added, underline in original)**.**<br><br>In fact, on June 26, 2014, Rivers and Rogers met with Plaintiff specifically to provide him feedback from his BDM interviews and discuss |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | developing skills to obtain the position in the future. **SUF 72.** Rivers and Rogers continued to provide Plaintiff feedback regarding the position. **SUF 13, 23, 24, 72-74.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 36.** |
| 913. In response to Plaintiff's, an African American, pursuit of fairness in promotions and promotional opportunities, Rivers started making attacks on Plaintiff's performance. Exhibit-30 and 26; AMF #931-933; 952-955; 981; and 1032-1042; | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.** Whether conduct is or was motivated by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

66.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 54, Plaintiff's Dec. ¶ 40;<br><br>Dkt. 53-4, Nelson's Dec ¶ 2-13 | Rivers provided Plaintiff feedback regarding his performance before he applied for the BDM positions.  For example, the 2012 Annual Performance Review which specifically identified the following performance improvement opportunities: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships."  This is the exact *opposite* of Plaintiff's assertion regarding his performance.  **SUF 40, 41**.<br><br>**Plaintiff also misstates the evidence**.  Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Annual Performance Review, and 2013 Performance Review. *See* **SUF 39-43, 56-60, 96-100.**<br><br>Plaintiff's statement also **conflicts with his deposition testimony** that he "do[esn't] know why things changed . . . I asked that question myself and couldn't get an understanding why I started getting this treatment.  So I don't know why."<br>*D'Amico v. Bd. of Medical Examiners*, **11 Cal.3d 1, 22 (1974); SUF 124, 125.**<br><br>Additionally, Plaintiff's evidence does not support his "fact."   Plaintiff's declaration is comprised of his opinion that Rivers treatment of him changed after he applied for the BDM positions.   Nelson's declaration states her opinion that Rivers has discriminated from her during her |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | entire time on Rivers' team, and does not declare that treatment of her was a result of Nelson applying for a different position.  Further, Nelson does not declare whatsoever as to whether Plaintiff applied for the BDM positions, whether he received them, or whether she has personal knowledge that Rivers' conduct toward Plaintiff changed after the application.  None of Plaintiff's evidence indicates that Rivers conduct towards him changed after he applied for the BDM positions.  Plaintiff and Nelson's evidence is inadmissible opinion evidence and lacks foundation. *See* **Evidentiary Objections Nos. 36, 166-77.** |
| 914.    Pursuant to Defendant's policies, employees (including District Managers) who were the subject of a **Performance Improvement Plan (PIP)**, were not eligible   for   promotional   opportunities | **UNDISPUTED,** but **irrelevant** and **immaterial**, as Plaintiff's PIP was suspended as soon as he complained and requested an independent investigation and he was not seeking |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| within the Company.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 41;<br>Dkt. 53-4, Nelson's Dec ¶ 8 – 11. | opportunities within the company for the six days it was in effect.<br>**SUF 12, 32,100, 107-108.** |
| 915.    Rivers mode of operation was to injure minorities by making false performance claims against them and placing on PIPs (Performance Improvement Plans).<br><br>Dkt. 54, Plaintiff's Dec. ¶ 42<br>Dkt. 53-4, Nelson's Dec ¶ 6 – 11 and 13; | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.**<br><br>Whether conduct is or was motivated by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Additionally, Plaintiff's evidence does not support his "fact."  Plaintiff's declaration is comprised of his opinion Rivers improperly issued PIP. Nelson's declaration, likewise, states her opinion that Rivers improperly issues PIPs.  None of Plaintiff's evidence indicates that Rivers improperly issued PIPs.  Plaintiff and Nelson's evidence is inadmissible |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | opinion evidence and lacks foundation.<br><br>*See* **Evidentiary Objections Nos. 38, 170-75, 177.** |
| 916.   Of the five racial minorities assigned to Rivers, four have stated that Rivers has a problem in her treatment of minorities (Leslie Nelson, Leah Bernard, Erica Hernandez and Plaintiff).<br><br>Dkt. 54, Plaintiff's Dec. ¶ 43;<br>Dkt. 53-4, Nelson's Dec ¶ 6 – 11 and 13. | **DISPUTED, as evidence does not support his fact and misstates evidence.**<br><br>Plaintiff's contention that four of five racial minorities assigned to Rivers have stated that she has a problem in her treatment of minorities is completely false, and he does not cite to any evidence to support this other than his own self-serving declaration, and that of Nelson, which consist of inadmissible speculation. |
| 917.   Plaintiff was the sole African American male License Store District Manager employed by Defendant in the State California.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 44 | **DISPUTED.** The only evidence supporting this fact comes from Plaintiff's own self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 40.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 918. Of the five racial minorities assigned to Rivers, three have filed internal and/or external complaints against Rivers (and/or against Defendant) because of Rivers' treatment of them as minorities (Leslie Nelson, Erica Hernandez and Plaintiff).<br><br>Dkt. 54, Plaintiff's Dec. ¶ 45<br>Dkt. 53-4, Nelson's Dec ¶ 2 -11 and 13. | **DISPUTED, as evidence does not support his fact and misstates evidence.**<br><br>Plaintiff's contention that four of five racial minorities assigned to Rivers have stated that she has a problem in her treatment of minorities is completely false, and he does not cite to any evidence to support this other than his own self-serving declaration, and that of Nelson, which consist of inadmissible speculation. ***See* Evidentiary Objections Nos. 41, 166-75, 177.** |
| 919. Leslie Nelson, a current employee, has filed internal complaints alleging race discrimination and retaliation because of the actions and conduct of Rivers.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 46<br>Dkt. 53-4, Nelson's Dec ¶ 2 – 11 and 13; | **This fact is DISPUTED, immaterial, and irrelevant.**<br><br>Plaintiff's attempt to rely on Nelson's declaration as "me too" evidence is **irrelevant** and **immaterial** to Plaintiff's claims because Nelson alleges that Rivers always discriminated against her, not as a |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | result of her seeking a different position.

Furthermore, Plaintiff **misstates** the declaration she cites in support of this fact.  Nelson declares, "After complaining to the HR department about Rivers unfair and arbitrary decision to place me on another PIP, Starbucks HR reversed her decision, finding there was no basis to place me on a PIP."

**Dkt. 53-4, Nelson's Dec ¶ 10.**

   Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted.

*See* **Evidentiary Objections Nos. 42.**

The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | create a disputed fact by manufacturing conflicting evidence. *See* Evidentiary Objections Nos. 42, 166-75, 177. |
| 920.   Erica Hernandez, has filed a lawsuit against Defendant citing the actions and conduct by Rivers as unfair and discriminatory.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 47 | **This fact is DISPUTED, immaterial, and irrelevant.**<br><br>Plaintiff's attempt to rely on the declared existence of a lawsuit, as "me too" evidence is **irrelevant** and **immaterial** to Plaintiff's claims because there is no indication of whether the claims in the alleged lawsuit relate to this matter in any way.<br><br>Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted.<br><br>The only evidence supporting this fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

74.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 43.** |
| 921.   Rivers placed Leslie Nelson on an initial PIP at a time when Nelson was seeking promotional opportunities and career advancement with Defendant.<br><br> Dkt. 53-4, Nelson's Dec ¶ 6 – 11 and 13; Dkt. 54, Plaintiff's Dec. ¶ 48 | **This fact is DISPUTED, immaterial, and irrelevant.**<br><br>Plaintiff's attempt to rely on Nelson's declaration as "me too" evidence is **irrelevant** and **immaterial** to Plaintiff's claims because Nelson alleges that Rivers always discriminated against her, not as a result of her seeking a different position.<br><br>Furthermore, Plaintiff **misstates** the declaration she cites in support of this fact.  Nelson declares Rivers issued her the PIP, "to arbitrarily undermine my stellar work history with Starbucks."  Nelson does not declare that Rivers alleged improper conduct |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

75.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | started after she sought a promotion. **Dkt.** **Nelson's Dec ¶ 9.** |
| | Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted. **See Evidentiary Objection No. 44.** |
| | The only evidence supporting this fact comes from Plaintiff's declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. **See Evidentiary Objection No. 44, 170-75, 177.** |
| 922.  Nelson declared Rivers' PIP was discriminatory and an intentional block to her advancement efforts, but Nelson worked through the PIP successfully.<br><br>Dkt. 53-4, Nelson's Dec ¶ 6 – 11 and 13; | **UNDISPUTED, but immaterial and irrelevant.**<br><br>Plaintiff's attempt to rely on Nelson's declaration as "me too" evidence is **irrelevant** and **immaterial** to |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 54, Plaintiff's Dec. ¶ 49 | Plaintiff's claims because Nelson alleges that Rivers always discriminated against her, not as a result of her seeking a different position.<br><br>Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted.<br>*See* **Evidentiary Objections Nos. 45, 170-75, 177.** |
| 923.      Rivers then attempted to place Nelson on a second PIP supported by false claims.<br><br> Dkt. 53-4, Nelson's Dec ¶ 9 and 10; Dkt. 54, Plaintiff's Dec. ¶ 50 | **This fact is DISPUTED, immaterial, irrelevant, contains ARGUMENT.** Whether the claims were false calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Additionally, Plaintiff's evidence does not support his "fact."  Plaintiff's declaration is comprised of his opinion |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | that Rivers supported Nelson's second PIP with false claims.  Nelson's declaration, likewise, states her opinion that PIP to her was arbitrary. None of Plaintiff's evidence indicates that Rivers claims regarding Nelson's work performance were false. Plaintiff's and Nelson's evidence is inadmissible opinion evidence and lacks foundation.<br><br>Plaintiff's attempt to rely on Nelson's declaration as "me too" evidence is **irrelevant** and **immaterial** to Plaintiff's claims because Nelson alleges that Rivers always discriminated against her, not as a result of her seeking a different position.<br><br>Furthermore, Plaintiff **misstates** the declaration he cites in support of this fact.  Nelson declares Rivers issued her the PIP, "to arbitrarily undermine |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

78.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | my stellar work history with Starbucks." **Dkt. 53-4, Nelson's Dec. ¶ 9.** Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted. *See* **Evidentiary Objection No. 46.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 46, 173-75.** |
| 924.   Nelson objected to Rivers actions as racially discriminatory and fought against them internally, resulting in an investigation by Human Relations which concluded that the PIP attempt by Rivers | **This fact is DISPUTED, immaterial, and irrelevant.** Plaintiff's attempt to rely on Nelson's declaration as "me too" evidence is |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

79.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| was unwarranted and improper.<br><br>Dkt. 53-4, Nelson's Dec ¶ 10;<br>Dkt. 54, Plaintiff's Dec. ¶ 51 | **irrelevant** and **immaterial** to Plaintiff's claims because Nelson alleges that Rivers always discriminated against her, not as a result of her seeking a different position.<br><br>Furthermore, Plaintiff **misstates** the declaration he cites in support of this fact.  Nelson declares she complained to Human Resources about "Rivers [sic] unfair and arbitrary decision to place me on another PIP."  She does not declare that she complained about racial discrimination.<br>**Dkt. 53-4, Nelson's Dec ¶ 10**.<br><br>Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted.<br>*See* **Evidentiary Objections Nos. 47.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 47, 173, 174.** |
| 925. On September 12, Plaintiff reached out to Defendant, through **Sara Rogers** [Human Resources] and **Angela Rivers**, seeking assistance, tools and resources available to support his pursuit of the Branded Solutions position, but Defendant failed and refused to respond.

 Exhibits – 7, 8, 9 & 10; Dkt. 54, Plaintiff's Dec. ¶ 52; | **UNDISPUTED,** that Plaintiff emailed Rogers and Rivers on September 12, 2014.  **DISPUTED,** as to the remainder of this fact as Plaintiff m**isstates the evidence.**

Rivers and Rogers provided Plaintiff feedback, resources, and assistance regarding the BDM position.  **SUF 13, 23, 24, 72-74.**

The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *See* **Evidentiary Objection No. 48.** |
| 926. On or around late October 2014, during a field day with Plaintiff after he began pursuing promotion, Angela Rivers told Plaintiff that she did not feel that Plaintiff respected her as his manager.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 53; | **DISPUTED,** but **irrelevant** and **immaterial** to Plaintiff's claims since Rivers' feelings about whether Plaintiff respected her do not relate to his claims that she discriminated against him.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 49.** |
| 927.   In early November, 2014, the same position for which Plaintiff previously applied (Branded Solutions Department, Business Development Manager) again became available.<br><br>Exhibits – 7, 8, 9<br>Dkt. 54, Plaintiff's Dec. ¶ 54 | **UNDISPUTED,** that a BDM position became available. **DISPUTED** as to the remainder of this fact as Plaintiff **misstates the evidence**.<br><br>The BDM position Plaintiff applied for on April 27, 2014, was position number 140001443, and the position he applied for on November 8, 2014, was position number 140004475. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Exhibits 8, 9, Dkt. 54, Plaintiff's Dec. |
| 928.   Plaintiff again applied for the position and notified Angela Rivers and H. R. Manager Sara Rogers of this fact.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 55<br>Exhibit– 7, 8, 9 | DISPUTED, but irrelevant and immaterial to Plaintiff's claims since Rivers had no role or involvement in the hiring process for the Branded Solutions Department.<br>SUF 181.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* Evidentiary Objection No. 55. |
| 929.   Rivers exhibited facial frustration to Plaintiff's announcement that he had again applied for the BDM position, and responded by saying, "well I did not know you were doing that".<br><br>Dkt. 54, Plaintiff's Dec. ¶ 56 | DISPUTED, but irrelevant and immaterial to Plaintiff's claims since Rivers had no role or involvement in the hiring process for the Branded Solutions Department.<br> SUF 181.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

83.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 50.** |
| 930.   On November 19th, 2014 Defendant, through Rivers, planned a Branded Solutions joint meeting to begin at 9:30 a.m., with Plaintiff to present to the group on the matter of data entry and completing License Store attributes into the BS System, then, short notice to Plaintiff, changed the start time for this meeting to 9:00, causing him to be "several minutes late", despite his arrival at a time that would have made him early for the meeting as originally scheduled.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 57; Exhibit – 16. | **DISPUTED, as Plaintiff's evidence does not support his fact.** The meeting was not changed on "short notice," per the December 1, 2014, email Plaintiff cites as evidence supporting this fact; the meeting was changed one day earlier. **Dkt. 54, Plaintiff's Dec. ¶ 57; Exhibit – 16.**<br><br>However, this fact is **immaterial and irrelevant** as Plaintiff's tardiness to the November 19, 2014 meeting is not contested or at issue in this lawsuit. Nor was Plaintiff's tardiness to the November 19, 2014 meeting the basis for the PIP or Marriott removal – the two adverse employment actions Plaintiff identifies. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 931. Plaintiff complained of this situation to Rivers, and River's response was to angrily and dismissively tell Plaintiff to read his emails (but failing to acknowledge the effect of her late notice to Plaintiff of her change).<br><br>Dkt. 54, Plaintiff's Dec. ¶ 58; Exhibit – 16; | **DISPUTED, as Plaintiff's evidence does not support his fact.**<br>The December 1, 2014, email provides a long response from Rivers to Plaintiff regarding the November 19, 2014, that cannot be characterized as "dismissive."<br><br>**Dkt. 54, Plaintiff's Dec. ¶ 57; Exhibit – 16.**<br><br>However, this fact is **immaterial and irrelevant** as Plaintiff's tardiness to the November 19, 2014 meeting is not contested or at issue in this lawsuit. Nor was Plaintiff's tardiness to the November 19, 2014 meeting the basis for the PIP or Marriott removal – the two adverse employment actions Plaintiff identifies.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration and self-serving response to Rivers' December 1, 2014 email. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 52.** |
| 932.        Learning that Plaintiff was continuing to pursue promotion, in March, 2015, Rivers issued a disciplinary memo to Plaintiff which made false claims about Plaintiff's performance which suggested that Plaintiff was doing nothing right in the discharge of his job.  Dkt. 54, Plaintiff's Dec. ¶ 59; Exhibit -30 | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.** Whether Rivers issued the incidents delineated in the March 2015 Memo were false and made because Plaintiff continued to  pursue promotion calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.  Furthermore, Plaintiff **misstates** the March 30 Memo he cites in support of this fact.  The March 30 Memo does not say that Rivers was making false claims, or that Plaintiff was doing nothing right on the job.  Rather it provides examples of complaints, and deficiencies and requests that Plaintiff improve. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

86.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Plaintiff's Dec. Exhibit -30**<br><br>Additionally, the March 30 Memo was issued as a result of Plaintiff's performance deficiencies which had continued for years without improvement.<br>**SUF 40-96.**<br><br>Plaintiff's opinion about the reasons for the March 30 Memo are **irrelevant** and **immaterial** because Plaintiff is speculating as who the decision makers were for issuing the memo.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 53.** |
| 933.    Plaintiff rejected the claims by Rivers as being false, and complained to Human Resources about her actions which | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| appeared to be aimed at intentionally blocking his efforts to promote.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 60<br>Exhibit – 16; | Whether Rivers intentionally blocked Plaintiff's efforts for promotion calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Furthermore, Plaintiff's **evidence does not support his fact**.   Exhibit 16 in no way references Partner Resources or complaints about Rivers intentionally blocking Plaintiff's efforts to seek other positions within Starbucks.<br>**Plaintiff's Dec. Exhibit -16.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 54.** |
| 934.    In 2015, Plaintiff continued to perform and produce at a very high level | **UNDISPUTED,** that in 2015, Rivers provided Plaintiff opportunities for |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| and his District continued to be the Model for the Defendant's Licensed Store Operation and continued to be selected for high profile and very important Leadership roles.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 61;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-4, Nelson's Dec ¶ 2 – 12;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br>UF # 142-144; | professional growth.<br><br>**DISPUTED,** as to the rest of this fact **as Plaintiff's evidence does not support his fact.**<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact.<br><br>**Plaintiff also misstates the evidence**. Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 Annual Performance Review, 2013 Performance Review, March 30 Memo, and PIP with respect to Plaintiff's communication skills, interactions with other District |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Managers, and partnering with Company Operations to support training and successful operations in 2015. *See* **SUF 39-43, 56-60, 96-100.** <br><br> Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 55, 162, 163, 166-177, 178-89.** |
| 935.   Plaintiff's high quality professional performance, effectiveness, communication skills, personality, and successful operational engagement led to his **Appointment as Annual Operating Plan Pillar Lead 2015 "Our Coffee and Our Food", which included Evenings and Refreshments.** (Plaintiff had the only | **UNDISPUTED,** that Plaintiff was appointed by Rivers as Annual Operating Plan Pillar Lead 2015 "Our Coffee and Our Food", which included Evenings and Refreshments. <br><br> **DISPUTED** that Plaintiff's communication skills led to his |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Licensed Evening Store serving beer and wine in the entire Licensed Store Operation, at LAX). | appointment **because the evidence does not support this fact and he also misstates the evidence.** |
| River's Dec. ¶ 23, pages 7-8; Dkt. 53-3, Hoenecke's Dec ¶ 3-7; Dkt. 53-6, Maliwat's Dec ¶ 1-6; Dkt. 53-5, Lugo's Dec ¶ 1-6; Dkt. 53-4, Nelson's Dec ¶ 6 – 12: Dkt. 54, Plaintiff's Dec. ¶ 62: Dkt. 53-1, Plaintiff's Depo154:21-155:14; Exhibits – 3, 5, 6 DUF # 5, 7, 8 | For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** |
|  | For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand* |

91.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *and are understood. Communication is key to success*. Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides*. This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** <br><br> In addition to the Plaintiff's performance reviews, Starbucks consistently provided Plaintiff coaching about his communication deficiencies up through his resignation. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **SUF 40-100.** The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 56, 156, 162, 163, 170-177, 178-88.** |
| 936.        "**Coffee and Food**", were Starbuck's most important products, and the selection as   "**Operating Plan Pillar Lead**" for Coffee and Food, was a positive | **DISPUTED, as this fact is not supported by evidence.**  The only evidence supporting this fact comes from Plaintiff's self-serving |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| statement to a District Manager about his/her performance.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 63 | declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 57.** |
| 937.    Plaintiff's high quality professional performance, effectiveness, communication skills, personality, and successful operational engagement led to his **Selection as the Highlight of Partner Appreciation Week in Q-2 of 2015 for Support of a Senior Leader Visit.**<br><br>River's Dec. ¶ 23, pages 7-8;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br>Dkt. 54, Plaintiff's Dec. ¶ 64<br>Dkt. 53-1, Plaintiff's Depo154:21-155:14;<br>Exhibits – 3, 5, 6<br>DUF # 5, 7, 8 | **UNDISPUTED,** that Rivers selected Plaintiff as a highlighted partner appreciation week in Q2 of 2015 for specific support of a senior leader visit.<br><br>**DISPUTED** that Plaintiff's communication skills led to his selection **because the evidence does not support this fact and he also misstates the evidence.**<br><br>For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to |

LITTLER MENDELSON, P.C.<br>633 West 5th Street<br>63rd Floor<br>Los Angeles, CA  90071<br>213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | build strong and valuable 1st team relationships." **SUF 40, 41.** For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood.  Communication is key to success*.  Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides*.  This will minimize opportunity to have integrity questioned. *Focus on team* |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

95.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | *commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.**<br><br>In addition to the Plaintiff's performance reviews, Starbucks consistently provided Plaintiff coaching about his communication deficiencies up through his resignation. **SUF 40-100.**<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact.<br><br>The only evidence supporting the fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | that communication skills led to his appointment, comes from Plaintiff's declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 64, 156, 162, 163, 178-89.** |
| 938.   Plaintiff's high quality professional performance, effectiveness, communication skills, personality, and successful operational engagement led to his **Selection for United States Leadership Team Tour at Plaintiff's Managed USC Operation in March 2015.**<br><br>River's Dec. ¶ 23, pages 7-8;<br>Dkt. 53-2, River's Depo 170:23-174:6;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br>Dkt. 54, Plaintiff's Dec. ¶ 65;<br>Dkt. 53-1, Plaintiff's Depo154:21-155:14;<br>Exhibits – 3, 5, 6<br>DUF # 5, 7, 8 | **UNDISPUTED,** Rivers selected Plaintiff's USC location for a March 2015 tour with the United States Leadership team.<br><br>**DISPUTED** that Plaintiff's communication skills led to his selection **because the evidence does not support this fact and he also misstates the evidence.**<br><br>For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success*. Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides*. This will |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |
| | In addition to the Plaintiff's performance reviews, Starbucks consistently provided Plaintiff coaching about his communication deficiencies up through his resignation. **SUF 40-100.** |
| | The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 59, 156, 162, 163, 178-89.** |
| 939.    The USC Operation which Plaintiff managed was Starbuck's **"Model Operation"** for **"TAPINGO", A Mobile Order and Pay Platform**, and it was the only such operation in Rivers' Region. | **UNDISPUTED,** that Plaintiff was the District Manager for USC, and that Plaintiff was on the team that developed the workflow for Mobile Order and Pay. |
| Dkt. 54, Plaintiff's Dec. ¶ 66<br>Dkt. 53-2, River's Depo 170:23-174:6;<br> River's Dec. ¶ 23, pages 7-8;<br>Dkt. 53-4, Nelson's Dec ¶ 6;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7 | **DISPUTED** that USC was a "Model Operation" as unsupported by the facts.  Rivers testifies that USC was the first location in her district that had "Tapingo," not that it was a "Model Operation"<br><br>The only evidence supporting the fact that communication skills led to his |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

100.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 60.** |
| | **However, irrelevant** and **immaterial** as whether Plaintiff was involved with the "Tapingo" platform is not at issue in the lawsuit.  **SUF 3, 133-134.** |
| | *See* **Evidentiary Objection Nos. 60, 162, 163, 170.** |
| 940.    Starbuck's United States Leadership Team Toured and took note of its **"Model Operation"** at USC **Managed by Plaintiff**, in March 2015.  Dkt. 53-2, River's Depo 129:17-135:23; Dkt. 54, Plaintiff's Dec. ¶ 67 River's Dec. ¶ 23, pages 7-8; | **UNDISPUTED,** Rivers selected Plaintiff's USC location for a March 2015 tour with the United States Leadership team.  **DISPUTED** as to the rest of this fact **because the evidence does not support this fact and he also misstates the evidence.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Rivers' declaration and deposition transcript do not state that USC was a "model operation" or that the United States Leadership Team "took note" of its "model operation." |
| | The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 61.** |
| | **However, irrelevant** and **immaterial** as whether USC was a model operation is not at issue in this lawsuit and does not related to Plaintiff's claims, or his communication deficiencies at issue in the lawsuit. **SUF 3, 133-134.** |
| 941.    Plaintiff's District continue to be Rivers' most highest revenue generator, generating about one-third of all of the | **DISPUTED, as Plaintiff's evidence does not support this fact.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

102.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| revenues generated by Rivers' entire Region.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 68<br>Dkt. 53-2, River's Depo 129:17-135:23; 131:14-132:19 | Rivers' does not testify that Plaintiff's region was the highest revenue generator, generating about one-third of all of the revenues generated by Rivers' entire Region.<br><br>**Further DISPUTED,** because the only evidence Plaintiff cites supporting this fact comes from Plaintiff's declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br><br>However, this fact is **immaterial and irrelevant**, because the revenues generated, operational complexity and diversity, and fiscal success of Plaintiff's stores is not at issue in this matter.<br>*See* **Evidentiary Objection No. 62.** |
| 942.   **LAX** and **USC** managed by Plaintiff, continued to be **"model operations"** within the Starbuck family of Licensed Store | **DISPUTED, as Plaintiff's evidence does not support this fact.** |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Operation.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 69<br>River's Dec. ¶ 23, pages 7-8; | Rivers' declaration does not declare LAX and USC were "model operations."<br><br>**Further DISPUTED,** because the only evidence Plaintiff cites supporting this fact comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 63.** |
| 943.     **LAX** and **USC, both managed by Plaintiff,** were the two most complex and highest revenue generating locations in Rivers' entire Region of Licensed Stores.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 70<br> River's Dec. ¶ 23, pages 7-8;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7; | **DISPUTED, as Plaintiff's evidence does not support this fact.**<br><br>Rivers' and Hoenecke's declarations in no way support this fact.<br><br>**Further DISPUTED,** because the only evidence Plaintiff cites supporting this fact comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | evidence.<br><br>*See* **Evidentiary Objection No. 64.**<br><br>However, this fact is **immaterial and irrelevant**, because the complexity and revenue of the accounts he managed is not contested or at issue in this lawsuit. |
| 944.    Rivers was known to take stores from District Managers whom she claimed were not performing (Universal City Walk, Cedars Sinia, Warner Brothers Studios, were high profile and high revenue producers that Rivers took from Nelson and assigned to Caucasian District Managers).<br><br>Dkt. 53-4, Nelson's Dec ¶ 6 – 11 and 13; Dkt. 54, Plaintiff's Dec. ¶ 71 | **DISPUTED as Plaintiff misstates the evidence.** It also **contains ARGUMENT.**<br><br>Whether conduct is or was motivated by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Nelson's declaration states that Rivers took stores from her, but does not declare which stores were taken from her or that the stores were then assigned to Caucasian district managers. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Dkt. 53-4**, Nelson's Dec ¶ 7. <br><br> Additionally, Plaintiff's evidence does not support his "fact."  Plaintiff's declaration is comprised of his opinion of Rivers' conduct.   Nelson's declaration, likewise, states her opinion that Rivers improperly took stores away from her.  Plaintiff and Nelson's evidence is inadmissible opinion evidence and lacks foundation. <br> *See* **Evidentiary Objections Nos. 65, 170-75, 177.** |
| 945.   The assignment as **District Manager** to Defendant's "**model operations**" and its **highest revenue generators** (LAX and USC), was a positive statement about Plaintiff's performance. <br><br> Dkt. 54, Plaintiff's Dec. ¶ 72; <br> Dkt. 53-3, Hoenecke's Dec ¶ 3-7; <br> Dkt. 53-6, Maliwat's Dec ¶ 1-6; <br> Dkt. 53-4, Nelson's Dec ¶ 6; | **DISPUTED because the evidence does not support this fact and he also misstates the evidence.** <br><br> For the 2012 review period, Rivers identified the following opportunities for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-5, Lugo's Dec ¶ 1-6; | adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.** |
| | For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities: Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success*. Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides*. This will |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

107.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** |
| | In addition to the Plaintiff's performance reviews, Starbucks consistently provided Plaintiff coaching about his communication deficiencies up through his resignation. **SUF 40-100.** |
| | The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 66, 162, 163, 170, 178-89.** |
| 946.    Plaintiff performed successfully as District Manager over Rivers' Region's most productive and prestigious locations but Rivers refused to accord Plaintiff assistance in, or support for, his pursuit of promotional opportunities as she had done for employees who were not African American.<br><br>Dkt. 53-1, Plaintiff's Depo150:13-152:25; 154:21-155:14; 277:6-278:4; 278:11-19; River's Dec. ¶ 23, pages 7-8;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6; | **DISPUTED** that Plaintiff's communication skills led to his selection **because the evidence does not support this fact and he also misstates the evidence.**<br><br>It also **contains ARGUMENT.** Whether conduct is or was motivated by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>For the 2012 review period, Rivers identified the following opportunities |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-4, Nelson's Dec ¶ 6; Exhibits – 4, 5 & 6; Dkt. 54, Plaintiff's Dec. ¶ 73 UF # 5, 7, 8 | for Plaintiff's improvement: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." **SUF 40, 41.**<br><br>For the 2013 review period, Rivers rated Mr. Briscoe "Meets Expectations" and identified the following performance improvement opportunities:<br>Continued *focus on listening* for understanding rather than listening to respond. *Ensure you both understand and are understood. Communication is key to success*. Elevate store level issues where conflict or misunderstanding occurs. *Ensure all relevant facts are shared* and a clear picture is painted of problems without |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

110.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | rounds of follow up questions required to fully understand situation. *Take time to ask questions to ensure understanding on all sides*. This will minimize opportunity to have integrity questioned. *Focus on team commitments* and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement. **SUF 42.** In addition to the Plaintiff's performance reviews, Starbucks consistently provided Plaintiff coaching about his communication deficiencies up through his resignation. **SUF 40-100.** Rivers provided Plaintiff with recognition, opportunities, and support throughout his employment – which he acknowledges.  This fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | contradicts Plaintiff's declaration in support of his opposition to Starbucks' motion for judgment wherein he declares about the opportunities provided to him by Rivers. **SUF 22-23, 70, 72, 73, 74, 75, 136-144; Dkt. 54 ¶¶ 3, 10-18, 62-65.**<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.<br><br>The only evidence supporting the fact that communication skills led to his appointment, comes from Plaintiff's declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objections Nos. 67,** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **162, 163, 170, 179-89.** |
| 947.     At her deposition, Rivers was unable to recall anything that she did to assist or support Plaintiff in his pursuit of promotion.<br><br> Dkt. 54, Plaintiff's Dec. ¶ 74;<br> AMF # 900 (above);<br>Dkt. 53-4, Nelson's Dec ¶ 2 – 13; | **DISPUTED, as Plaintiff misstates the evidence and the evidence does not support his fact.**<br><br>It also **contains ARGUMENT.** Whether conduct is or was motivated by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>AMF 100 (which is disputed) states "At her Deposition, Rivers lied, testifying that she hired and promoted Kira Bracero, an African American female who was actually hired on the Company Operations side of Starbucks, for which Rivers had no authority." This does not support this fact.<br><br>Plaintiff fails to provide citations to Rivers deposition supporting this fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | at all.<br><br>The evidence, however, shows Rivers provided Plaintiff with recognition, opportunities, and support throughout his employment – which he acknowledges.  This fact contradicts Plaintiff's declaration in support of his opposition to Starbucks' motion for judgment wherein he declares about the opportunities provided to him by Rivers.<br>**SUF 22-23, 70, 72, 73, 74, 75, 136-144; Dkt. 54 ¶¶ 3, 10-18, 62-65.**<br><br>Additionally, Plaintiff's evidence does not support his "fact."   Plaintiff's declaration is comprised of his opinion of Rivers' conduct.   Nelson's declaration, likewise, states her opinion that Rivers improperly took stores away from her.  Plaintiff and Nelson's evidence is inadmissible opinion evidence and lacks |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | foundation. *See* Evidentiary Objections Nos. 68, 166-77. |
| 948.    Rivers did nothing to assist any African American or other racial minority in obtaining promotion or career advancement.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 75; AMF # 900 (above); Dkt. 53-3, Hoenecke's Dec ¶ 3-7; Dkt. 53-4, Nelson's Dec ¶ 2 – 13 | **DISPUTED, as Plaintiff misstates the evidence and the evidence does not support his fact.** It also **contains ARGUMENT.**<br><br>Whether conduct is or was motivated by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>AMF 100 (which is disputed) states "At her Deposition, Rivers lied, testifying that she hired and promoted Kira Bracero, an African American female who was actually hired on the Company Operations side of Starbucks, for which Rivers had no authority." This does not support this fact. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Plaintiff fails to provide citations to Rivers' deposition supporting this fact at all. <br><br> The evidence, however, shows Rivers provided Plaintiff with recognition, opportunities, and support throughout his employment – which he acknowledges.  This fact contradicts Plaintiff's declaration in support of his opposition to Starbucks' motion for judgment wherein he declares about the opportunities provided to him by Rivers. <br> **SUF 22-23, 70, 72, 73, 74, 75, 136-144; Dkt. 54 ¶¶ 3, 10-18, 62-65**. <br><br> Hoenecke's declaration, likewise, fails to address in any manner that Rivers did nothing to assist any African American or other racial minority in obtaining promotion or career advancement. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| | Additionally, Plaintiff's evidence does not support his "fact."   Plaintiff's declaration is comprised of his opinion of Rivers' conduct.   Nelson's declaration, likewise, states her opinion that Rivers improperly took stores away from her.  Plaintiff and Nelson's evidence is inadmissible opinion evidence and lacks foundation.<br><br>*See* **Evidentiary Objections Nos. 69, 162, 163, 166-77.** |
| 949.     Plaintiff was not permitted to interview for the vacant Branded Solutions Department, Business Development Manager position, but he received a notice from Defendant's talent management department stating: "While we are impressed with you experience, after careful consideration, you have not been selected to go forward with the process for the Development Manager with Branded Solutions opening. We encourage you to talk with your manager about your current | **UNDISPUTED, but irrelevant** and **immaterial**, as Rivers had had no involvement in the hiring process for the Branded Solutions Department. **SUF 36.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| career goals as well as utilize all the resources available to you". Exhibit – 17; Dkt. 54, Plaintiff's Dec. ¶ 76 | |
| 950.   Rivers issued Plaintiff a PIP (a block to promotion and promotional pursuit) on June 4, 2015. Dkt. 54, Plaintiff's Dec. ¶ 77 Exhibit - 27 | **DISPUTED as Plaintiff misstates the evidence.** The PIP was issued by Starbucks, not Rivers. **SUF 98-100.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 70.** |
| 951.   The PIP issued to Plaintiff by Rivers was supported by false claims and misrepresentations, including that Plaintiff was a poor communicator, and made for poor relationships (all of which was false) but it was an effective block to Plaintiff's | **DISPUTED as Plaintiff misstates the evidence.** It is also **IRRELEVANT, IMMATERIAL and contains ARGUMENT.** Whether conduct is or was motivated |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| pursuit of promotion.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 78;<br>Exhibit – 28;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br>Dkt. 53-4, Nelson's Dec ¶ 8 – 13; | by discriminatory bias calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Plaintiff was placed on a PIP solely due to deficiencies in his communication, performance, routine, and accuracy, as well as Licensee complaints. **SUF 40-100.**<br><br>Plaintiff's statement also **conflicts with his deposition testimony** that he "do[esn't] know why things changed . . . I asked that question myself and couldn't get an understanding why I started getting this treatment.  So I don't know why."<br>***D'Amico v. Bd. of Medical Examiners,*** 11 Cal.3d 1, 22 (1974); **SUF 124, 125.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | For example, the 2012 Annual Performance Review which specifically identified the following performance improvement opportunities: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." This is the exact *opposite* of Plaintiff's assertion regarding his performance. **SUF 40, 41.** |
| | The declaration Hoenecke fails to declare in any manner that supports this fact.  Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

120.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Additionally, Plaintiff's evidence does not support his "fact."   Plaintiff's declaration is comprised of his opinion Rivers improperly issued PIP. Nelson's declaration, likewise, states her opinion that Rivers improperly issues PIPs.   None of Plaintiff's evidence indicates that Rivers improperly issued PIPs.    Plaintiff and Nelson's evidence is inadmissible opinion evidence and lacks foundation. *See* **Evidentiary Objection No. 71.** |
| 952.    Rivers falsely reported that Plaintiff's late arrival at a BDM Meeting that she changed without notice to Plaintiff was a disruption to the meeting, and falsely claimed that Plaintiff's conduct caused a disturbance.<br> Dkt. 54, Plaintiff's Dec. ¶ 79 Exhibit – 16. | **DISPUTED, as Plaintiff's evidence does not support his fact.**<br><br>The meeting was not changed "without notice," per the December 1, 2014, email Plaintiff cites as evidence, the meeting was changed one day earlier.<br>**Dkt. 54, Plaintiff's Dec. Exhibit – 16.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | However, this fact is **immaterial and irrelevant** as Plaintiff's tardiness to the November 19, 2014 meeting is not contested or at issue in this lawsuit.  Nor was Plaintiff's tardiness to the November 19, 2014 meeting the basis for the PIP or Marriott removal – the two adverse employment actions Plaintiff identifies. |
| | The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 72.** |
| 953.    The BDM Meeting claims by Rivers regarding Plaintiff's actions and conduct were investigated by HR who found that none of the facts provided by persons in attendance corroborated Rivers' claims regarding Plaintiff's actions and conduct. | **DISPUTED, as Plaintiff misstates the evidence.** The evidence shows that Rivers and Rogers met with Plaintiff on multiple occasions to discuss the November 19, 2014, and Plaintiff's communication |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 54, Plaintiff's Dec. ¶ 80 | style deficiencies. **SUF 74-77.**<br><br>Plaintiff's fact contradicts his own investigation statement wherein he stated that Ms. Rogers' allegedly told him her investigation was not conclusive. **Starbucks' Evidentiary Evidence Submitted in Support of Motion for Summary Judgment ("Starbucks' Evidence"), Schultz Decl. ¶ 6, Ex. B, Page ID #1878.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 73.** |
| 954.     Defendant's H. R. Manager, Sara Rogers, following investigation of Rivers' claims against Plaintiff reported that the team members indicated they did not feel | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>The evidence shows that Rivers and |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

123.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| or see a disruption of the meeting in any way as indicated by Angela Rivers.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 81 | Rogers met with Plaintiff on multiple occasions to discuss the November 19, 2014, and Plaintiff's communication style deficiencies.<br>**SUF 74-77.**<br><br>Plaintiff's fact contradicts his own investigation statement wherein he stated that Ms. Rogers' allegedly told him her investigation was not conclusive.<br>**Starbucks' Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1878.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.   However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 74.** |
| 955.    On January 27, 2015, H.R. Manager Sara Rogers, met with Angela Rivers and Plaintiff and reported her investigatory findings, and urged better communications | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>The declarations of Nelson and |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

124.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| with Plaintiff.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 82;<br>Dkt. 53-4, Nelson's Dec ¶ 4;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7; | Hoenecke fail to declare in any manner that supports this fact.<br><br>The evidence shows that Rivers and Rogers met with Plaintiff on multiple occasions to discuss the November 19, 2014, and Plaintiff's communication style deficiencies.<br>**SUF 74-77.**<br><br>Plaintiff's fact contradicts his own investigation statement wherein he stated that Ms. Rogers' allegedly told him her investigation was not conclusive.<br>**Starbucks' Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1878.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>***See* Evidentiary Objections Nos. 75,** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 162, 163, 168. |
| 956.   An important part of the License Store District Managers' duties is to monitor and make certain that License Stores adhere to Starbuck's standards, including making certain that they are always stocked with products in protection of the Starbuck Brand.<br><br>Dkt. 53-2, River's Depo 137:5-144:22<br>Dkt. 54, Plaintiff's Dec. ¶ 83;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br>Dkt. 53-4, Nelson's Dec ¶ 2 – 4,  6 | **UNDISPUTED,** but **is not supported by the evidence.**<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. |
| 957.    License District Managers worked directly with third party owners and their management, but were required to make certain that Starbuck's standards were upheld.<br><br>Dkt. 53-2, River's Depo 137:5-144:22;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6; | **UNDISPUTED,** but **is not supported by the evidence.**<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-5, Lugo's Dec ¶ 1-6; Dkt. 54, Plaintiff's Dec. ¶ 84 | they also do not include a single statement supporting this fact. |
| 958.    License District Managers were required identify violations of Starbuck's brand standards and to cite Licensees for violations, noting such violations in "visit documents", incident to store visits.<br><br>Dkt. 53-2, River's Depo 137:5-144:22<br>Dkt. 54, Plaintiff's Dec. ¶ 85 | **UNDISPUTED,** but **immaterial**. |
| 959.    Licensees who repeatedly committed violations of Starbuck's standards, beyond receiving simple citations, could potentially receive a Notice of Non-Compliance, and eventually, absent corrective actions, a Notice of Default could issue to the Licensee, in Starbuck's efforts to maintains its Standards and Brand.<br><br>Dkt. 53-2, River's Depo 137:5-144:22; 150:4-6; 153:3-156:6;<br>Dkt. 53-4, Nelson's Dec ¶ 2-11;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6; | **UNDISPUTED,** but **immaterial,** and **not supported by the evidence.**<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-5, Lugo's Dec ¶ 1-6; Dkt. 54, Plaintiff's Dec. ¶ 86 | |
| 960.    Plaintiff always took seriously his obligation to identify violations of Starbuck's Brand and Standards and, adhering to the Starbuck Policies and Procedures regulating License Store District Managers, where necessary, cited Licensees for violations. <br><br> Dkt. 54, Plaintiff's Dec. ¶ 87; <br> Dkt. 53-4, Nelson's Dec ¶ 3; <br> Dkt. 53-6, Maliwat's Dec ¶ 1-6; <br> Dkt. 53-5, Lugo Dec ¶ 1-6; | **DISPUTED, because the evidence does not support this fact and Plaintiff also misstates the evidence.** <br><br> Plaintiff's citation to Ms. Maliwat's and Ms. Lugo's declarations is entirely inadmissible; they have no knowledge with respect to Plaintiff's citations of Licensees other than their respective companies (which they do not declare about), and do not include a single statement supporting this fact.  Likewise, Nelson's declaration does not address this fact in any manner. <br><br> This fact is also **irrelevant** as Plaintiff's belief about himself has no bearing on the *facts* and whether he was qualified for the position. <br><br> Plaintiff relies on nothing more than |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. *See* **Evidentiary Objections Nos. 167, 178-89.** |
| 961.     License Store District Managers were required to review **Product Availability Reports** which tracked weekly purchases of product from Starbucks as a method of assessing the likely product needs of a Licensee's operation, in an effort to make certain that product is always on hand.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 88<br>Exhibit -22 | **DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 962.     License Store District Managers were required to reach out to Licensees and/or their duly authorized management person to ensure that the Licensee is adequately stocked with products.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 89;<br>Exhibit – 22 and 23; | **DISPUTED, because the evidence does not support this fact and Plaintiff also misstates the evidence.**<br><br>Plaintiff's citation to Ms. Maliwat's and Ms. Lugo's declarations is entirely inadmissible; they have no knowledge with respect to |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-6, Maliwat's Dec ¶ 1-6; Dkt. 53-5, Lugo's Dec ¶ 1-6; | responsibilities of a Licensed Store District Manager (which they do not declare about), and do not include a single statement supporting this fact.<br><br>This fact is also **irrelevant** as Plaintiff's belief about himself has no bearing on the *facts* and whether he was qualified for the position.<br><br>Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. ***See*** **Evidentiary Objections Nos. 178-89.** |
| 963.    License Store District Managers' (also referred to as "LSDM") protection and administration of Starbuck's standards and Brand, sometimes put non-compliant Licensees (and/or their management representative…on-site Store Manager) at odds with Licensed Store District Managers. | **DISPUTED, because the evidence does not support this fact and Plaintiff also misstates the evidence.**<br><br>Plaintiff's citation to Rivers' deposition does not support this fact. Rivers testified that she does not know whether a Licensee would be |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

130.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 54, Plaintiff's Dec. ¶ 90<br>Dkt. 53-2, River's Depo 137:5-144:22; 150:4-6; 153:3-156:6. | upset with a district manager for being cited for noncompliance. **Dkt. 53-2, Rivers' Depo 156:7-15.**<br><br>Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. *See* **Evidentiary Objection No. 77.** |
| 964.    It was not uncommon for a non-compliant Licensed Store Manager to complain about a District Manager who was citing him/her for non-compliance.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 91<br>Dkt. 53-2, River's Depo 137:5-144:22; 150:4-6; 153:3-156:6 | **DISPUTED, because the evidence does not support this fact and Plaintiff also misstates the evidence.**<br><br>Plaintiff's citation to Rivers' deposition does not support this fact. Rivers does testify it is not uncommon for a non-compliant Licensed Store Manager to complain about a District Manager who was citing him/her for non-compliance. Rather, she testified it varies depending on the communication style of the DM. **Dkt. 53-2, Rivers' Depo 154:14-** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

131.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 155:4, 156:7-15.<br><br>Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact.<br>*See* **Evidentiary Objection No. 78.** |
| 965.    The Licensed Store Regional Director had a duty as a part of the managerial oversight of the District Managers under her supervision to provide them with reasonable support and assistance.<br>Dkt. 54, Plaintiff's Dec. ¶ 92 | **DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 79.** |
| 966. At a Company Store, the on-site employees are all Starbucks employees, answerable to Starbucks.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 93 | **UNDISPUTED, but immaterial and irrelevant.** |
| 967. At a Licensed Store, the on-site employees are not Starbuck employees, but are employees of the Licensee, answerable to their employer (whether it be Vons, | **UNDISPUTED, but not supported by the evidence.**<br><br>Hoenecke's declaration fails to |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

132.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Ralphs, Marriott, or other employers who are Licensees of Starbucks), but with duties and responsibilities that impact Starbucks Brand.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 94;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6 | declare in any manner that supports this fact.  Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |
| 968.  All employees who work at a Starbucks' Licensed Store and works in the Licensed Starbucks Operation are "Certified by Starbucks", and are required to follow Starbucks' operating standards.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 95;<br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br>Dkt. 53-5, Lugo's Dec ¶ 1-6 | **UNDISPUTED, but not supported by the evidence.**<br><br>The Hoenecke's declaration fails to declare in any manner that supports this fact.  Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |
| 969.  At the same time that the Licensed Store employees are supervised by their employer (Vons, Ralphs, Marriott, etc.), relative to the on-site Starbucks Operation, | **UNDISPUTED, but not supported by the evidence.**<br><br>The Hoenecke and Nelson |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| their work (as employees "Certified" to work in Starbucks' Operation) is also subject to the oversight, review and analysis of a Starbucks Licensed Store District Manager who has a duty and responsibility to make certain that there is compliance with Starbucks' standards for protection of Starbucks' Brand.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 96;<br><br>Dkt. 53-3, Hoenecke's Dec ¶ 3-7;<br><br>Dkt. 53-6, Maliwat's Dec ¶ 1-6;<br><br>Dkt. 53-5, Lugo's Dec ¶ 1-6;<br><br>Dkt. 53-4, Nelson's Dec ¶ 2-11. | declarations fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |
| 970.   Rivers testified that she knew that a District Manager's effort to get a Licensee to be compliant with Starbucks' Standards, could cause friction between the employees of the Licensee and Starbucks' Licensed Store District Manager.<br><br>Dkt. 53-2, River's Depo 158:11-159:25;<br><br> 153:19-156-20<br><br>Dkt. 54, Plaintiff's Dec. ¶ 97 | **UNDISPUTED, but immaterial and irrelevant.** |
| 971.   Rivers testified that repeated Notices of Non-compliance could lead to Default. | **UNDISPUTED, but immaterial and irrelevant.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 53-2, River's Depo 150:4-6<br>Dkt. 54, Plaintiff's Dec. ¶ 98 | Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statements he heard for the truth of the matters asserted. |
| 972.  Rivers testified that it was the duty of LSDM (Licensed Store District Manager) to report breaches (non-compliance) by Licensees, in protection of Starbucks' Brand.<br><br>Dkt. 53-2, River's Depo 154:14-21<br>Dkt. 54, Plaintiff's Dec. ¶ 99 | **UNDISPUTED, but immaterial and irrelevant.** |
| 973. Rivers testified that it would be a problem for a Starbucks Store to run out of Starbucks' products.<br><br>Dkt. 53-2, River's Depo 153:19-25; 154:8-12<br>Dkt. 54, Plaintiff's Dec. ¶ 100 | **UNDISPUTED, but immaterial and irrelevant.** |
| 974.   Rivers always "supported and assisted" her Caucasian Licensed Store | **DISPUTED, as Plaintiff misstates the evidence.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| District Managers, even with promotion.<br><br>Dkt. 53-2, River's Depo 97:6-8; 97:25-98:6; 99:23-100:15;<br>Dkt. 54, Plaintiff's Dec. ¶ 101 | Plaintiff's citations to Rivers' deposition do not support that Rivers "always" supported and assisted any partner.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 84.** |
| 975.  Plaintiff learned of a Marriott complaint by a Marriott Manager whom he cited for non-compliance (on a number of different occasions) was attempting to protect himself and Marriott against further citations by Plaintiff, when Karl Hoenecke telephoned saying that the Marriott Manager called him concerned and worried because at the time of Plaintiff's visit their store was out of some product, and he feared Marriott getting written up by Plaintiff. | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's response to the PIP, his interview with the independent investigator, and correspondence with the independent investigator, establish Plaintiff advised Starbucks of the alleged setup ***for the first time* on *June 9, 2015*,** not in May 2014.  **Starbucks' Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1842-43, 1867-** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

136.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt. 54, Plaintiff's Dec. ¶ 102 | 68, 1881-82.<br><br>**DISPUTED**, further that Plaintiff's fact is based solely on inadmissible hearsay.<br><br>**DISPUTED.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 85.** |
| 976.  Marriott had been repeatedly out-of-Compliance with Starbucks' Standards (running out of products), and in the performance of his duties, Plaintiff had repeatedly cited Marriott, reflecting the Marriott Manager and giving him motivation to make negative statements and claims about Plaintiff.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 103<br>Dkt. 53-2, River's Depo 158:11-159:25; | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's citations to Rivers' deposition do not support this fact.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

137.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 153:19-156-20 | *See* **Evidentiary Objection No. 86.** |
| 977. Plaintiff immediately reported the Marriott Manager's complaint, as reported to him by Hoenecke, to Rivers.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 104 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's response to the PIP, his interview with the independent investigator, and correspondence with the independent investigator, establish Plaintiff advised Starbucks of the alleged Marriott setup ***for the first time* on *June 9, 2015***, not in May 2014.<br>**Starbucks Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1842-43, 1867-68, 1881-82.**<br><br>Additionally, Plaintiff contradicts his own deposition testimony wherein he specifically testified he did not disclose the Marriott incident to Rivers, and that she called him to ask him about it.  Furthermore, Plaintiff testified that Rivers and Plaintiff discussed a complaint wherein he |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | made a Marriott employee cry. **Starbucks' Supplemental Evidence, Second Mittal Decl. ¶ 3, Ex. A at 160:24-162:11.** <br><br> Disputed, further that Plaintiff's fact is based solely on inadmissible hearsay. <br><br> The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See*** **Evidentiary Objection No. 87.** |
| 978.  Rivers told Plaintiff that the she "completely understood" the Marriott situation, and felt that it was a similar situation to an incident involving Matt Scruggs (Caucasian), and that, "I believe 100% that you acted appropriately". <br><br> Dkt. 54, Plaintiff's Dec. ¶ 105 <br> Dkt. 53-1, Plaintiff's Depo163:4-164:18; 164:25-165:23; 167:2-167:23; 169:2-15 | **DISPUTED, as Plaintiff misstates the evidence.** <br><br> Plaintiff's response to the PIP, his interview with the independent investigator, and correspondence with the independent investigator, establish Plaintiff advised Starbucks of the alleged setup ***for the first time*** **on** ***June 9, 2015***, not in May 2014. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Starbucks Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1842-43, 1867-68, 1881-82.** |
| | Disputed, further that Plaintiff's fact is based solely on inadmissible hearsay. |
| | **DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 88.** |
| 979.  Sometime later, different than she did with Scruggs, Rivers removed Plaintiff from the Marriott account.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 106 | **DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 980.   Later, the Marriott Licensed Store Manager who lodged the complaint about Plaintiff in LA (having since relocated to | **DISPUTED, as Plaintiff misstates the evidence.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| work for Marriott in Hawaii), laughed and boasted to Starbuck's BDM for that territory, saying that the Marriott Manager said, "…he did not like his Licensed Store District Manager and intentionally worked to force Starbucks to remove him from the account (Marriott LAX)",      Hoenecke, BDM who was aware that "…there had recently been a request by the licensee to remove Kevin from that account…", immediately reported the this to Regional Manager John Warmke and to Plaintiff.<br><br>Dkt. 53-1, Plaintiff's Depo178:19-179:9; 181:17-183:19;<br>Dkt.53-3, Hoenecke's Dec ¶ 8;<br>Dkt.54, Plaintiff's Dec. ¶ 107 | Plaintiff's response to the PIP, his interview with the independent investigator, and correspondence with the independent investigator, establish Plaintiff advised Starbucks of the alleged setup *for the first time* on *June 9, 2015*, not in May 2014. **Starbucks Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1842-43, 1867-68, 1881-82.**<br><br>Additionally, Plaintiff's fact is based solely on inadmissible hearsay.<br><br>**DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 89, 164.** |
| 981.   Rivers made no further mention of the May 2014, Marriott complaint until | **DISPUTED, as Plaintiff misstates the evidence.** |

LITTLER MENDELSON, P.C.<br>633 West 5th Street<br>63rd Floor<br>Los Angeles, CA  90071<br>213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| about March 30, 2015 (after notice from BDM Hoenecke that the complaints regarding Plaintiff was the confessed intentional efforts by the Marriott Manager to have Plaintiff removed because he didn't like Plaintiff), after Plaintiff persisted in his pursuit of promotion and promotional opportunities.<br><br>Dkt.54, Plaintiff's Dec. ¶ 108<br>Exhibits – 30 and 31;<br>Dkt.53-3, Hoenecke's Dec ¶ 3-7; | Plaintiff's response to the PIP, his interview with the independent investigator, and correspondence with the independent investigator, establish Plaintiff advised Starbucks of the alleged setup **for the first time on June 9, 2015**, not in May 2014. **Starbucks Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1842-43, 1867-68, 1881-82.**<br><br>In fact, on June 26, 2014, Rivers and Rogers met with Plaintiff specifically to provide him feedback from his BDM interviews, discuss developing skills to obtain the position in the future, and discuss the Marriott complaint. **SUF 72, 23, 24, 73, 74.**<br><br>The Marriott complaint was also identified in the March 30 Memo and the PIP. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

142.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | SUF 96, 100.

**DISPUTED**, further that Plaintiff's fact is based solely on inadmissible hearsay.

**DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 162, 163.** |
| 982.    Rivers testified that she knew that the mere fact of a District Manager's citing of a Licensee for non-compliance with Starbucks' Standards could be a basis for a Licensee's manager to be upset with a District Manager.

Dkt.53-2, River's Depo 153:19-156-20; 158:11-159:25; Dkt.54, Plaintiff's Dec. ¶ 109 | **DISPUTED, as Plaintiff misstates the evidence.**

Plaintiff's citation to Rivers' deposition does not support this fact. Rivers does testify it is not uncommon for a non-compliant Licensed Store Manager to complain about a District Manager who was citing him/her for non-compliance. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

143.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Rather, she testified it varies depending on the communication style of the DM. **Dkt. 53-2, Rivers' Depo 154:14-155:4, 156:7-15.** |
| | Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. *See* **Evidentiary Objection No. 90.** |
| 983. This "support and assistance" that a Starbucks Licensed Store Regional Director owed to supervised District Managers was to provide reasonable review, investigation and analysis of complaints made by Licensees (and their staff) against District Managers, always noting and crediting the dynamics for conflict, because District Managers serve the best interest of Starbucks incident to serving the business partner Licensee.<br><br>Dkt.53-2, River's Depo 158:11-159:25; | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's citation to Rivers' deposition does not support this fact. Rivers does testify "against District Managers, always noting and crediting the dynamics for conflict, because District Managers serve the best interest of Starbucks incident to serving the business partner Licensee."<br>**Dkt. 53-2, Rivers' Depo 158:11-** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-4, Nelson's Dec ¶ 8 – 11; Dkt.54, Plaintiff's Dec. ¶ 110 | **159:25.**<br><br>The declaration of Nelson fails to declare in any manner that supports this fact.<br><br>Plaintiff relies on nothing more than his one-sided, self-serving, unfounded, and conclusory statement and testimony in support of this fact. *See* **Evidentiary Objections Nos. 91, 172-75.** |
| 984. As to Ralphs, Plaintiff was presented with Defendant's Exhibit F, for the first time in this Summary Judgment Motion. Plaintiff warned that Ralphs non-compliance relative to staffing shortages adversely impacted customer service and could lead to citations.<br><br>Dkt.54, Plaintiff's Dec. ¶ 111 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff was served with Starbucks' Exhibit F on January 23, 2018. **Starbucks Supplemental Evidence, Mittal Decl., ¶ 5, Exs. C-D.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | manufacturing conflicting evidence. ***See* Evidentiary Objection No. 92.** |
| 985.   In March, 2015, Rivers told Plaintiff that   Ralph's Lead, Anthony Zamora had voiced non-specific concerns which were not substantiated and could not be categorized as a complaint (a fact noted by Plaintiff in Exhibit- 27).<br><br> Dkt.54, Plaintiff's Dec. ¶ 112<br>Exhibit - 27 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>On February 23, 2015, Licensee Ralphs complained to Rivers that Mr. Briscoe was "not consistent with what he [was] telling the kiosk managers." Rivers advised Plaintiff about the complaint and provided feedback. **SUF 194-195.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 93.** |
| 986.   Zamora's email dated 2/23/2015 sets out that the real reason for his complaint was that Plaintiff was doing his job in addressing staffing issues at Ralphs, failure to execute plan for "Croissant Day" and | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>On February 23, 2015, Licensee Ralphs complained to Rivers that Mr. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| other infractions for which Zamora expressed concerns that Plaintiff would cite Ralphs for Non-Compliance.<br><br>Exhibit- 28<br><u>Dkt.54</u>, Plaintiff's Dec. ¶ 113 | Briscoe was "not consistent with what he [was] telling the kiosk managers." **SUF 194-195**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 84.** |
| 987.   As to Vons, Plaintiff did nothing wrong in texting Licensee employees on their cellular phones.<br><br><u>Dkt.54</u>, Plaintiff's Dec. ¶ 114 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>On May 6, 2015, Licensee Vons complained to Rivers that Vons employees felt harassed by Mr. Briscoe because he sent multiple texts to hourly Licensee employees about buying coffee.<br><br>It is against Starbucks policy to text third-party Licensee employees on their personal cellular phones. **SUL 53-54.** |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* Evidentiary Objection No. 95. |
| 988. Rivers' claim that it was against Starbuck Policy for a District Manager to text a Licensee employees on their cellphones is false. There was no such policy. (Note the absence of any ability to cite to a Starbuck Policy Statement)<br><br>Dkt.54, Plaintiff's Dec. ¶ 115 | **DISPUTED, as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.**<br><br>Whether Rivers statement was false calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Additionally, Plaintiff's fact contradicts his email dated May 14, 2015, wherein he acknowledges that "texting is not an approved method of communication with LSM as they do not have phones supplied by their employer as a tool for work." |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

148.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **SUF 55.**<br><br>On May 6, 2015, Licensee Vons complained to Rivers that Vons employees felt harassed by Mr. Briscoe because he sent multiple texts to hourly Licensee employees about buying coffee.<br><br>It is against Starbucks policy to text third-party Licensee employees on their personal cellular phones. **SUL 53-55.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  Plaintiff's opinion that there exists no policy is inadmissible opinion evidence and lacks foundation. ***See* Evidentiary Objection No. 96.** |
| 989.   Plaintiff's job, in important part, was | **DISPUTED,** the only evidence |

LITTLER MENDELSON, P.C.<br>633 West 5th Street<br>63rd Floor<br>Los Angeles, CA 90071<br>213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| to make certain that Licensees in his District were always stocked with products, of which "COFFEE" was the singular most important product.<br><br>Dkt.54, Plaintiff's Dec. ¶ 116; Exhibits – 22 and 23 | supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>***See* Evidentiary Objections Nos. 97, 157.**<br><br>Such fact, even if true, is **irrelevant and immaterial**.<br><br>***See* Evidentiary Objection No. 97.** |
| 990.   Starbucks maintained a **Weekly Product Revenue Report** which identified all orders/purchases of product from Starbucks by Licensees as a tool to assist District Managers in fulfilling their duty to support the Licensees with product availability.<br><br>Dkt.54, Plaintiff's Dec. ¶ 117 Exhibits – 22 and 23 | **DISPUTED,** the only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 991.   Starbucks maintained, for use by and assistance to its **LSDM**s, a **Weekly** | **DISPUTED,** the only evidence supporting this fact comes from |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

150.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Brewed Coffee Availability Report** which indicated the quantity of whole bean coffee required by a facility on a daily and weekly basis, based on the facility's days and hours of operation.<br><br>Dkt.54, Plaintiff's Dec. ¶ 118; Exhibits – 22 and 23 | Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 992.  Using the product management tools provided by Starbucks, Plaintiff determined that a Vons Licensees' product levels were low due to absence of reported orders/purchases.<br><br>Exhibit- 21, 22 and 23<br>Dkt.54, Plaintiff's Dec. ¶ 119 | **DISPUTED,** the only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 993.  Plaintiff sent an email to the Vons' Starbucks Operations Manager, asking that the product inventory levels be checked, because review of the order reports did not show that coffee had been ordered.<br><br>Exhibit- 24 | **UNDISPUTED,** however, **not supported by facts.**<br><br>Plaintiff's fact is based solely on inadmissible hearsay.<br><br>However, such fact, even if true, is |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 120 | **irrelevant and immaterial**.<br><br>*See* **Evidentiary Objection No. 98.** |
| 994.  On the same day as the email, Plaintiff was scheduled for a meeting with the Starbucks Manager at Vons (2077 Store), when his schedule was pre-empted by a last minute unscheduled New Store Opening at Residence Inn, due to issuance of a health inspection certificate by the County of Los Angeles Health Inspector.<br><br>Dkt.54, Plaintiff's Dec. ¶ 121 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>The email cited to support Plaintiff's Fact 993 is dated May 6, 2015.<br><br>Plaintiff's fact contradicts Plaintiff email regarding the text incident which was on March 11, 2015; Vons complained to Rivers that it was forced to pay an employee to wait two hours for Mr. Briscoe who was late to a scheduled meeting.  Rivers coached Mr. Briscoe about his lack of communication with respect to this incident.<br>**SUF 51-52.**<br><br>Plaintiff's fact also contradicts his email dated May 14, 2015, wherein he acknowledges that "texting is not |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | an approved method of communication with LSM as they do not have phones supplied by their employer as a tool for work." **SUF 55.** On May 6, 2015, Licensee Vons complained to Rivers that Vons employees felt harassed by Mr. Briscoe because he sent multiple texts to hourly Licensee employees about buying coffee. It is against Starbucks policy to text third-party Licensee employees on their personal cellular phones. **SUL 53-55.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

153.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 995.    Plaintiff notified Rivers and other management of this good, but unscheduled news.<br><br>Dkt.54, Plaintiff's Dec. ¶ 122 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>The email cited to support Plaintiff's Fact 993 is dated May 6, 2015.<br><br>Plaintiff's fact contradicts Plaintiff email regarding the text incident which was on March 11, 2015;Vons complained to Rivers that it was forced to pay an employee to wait two hours for Mr. Briscoe who was late to a scheduled meeting.  Rivers coached Mr. Briscoe about his lack of communication with respect to this incident.<br>**SUF 51-52.**<br><br>Plaintiff's fact contradicts his email dated May 14, 2015, wherein he acknowledges that "texting is not an approved method of communication with LSM as they do not have phones supplied by their employer as a tool |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | for work." **SUF 55.** On May 6, 2015, Licensee Vons complained to Rivers that Vons employees felt harassed by Mr. Briscoe because he sent multiple texts to hourly Licensee employees about buying coffee. It is against Starbucks policy to text third-party Licensee employees on their personal cellular phones. **SUL 53-55.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 996.  Within 2 minutes of Plaintiff sending an email to Vons, the Starbucks Manager at Vons (2077 Store) initiated a text message to Plaintiff about a meeting that was | **UNDISPUTED,** that someone from Vons responded to Plaintiff**.** **DISPUTED** that the response was |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| scheduled for that morning stating: "Ok, see U soon".<br><br>Dkt.54, Plaintiff's Dec. ¶ 123<br>Exhibit - 21 | within two minutes, as this is **not supported by Plaintiff's evidence**. Exhibit 21 does not indicate what time the text came through or who it was from.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 99.** |
| 997.   Plaintiff responded by text: "I got brand new store put on me at the last minute.  Sorry."<br><br>Dkt.54, Plaintiff's Dec. ¶ 124<br>Exhibit - 21 | **UNDISPUTED.** |
| 998.   The Starbucks Manager at Vons (2077 Store) texted: "no worries", and Plaintiff replied: "Did you order brewed coffee pike place 5lb bullets.  I noticed no order was placed?   What's the status of inventory levels" | **UNDISPUTED,** that someone from Vons responded to Plaintiff**.**<br><br>**DISPUTED** that the response was from a Vons manager, as this is **not supported by Plaintiff's evidence.** |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 125<br>Exhibit - 21 | Exhibit 21 does not indicate what time the text came through or who it was from.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 100.** |
| 999.  The Starbucks Manager at Vons (2077 Store) texted back: I haven't order this week yet today is my Order day…"<br><br>Dkt.54, Plaintiff's Dec. ¶ 126;<br>Exhibit - 21 | **UNDISPUTED,** that someone from Vons responded to Plaintiff**.**<br><br>**DISPUTED** that the response was from a Vons manager, as this is **not supported by Plaintiff's evidence**.  Exhibit 21 does not indicate what time the text came through or who it was from.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | manufacturing conflicting evidence. *See* **Evidentiary Objection No. 101.** |
| 1000.   In advance of training and opening, the Residence Inn informed Plaintiff and Defendant (through Hoenecke) that as a part of its "non-discrimination" policy, it hired some persons to be Starbucks Baristas who were "mentally challenged but should be able to do the job".<br><br>Dkt.53-1, Plaintiff's Depo173:6-174:25; 175:1-16; 177:17-178:10;<br>Dkt.54, Plaintiff's Dec. ¶ 127; | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's cited testimony does not support this fact.  Plaintiff testified that "the baristas that were there that day were handicapped baristas, meaning they had - - they were slower."<br>**Dkt. 53-1, Plaintiff's Depo, 173:6-174:25; 175:1-16; 177:17-178:10; SUF 60.**<br><br>Disputed, further that Plaintiff's fact is based solely on inadmissible hearsay.<br><br>**DISPUTED,** the only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *See* **Evidentiary Objection No. 102.** |
| 1001.  Plaintiff did not "fail to follow Starbucks' procedure in training the Baristas for the new Residence Inn Starbucks.<br><br>Dkt.54, Plaintiff's Dec. ¶ 128; Dkt.53-1, Plaintiff's Depo173:6-174:25; 175:1-16; 177:17-178:10; | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's cited testimony does not support this fact.  Plaintiff testified that "the baristas that were there that day were handicapped baristas, meaning they had - - they were slower."<br>**Dkt. 53-1, Plaintiff's Depo, 173:6-174:25; 175:1-16; 177:17-178:10; SUF 60.**<br><br>Rather, the evidence shows that because Mr. Briscoe failed to follow Starbucks' procedure, Starbucks had to close the new Residence Inn location in order to retrain the Licensee employee baristas.<br>**SUF 56-60.**<br><br>**DISPUTED**, further that Plaintiff's fact is based solely on inadmissible |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | hearsay.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  ***See* Evidentiary Objection No. 103.** |
| 1002.  The Baristas for the new Residence Inn Starbucks were a little slower than normal, but were fully trained and certified pursuant to Starbucks' Training System and New Store Opening Training Plan.<br><br>Dkt.53-1, Plaintiff's Depo173:6-174:25; 175:1-16; 177:17-178:10;<br>Dkt.54, Plaintiff's Dec. ¶ 129 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's cited testimony does not support this fact.  Plaintiff testified that "the baristas that were there that day were handicapped baristas, meaning they had - - they were slower."<br>**Dkt. 53-1, Plaintiff's Depo, 173:6-174:25; 175:1-16; 177:17-178:10; SUF 60.**<br><br>Rather, the evidence shows that because Mr. Briscoe failed to follow Starbucks' procedure, Starbucks had |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

160.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | to close the new Residence Inn location in order to retrain the Licensee employee baristas. **SUF 56-60.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 104.** |
| 1003.   For the first week or so on the job, a Baristas usually performs slower because of the adaptation process that takes place, the fact that the  job is new, the variety of different drinks to be made, and the fact that customer are there waiting and watching, the anxiety level for the new Baristas is very high until they get a bit of actual work experience under their belts.<br><br> Dkt.53-1, Plaintiff's Depo173:6-174:25; 175:1-16; 177:17-178:10;<br>Dkt.54, Plaintiff's Dec. ¶ 130 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Plaintiff's cited testimony does not support this fact.  Plaintiff testified that "the baristas that were there that day were handicapped baristas, meaning they had - - they were slower." **Dkt. 53-1, Plaintiff's Depo, 173:6-174:25; 175:1-16; 177:17-178:10; SUF 60.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Rather, the evidence shows that because Mr. Briscoe failed to follow Starbucks' procedure, Starbucks had to close the new Residence Inn location in order to retrain the Licensee employee baristas. **SUF 56-60.** <br><br> The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 1004.  The Baristas performance in the early going of the new opening reflective of the fact of the novelty of the job and the multiple tasks (variety of drinks), and the fact that people respond to pressure and circumstances differently. <br><br> Dkt.54, Plaintiff's Dec. ¶ 131; Dkt.53-1, Plaintiff's Depo173:6-174:25; 175:1-16; 177:17-178:10; | **DISPUTED, as Plaintiff misstates the evidence.** <br><br> Plaintiff's cited testimony does not support this fact.  Plaintiff testified that "the baristas that were there that day were handicapped baristas, meaning they had - - they were slower." <br> **Dkt. 53-1, Plaintiff's Depo, 173:6-174:25; 175:1-16; 177:17-178:10;** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **SUF 60.** Rather, the evidence shows that because Mr. Briscoe failed to follow Starbucks' procedure, Starbucks had to close the new Residence Inn location in order to retrain the Licensee employee baristas. **SUF 56-60.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  Plaintiff's evidence is inadmissible opinion evidence and lacks foundation. *See* **Evidentiary Objection No. 105.** |
| 1005.  As to Residence Inn, Rivers lied in stating that: "…Starbucks had to close the new Residence Inn location in order to retrain the Licensee employee baristas". | **DISPUTED, as Plaintiff misstates the evidence.** Plaintiff's cited testimony does not support this fact.  Plaintiff testified |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 132; Exhibit- 25 | that "the baristas that were there that day were handicapped baristas, meaning they had - - they were slower." **Dkt. 53-1, Plaintiff's Depo, 173:6-174:25; 175:1-16; 177:17-178:10; SUF 60.** Rather, the evidence shows that because Mr. Briscoe failed to follow Starbucks' procedure, Starbucks had to close the new Residence Inn location in order to retrain the Licensee employee baristas. **SUF 56-60.** The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. Plaintiff's evidence is inadmissible opinion evidence and lacks foundation. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *See* **Evidentiary Objection No. 106.** |
| 1006.  On-site Licensed Store Manager wrote an email to Plaintiff, **Rivers** and others announcing that the additional training of baristas (6-Days) would be "**in addition to operating during normal business hours**". <br><br> Exhibit- 25 <br> Dkt.54, Plaintiff's Dec. ¶ 133 | **UNDISPUTED, but immaterial and irrelevant** as this email fails to show the contemporaneous occurrences**.** <br><br> Rather, the evidence shows that because Mr. Briscoe failed to follow Starbucks' procedure, Starbucks had to close the new Residence Inn location in order to retrain the Licensee employee baristas. **SUF 56-60.** <br><br> Disputed, further that Plaintiff's fact is based solely on inadmissible hearsay. <br><br> The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 107.** |
| 1007.  A "360 Feedback Survey" is a | **UNDISPUTED.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| solicitation of ones' Peers (in Plaintiff's case, other LSDMs) to give feedback on them anonymously.<br><br>Dkt.54, Plaintiff's Dec. ¶ 134 | |
| 1008.  A "360 Feedback Survey" is not a solicitation of ones' Licensees. ''<br><br>Dkt.54, Plaintiff's Dec. ¶ 135 | **UNDISPUTED.** |
| 1009.  A "360 Feedback Survey" is not a performance evaluation and is not intended to be used to evaluate or become a component part of an employees' performance evaluation.<br><br>Dkt.54, Plaintiff's Dec. ¶ 136 | **DISPUTED, as Plaintiff misstates the evidence.**<br><br>Mr. Briscoe agreed to participate in a 360 Peer review which was completed in February 2015, which was designed to *give him additional insight into how* he was perceived by his peers/other Partners *to assist with his personal development and preparation of his Personal Development Plan.*<br>**SUF 77-78.**<br><br>The only evidence supporting this fact |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  Plaintiff's evidence is inadmissible opinion evidence and lacks foundation.  *See* **Evidentiary Objection No. 108.** |
| 1010.  Plaintiff and other LS District Managers would only interact with each other on an occasional basis for a District Managers' Meeting every four (4) to six (6).  Dkt.54, Plaintiff's Dec. ¶ 137 | **UNDISPUTED, but immaterial and irrelevant**.  The amount of time communication with fellow partners does not invalidate or excuse deficient communication skills. |
| 1011.  Plaintiff voluntarily agreed to allow his peers give him feedback.  Dkt.54, Plaintiff's Dec. ¶ 138 | **UNDISPUTED.** |
| 1012.   No other District Manager under Rivers' supervision was subjected to a "360 Feedback Survey", and HR did not conduct such a survey of any other District Managers. | **DISPUTED, but immaterial and irrelevant**.  The only evidence supporting this fact comes from Plaintiff's self-serving |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 139 | declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 111.** |
| 1013.   Rivers claimed that Plaintiff's communication style was a problem, and Plaintiff agreed to a "360 Feedback Questionnaire" prepared by H.R. soliciting feedback from Plaintiff's peers. to determine if Plaintiff's communication style was viewed by others as being consistent with the claims made by Rivers. (Plaintiff's success at all times before he started to seek promotion says that Plaintiff was not only an effective communicator, but that Rivers recognized him to be an effective communicator and leader, which is why she selected him for leadership and high profile roles.)<br><br>Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-5, Lugo's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 2-11. | **UNDISPUTED,** that Plaintiff had deficiencies with his communication and agreed to a 360 Peer Review<br><br>**DISPUTED** as to the rest of the fact as **not supported by evidence.**<br><br>**DISPUTED,** that Plaintiff "agreed" to the "360 Review" – *he testified that it was his idea.*<br>**Starbucks' Supplemental Evidence, Second Mittal Decl. ¶ 3, Ex. A at 267:16-268:8.**<br><br>**DISPUTED, as Plaintiff's evidence does not support his fact.**  For example, Plaintiff's cites to the 2013 Annual Performance Review which specifically identified the following performance improvement |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 140<br>Exhibit – 19 | opportunities:<br>"Continued focus on listening for understanding rather than listening to respond. Ensure you both understand and are understood. Communication is key to success. Elevate store level issues where conflict or misunderstanding occurs. Ensure all relevant facts are shared and a clear picture is painted of problems without rounds of follow up questions required to fully understand situation. Take time to ask questions to ensure understanding on all sides. This will minimize opportunity to have integrity questioned. Focus on team commitments and execute in manner agreed to (or influence commitment). Once aligned execute in accord with agreement." This is the exact *opposite* of Plaintiff's assertion regarding his ratings.<br>**SUF 42. 43.** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

169.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Plaintiff also misstates the evidence**. Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 Annual Performance Review, 2013 Performance Review, March 30 Memo, and PIP with respect to Plaintiff's communication skills, interactions with other District Managers, and partnering with Company Operations to support training and successful operations in 2015. *See* **SUF 39-43, 56-60, 96-100.** The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. None of the declarants has any knowledge |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

170.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | of the results of the 360 Review. *See* **Evidentiary Objections Nos. 112, 162, 163, 166-75, 178-89.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 112, 162, 163, 166-75, 178-89.** |
| 1014.   The results of the "360 Feedback Survey" from Plaintiff's team members and peers, determined that Plaintiff's communication style was not an issue or a concern as claimed by Rivers, and that in contrast to Rivers' claims, Plaintiff's team members specifically requested that Plaintiff continue to collaborate with them and continue to leverage his leadership and experience to elevate the Team. | **DISPUTED, as Plaintiff's evidence does not support his fact.** The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. None |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-3, Hoenecke's Dec ¶ 3-7; Dkt.53-6, Maliwat's Dec ¶ 1-6; Dkt.53-5, Lugo's Dec ¶ 1-6; Dkt.53-4, Nelson's Dec ¶ 2-11. Dkt.54, Plaintiff's Dec. ¶ 141 Exhibits – 29 and 20 | of the declarants has any knowledge of the results of the 360 Review. **Plaintiff also misstates the evidence.** The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 113, 162, 163, 166-75, 178-89.** |
| 1015.   Defendant failed to note that the "360" contained positive qualities including "great at keeping good dialogue concerning projects we worked together on." Exhibit- 29; | **DISPUTED, as Plaintiff's evidence does not support his fact.** It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the |

172.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-3, Hoenecke's Dec ¶ 3-7; Dkt.53-6, Maliwat's Dec ¶ 1-6; Dkt.53-5, Lugo's Dec ¶ 1-6; Dkt.53-4, Nelson's Dec ¶ 2-11. Dkt.54, Plaintiff's Dec. ¶ 142 | entire fact consists of **argument** and does not belong in a separate statement.<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.**<br><br> Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

173.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 114, 162, 163, 166-75, 178-89.** |
| 1016.   Defendant failed to note that the "360" contained positive qualities including, that Plaintiff asks questions which sparks meaningful conversation.

Exhibit- 29;
Dkt.53-3, Hoenecke's Dec ¶ 3-7;
Dkt.53-6, Maliwat's Dec ¶ 1-6;
Dkt.53-5, Lugo's Dec ¶ 1-6;
Dkt.53-4, Nelson's Dec ¶ 2-11.
Dkt.54, Plaintiff's Dec. ¶ 143 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.

The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

174.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence.** The 360 Reviews corroborated Rivers' concerns.<br>**SUF 70-93, 94-95.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objections Nos. 115, 162, 163, 166-75, 178-89.** |
| 1017.  Defendant failed to note that the "360" contained positive qualities including that Plaintiff provides "authentic and genuine feedback" which allows others to understand his intent in communicating.<br><br> Exhibit- 29<br>Dkt.54, Plaintiff's Dec. ¶ 144 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | statement. |
| | The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. None of the declarants has any knowledge of the results of the 360 Review. |
| | **Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** |
| | Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

176.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | manufacturing conflicting evidence. *See* **Evidentiary Objection No. 116.** |
| 1018.   Defendant failed to note that the "360" contained positive qualities including that Plaintiff is direct.<br><br>Exhibit- 29;<br>Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-5, Lugo's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 2-11.<br>Dkt.54, Plaintiff's Dec. ¶ 145 | **DISPUTED, as Plaintiff's evidence does not support his fact.**   It is also **contains ARGUMENT.**<br>Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

177.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.   Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* Evidentiary Objections Nos. **117, 162, 163, 166-75, 178-89.** |
| 1019.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…making connections across Departments and within Accounts." Exhibit- 29; Dkt.53-3, Hoenecke's Dec ¶ 3-7; Dkt.53-6, Maliwat's Dec ¶ 1-6; Dkt.53-5, Lugo's Dec ¶ 1-6; Dkt.53-4, Nelson's Dec ¶ 2-11. | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. The declarations of Nelson and |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

178.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 146 | Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95**.<br><br> Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 118, 162, 163, 166-75, 178-89**. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1020.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…always there ready to help peers."<br><br>Exhibit- 29;<br>Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-5, Lugo's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 2-11.<br>Dkt.54, Plaintiff's Dec. ¶ 147 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.**<br>Whether Starbucks failed to take an action it was legally required to do calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence.** The 360 Reviews corroborated Rivers' concerns. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **SUF 70-93, 94-95.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 119, 162, 163, 166-75, 178-89.** |
| 1021.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "… driving business results." <br><br> Exhibit- 29; <br> Dkt.53-3, Hoenecke's Dec ¶ 3-7; <br> Dkt.53-6, Maliwat's Dec ¶ 1-6; <br> Dkt.53-5, Lugo's Dec ¶ 1-6; <br> Dkt.53-4, Nelson's Dec ¶ 2-11. <br> Dkt.54, Plaintiff's Dec. ¶ 148 | **DISPUTED, as Plaintiff's evidence does not support his fact.** It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. <br><br> The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns.<br>**SUF 70-93, 94-95.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 120, 162, 163, 166-75, 178-89.** |
| 1022.   Defendant failed to note that the "360" contained positive qualities which | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| should be continued, including, "…always available to share best practices."  Exhibit- 29 Dkt.54, Plaintiff's Dec. ¶ 149 | **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.  The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.  **Plaintiff also misstates the evidence.** The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 121.** |
| 1023.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…provides great thought provoking questions that always insures healthy collaboration."<br><br>Exhibit- 29;<br>Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-5, Lugo's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 2-11.<br>Dkt.54, Plaintiff's Dec. ¶ 150 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.**<br>Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact.  Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns.<br>**SUF 70-93, 94-95.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 122, 162, 163, 166-75, 178-89.** |
| 1024.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…offers additional side or perspective to think about." | **DISPUTED, as Plaintiff's evidence does not support his fact.**   It is also **contains ARGUMENT.**<br>Whether Starbucks failed to take an action it was legally required to take |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Exhibit- 29;<br>Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-5, Lugo's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 2-11.<br>Dkt.54, Plaintiff's Dec. ¶ 151 | calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns.<br>**SUF 70-93, 94-95.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objections Nos. 123, 162, 163, 166-75, 178-89.** |
| 1025.  Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…works collaboratively – strongest attribute".<br><br> Exhibit- 29;<br> Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br> Dkt.53-6, Maliwat's Dec ¶ 1-6;<br> Dkt.53-5, Lugo's Dec ¶ 1-6;<br> Dkt.53-4, Nelson's Dec ¶ 2-11.<br> Dkt.54, Plaintiff's Dec. ¶ 152 | **DISPUTED, as Plaintiff's evidence does not support his fact.** It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. None |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | of the declarants has any knowledge of the results of the 360 Review. **Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 124, 162, 163, 166-75, 178-89.** |
| 1026.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…being the first to test new market programs and technology within his territory." Exhibit- 29; | **DISPUTED, as Plaintiff's evidence does not support his fact.** It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-3, Hoenecke's Dec ¶ 3-7; <br> Dkt.53-6, Maliwat's Dec ¶ 1-6; <br> Dkt.53-5, Lugo's Dec ¶ 1-6; <br> Dkt.53-4, Nelson's Dec ¶ 2-11. <br> Dkt.54, Plaintiff's Dec. ¶ 153 | does not belong in a separate statement. <br><br> The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact. None of the declarants has any knowledge of the results of the 360 Review. <br><br> **Plaintiff also misstates the evidence.** The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** <br><br> Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | cannot create a disputed fact by manufacturing conflicting evidence. **See** Evidentiary Objections Nos. **125, 162, 163, 166-75, 178-89.** |
| 1027.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "… allowing his team to learn through his experiences." <br><br> Exhibit- 29; <br> Dkt.53-3, Hoenecke's Dec ¶ 3-7; <br> Dkt.53-6, Maliwat's Dec ¶ 1-6; <br> Dkt.53-5, Lugo's Dec ¶ 1-6; <br> Dkt.53-4, Nelson's Dec ¶ 2-11. <br> Dkt.54, Plaintiff's Dec. ¶ 154 | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. <br><br> The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.**<br><br> Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See*** **Evidentiary Objections Nos. 126, 162, 163, 166-75, 178-89.** |
| 1028.   Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…great presentation skills that are very clear…"<br><br> Exhibit- 29;<br> Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br> Dkt.53-6, Maliwat's Dec ¶ 1-6;<br> Dkt.53-5, Lugo's Dec ¶ 1-6; | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.**<br>Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| <u>Dkt.</u>53-4, Nelson's Dec ¶ 2-11. <u>Dkt.</u>54, Plaintiff's Dec. ¶ 155 | The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.<br><br>**Plaintiff also misstates the evidence**. The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact.  Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *See* **Evidentiary Objections Nos. 127, 162, 163, 166-75, 178-89.** |
| 1029.  Defendant failed to note that the "360" contained positive qualities which should be continued, including, "…always presents himself in a professional manner." | **DISPUTED, as Plaintiff's evidence does not support his fact.**  It is also **contains ARGUMENT.** Whether Starbucks failed to take an action it was legally required to take calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. |
| Exhibit- 29; Dkt.53-3, Hoenecke's Dec ¶ 3-7; Dkt.53-6, Maliwat's Dec ¶ 1-6; Dkt.53-5, Lugo's Dec ¶ 1-6; Dkt.53-4, Nelson's Dec ¶ 2-11. Dkt.54, Plaintiff's Dec. ¶ 156 | The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible; they also do not include a single statement supporting this fact.  None of the declarants has any knowledge of the results of the 360 Review.

**Plaintiff also misstates the evidence**. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | The 360 Reviews corroborated Rivers' concerns. **SUF 70-93, 94-95.** Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objections Nos. 128, 162, 163, 166-75, 178-89.** |
| 1030. After the results of the "360", Rivers become more intense in her efforts to attack Plaintiff's performance and to find something negative in and/or about his performance. Dkt.54, Plaintiff's Dec. ¶ 157; Exhibits 30 and 26. | **UNDISPUTED,** to the extent that Starbucks continued coaching Plaintiff regarding his ongoing performance deficiencies after he received the results of the 360 Review. It is also **contains ARGUMENT.** Whether Rivers was trying to find something negative about Plaintiff calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | statement. |
| | **DISPUTED, as Plaintiff evidence does not support his fact** Starbucks coached Plaintiff with more intensity. Plaintiff had received coaching for years.  For example, Plaintiffs cites to the 2012 Annual Performance Review which specifically identified the following performance improvement opportunities: "[d]o more work around adjusting for his audience – tends to talk like he thinks and repeats himself rather than just adjusts; [p]eers sometimes wonder if he's listening; [s]hould continue to build strong and valuable 1st team relationships." This is the exact *opposite* of Plaintiff's assertion regarding his performance. **SUF 40, 41,** *see also* **42, 43, 13, 23, 24, 72-74.** **Plaintiff also misstates the evidence**. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Plaintiff fails to acknowledge the complete contents of the District Manager Assessment Guide, 2012 Annual Performance Review, and 2013 Performance Review. *See* **SUF 39-43, 56-60, 96-100.**<br><br>Additionally, other than Plaintiff's unfounded, conclusory, speculative, and self-serving declaration testimony, Plaintiff's cited evidence does not support this fact. Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 129.** |
| 1031.   Over the course of 5-6 months after having been found to have made false performance claims against Plaintiff, Rivers went on the attack against Plaintiff engaging in actions to harass Plaintiff, undermining and discrediting Plaintiff's performance, making numerous false claims about Plaintiff's job performance verbally and in email communications. | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.** Whether Rivers "went on the attack" calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 158; Exhibits – 30 and 26; Dkt.53-4, Nelson's Dec ¶ 2-13. Dkt.53-3, Hoenecke's Dec ¶ 3-7; Dkt.53-6, Maliwat's Dec ¶ 1-6; Dkt.53-5, Lugo's Dec ¶ 1-6; AMF # 980-981 | Furthermore, Plaintiff's **evidence does not support his fact.** Exhibits 30 and 26 are the March 30 Memo and PIP which go to the validity of Starbucks' concerns regarding Plaintiff's job performance. **Plaintiff's Dec. Exhibits - 26, 30.** The Nelson and Hoenecke declarations also do not declare about Rivers' specific treatment of Plaintiff. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not support this fact beyond their own perception of Plaintiff. The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 130,** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

197.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **162, 163, 166-75, 178-89.** |
| 1032.   Rivers' false claims against/about Plaintiff included the false claim that Plaintiff authorized and permitted display of HMS Host Hospital Donation Boxes at LAX.<br><br>Dkt.54, Plaintiff's Dec. ¶ 159; Exhibit - 32 | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.**<br>Whether Rivers made false claims calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Furthermore, Plaintiff's **evidence does not support his fact**.    Exhibit 32 in no way references any claim that is false against Plaintiff.<br>**Plaintiff's Dec. Exhibit - 32.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objections Nos. 131.** |
| 1033.   Rivers' false [sic] claimed that | **DISPUTED as Plaintiff misstates** |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Plaintiff planned and held an Office Coffee Tasting presentation for smoothies without her approval.<br><br>Dkt.54, Plaintiff's Dec. ¶ 160; Exhibit -33. | **the evidence.** It is also **contains ARGUMENT.**<br>Whether Rivers made false claims calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Furthermore, Plaintiff's **evidence does not support his fact**. Exhibit 33in no way suggests that Plaintiff was making false claims about Plaintiff. **Plaintiff's Dec. Exhibit – 33.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 132.** |
| 1034.   Rivers' false claims against/about Plaintiff included the false claim of accusing Plaintiff of bullying and pressuring Licensed Store, Von's (Store | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 2077) to buy coffee.<br><br>Dkt.54, Plaintiff's Dec. ¶ 125, 126 and 161<br>Exhibit – 21;<br>AMF # 990-999. | Whether Rivers made false claims calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Furthermore, Plaintiff's **evidence does not support his fact**.  Exhibit 21 in no way references any claim that is false against Plaintiff.  Nor do PASUF Nos 990-999.<br>**Plaintiff's Dec. Exhibit - 21;** *see* **Starbucks Response to PASUF 990-999.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objections Nos. 100, 101, 133.** |
| 1035.  Rivers' false claim against/about Plaintiff included her claim that Plaintiff | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains** |

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| held an Office Coffee Tasting presentation for smoothies without her approval.<br><br>Dkt.54, Plaintiff's Dec. ¶ 162; Exhibit -33 | **ARGUMENT.**<br>Whether Rivers made false claims calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>Furthermore, Plaintiff's **evidence does not support his fact**.  Exhibit 33 in no way references any claim that is false against Plaintiff.  Nor do PASUF Nos 990-999.<br>**Plaintiff's Dec. Exhibit -33.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>***See*** **Evidentiary Objection No. 134.** |
| 1036. Rivers' falsely claimed that Plaintiff Plaintiff's [sic] participation in USLT leadership tour at USC Deck, where Rivers misstated food % of sales. | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.**<br>Whether Rivers made false claims |

LITTLER MENDELSON, P.C.<br>633 West 5th Street<br>63rd Floor<br>Los Angeles, CA 90071<br>213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 163; Exhibit - 34 | calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. <br><br> Furthermore, Plaintiff's **evidence does not support his fact**. Exhibit 34 in no way references any claim that is false against Plaintiff. **Plaintiff's Dec. Exhibit - 34.** <br><br> The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 135.** |
| 1037. Rivers' false claims against/about Plaintiff included the false claim that Plaintiff caused issues with Marriott coaching (when, in fact, another Starbucks leader/source reported that a Marriott director created the issue about which there was a complaint. | **DISPUTED, as Plaintiff misstates the evidence.** Whether Rivers made false claims calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 107, 164; Dkt.53-1, Plaintiff's Depo178:19-179:9; 181:17-183:19; | Plaintiff's response to the PIP, his interview with the independent investigator, and correspondence with the independent investigator, establish Plaintiff advised Starbucks of the alleged setup *for the first time* **on** ***June 9, 2015***, not in May 2014. **Starbucks Evidence, Schultz Decl. ¶ 6, Ex. B, Page ID #1842-43, 1867-68, 1881-82.** <br><br> **DISPUTED**, further that Plaintiff's fact is based solely on inadmissible hearsay. <br><br> **DISPUTED,** The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See*** **Evidentiary Objections Nos. 89, 136.** |
| 1038.   After around January, 2015, | **DISPUTED as Plaintiff misstates** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| ongoing until Plaintiff was forced to resign, Rivers routinely demean and undermine Plaintiff's presentations at group District Manager Team Meetings by interrupting Plaintiff without reason and repeatedly cutting him off.<br><br>Dkt.54, Plaintiff's Dec. ¶ 165; | **the evidence.** It is also **contains ARGUMENT.**<br>Whether Plaintiff was forced to resign calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  ***See*** **Evidentiary Objection No. 137.** |
| 1039.   On or April 3, 2015, H.R. Manager Sara Rogers, met with Rivers and Plaintiff to discuss false performance and related claims raised by Rivers in a memo, including:<br><br>      A.     Marriott Coaching – where it was learned that the Marriott employee was at fault and Plaintiff, notwithstanding Rivers' claims, did nothing | **DISPUTED as Plaintiff misstates the evidence.** It is also **contains ARGUMENT.**<br>Whether the March 30 Memo was false calls for a **legal conclusion** and the entire fact consists of **argument** and does not belong in a separate statement.<br><br>The March 30 Memo detailed some, |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| wrong;<br><br>B.     Claiming that Ralphs' DM called with unspecified comments, and Plaintiff saying that the GM's comments could not be justified as a complaint, because, if any complaint was made, none was ever communicated by either the District Manager or by Defendant, to Plaintiff.<br><br>C     Rivers repeatedly claiming that she struggled to understand email communication from Plaintiff which provided her with responses to matters that she raised, and offered example and emails to validate the facts and points made by Plaintiff;<br><br>D.     Host Playbook – Host has been on playbook well in advance of any deadline, but | but not all, of Plaintiff's deficiencies in his communication, performance, routine, and accuracy, as well as Licensee complaints.<br>**SUF 40-100**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 138.** |

LITTLER MENDELSON, P.C.<br>633 West 5th Street<br>63rd Floor<br>Los Angeles, CA  90071<br>213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Rivers falsely claimed that they were not;<br><br>E.     Sales – Plaintiff sent Rivers details by location but Rivers refused to accept the facts;<br><br>F.     Twitter sign posted at LAX, a matter that arouse while Plaintiff was on vacation and addressed immediately upon receipt of the Client/Customer notified Plaintiff, was raised by Rivers as a performance defect by Plaintiff;<br><br>G.     HMS Host Red Cup usage, an action by a Client/Customer that was inventory related and reasonable, but cited by Rivers as a problem; and,<br><br>I.     HMS Host using hospital charity box. | |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 166 | |
| 1040. On May 28, 2015, Plaintiff mistakenly gave Rivers a March, 2015 AOP Business Review, intending to give her his April AOP Business Review, while she was visiting for a "field day", which Rivers abruptly ended, for reasons not then known to Plaintiff.<br><br> Dkt.54, Plaintiff's Dec. ¶ 167<br>Exhibit - 35 | **UNDISPUTED,** that on May 28, 2015, Plaintiff provided Rivers March 2015 AOP Reviews.<br><br>**DISPUTED** as the remainder of the fact as **not supported by evidence**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br><br>Such fact, even if true, is **irrelevant and immaterial**, because whether Rivers attended "field day" visits is not an issue or relevant to this lawsuit or Plaintiff's claims. |
| 1041. Within minutes of Rivers abruptly ended her "field day" with Plaintiff, Plaintiff checked his documents and discovered that he had given Rivers the "March Business Review" and not the | **UNDISPUTED,** that on May 28, 2015, Plaintiff provided Rivers March 2015 AOP Reviews.<br><br>**DISPUTED** as the remainder of the |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| April, 2015 Review (which he intended to give her) and immediately sent an email to Rivers with the April AOP Review.<br><br>Dkt.54, Plaintiff's Dec. ¶ 168<br>Exhibit -35 | fact **as not supported by evidence**. Attachment 35 does not indicate that Rivers had attended a "field day," "ended" it abruptly, or the timing of when Plaintiff checked through his documents.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br><br>Such fact, even if true, is **irrelevant and immaterial**, because whether Rivers attended "field day" visits is not an issue or relevant to this lawsuit or Plaintiff's claims. |
| 1042.    Rivers refused to acknowledge receipt of the documents, and later attempted to cite to this incident as representative of a negative performance issue. | **DISPUTED as Plaintiff misstates the evidence.**  It is also **contains ARGUMENT.**<br>Whether Rivers refused to acknowledge receipt of a document calls for a **legal conclusion** and the |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.54, Plaintiff's Dec. ¶ 169;<br><br>Exhibits -30 and 26;<br><br>AMF # 980-981; 990-1006. | entire fact consists of **argument** and does not belong in a separate statement.<br><br>The document cited to by Plaintiff and attached as Exhibit 26, the PIP, does not cite this incident as a representative of a negative performance issue.  Rather, the PIP identifies the following "Current Performance" issue: "Email communication does not appear to be thought through ahead of time. Emails often lack appropriate detail and analysis and don't the supply necessary information to inform the audience. This results in a lot of back and forth communication in order to solve problems s. a more thoughtful and efficient communication approach. (Kevin has been coached repeatedly regarding this issue - verbally, by email, in sessions with prm and noted in previous |

209.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | performance documentation March 2015)." **Dkt. 54, Plaintiff's Dec., Exhibit 26;** *see also* **Exhibit 30.** <br><br> The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |
| 1043**.**    On June 6th, 2015, Rivers, with H.R. Manager Rogers as witness, issued Plaintiff a Performance Improvement Plan, and Plaintiff responded on June 9th with a copy to Senior Leadership providing a full and complete response to the PIP and requesting a third party neutral investigation of the false, inaccurate statement alleged by Rivers. <br><br> Exhibits- 26 and 27; <br> Dkt.53-3, Hoenecke's Dec ¶ 3-7; <br> Dkt.53-6, Maliwat's Dec ¶ 1-6; <br> Dkt.53-5, Lugo's Dec ¶ 1-6; | **UNDISPUTED,** that Plaintiff was issued a PIP and that on June 9, 2015, Plaintiff responded to the PIP, sent a copy of his response to Senior Leadership, and demanded a third party investigator to investigate claims of unfair treatment. <br><br> The remainder of this fact is **DISPUTED and contains ARGUMENT.**  Whether the PIP was false and inaccurate calls for a **legal conclusion** and the fact consists of **argument** and does not belong in a |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

210.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Dkt.53-4, Nelson's Dec ¶ 2-13; AMF # 980-981; 990-1006; Dkt.54, Plaintiff's Dec. ¶ 170 | separate statement. Additionally, the PIP was delivered to Plaintiff by Sundquist and Rivers, not by Rogers.  Furthermore, the PIP was delivered on June 4, 2015, not June 6, 2015. **SUF 100; Plaintiff's Dec. Exhibits 26, 27.** The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

211.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *See* **Evidentiary Objections Nos. 139, 162, 163, 166-76, 178-89.** |
| 1044**.**     Shortly after June 9, 2025, Plaintiff was notified by Karen Castro that she would look into the issues he raised and get back to Plaintiff.  (Plaintiff never heard anything more from Castro.)  Dkt.54, Plaintiff's Dec. ¶ 171 | **UNDISPUTED, but irrelevant** and **immaterial** to Plaintiff's claims of Rivers' unfair conduct.  Further irrelevant because Plaintiff contacted by Starbucks' Business Ethics & Compliance Department to notify him that and independent investigator would be investigating his complaints about Rivers' alleged unfair treatment of him.  *See* **PASUF 1045.** |
| 1045.  On June 12th, 2015, Plaintiff was notified by the Business Ethics & Compliance Department that Emily Shultz would be contacting him and also conducting an independent interview.  Dkt.54, Plaintiff's Dec. ¶ 172 | **UNDISPUTED.** |
| 1046. Plaintiff later met with Shultz in person once, and once conversed with her by telephone regarding his claims, but never received any report of Shultz's | **UNDISPUTED,** Rivers interviewed Plaintiff on July 2nd and July 10, 2015. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| actions/conclusions regarding his claims from either Defendant or Shultz.<br><br>Dkt.54, Plaintiff's Dec. ¶ 173 | **UNDISPUTED,** but **misstates the evidence**, that Plaintiff did not receive the results of the investigation. Plaintiff resigned before the investigation was completed, and when Schultz called Plaintiff to provide him the results of her investigation, he did not call her back.<br>**Starbucks' Evidence, Schultz Decl. ¶ 10.** |
| 1047. "[O]pportunities", as used in the Annual Performance Review are not intended to suggest performance deficiencies and/or failures, but are suppose to identify potential growth areas to assist an employee's development.<br><br>Dkt.54, Plaintiff's Dec. ¶ 174 | **DISPUTED** as **not supported by evidence**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.<br>*See* **Evidentiary Objection No. 142.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1048. In Plaintiff's 2013 first year Annual Performance Review Form, **Rivers**, as **Regional Director** over Plaintiff evaluated Plaintiff as an effective and successful communicator and leader, and she assigned him to important **Lead District Manager** Assignments to allow his work products and assistance to be used by other District Managers in Rivers' Region.<br><br>Exhibit-5;<br>Dkt.54, Plaintiff's Dec. ¶ 175;<br>Dkt.53-3, Hoenecke's Dec ¶ 3-7;<br>Dkt.53-6, Maliwat's Dec ¶ 1-6;<br>Dkt.53-5, Lugo's Dec ¶ 1-6;<br>Dkt.53-4, Nelson's Dec ¶ 2-13. | **UNDISPUTED, but irrelevant** and **immaterial** because at issue is the "Opportunities" identified in the 2013 Annual Performance Review, which Plaintiff failed to remedy.<br><br>This fact is also **not supported by the evidence**. The declarations of Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |
| 1049. In Plaintiff's 2013 first year Annual Performance Review Form **Rivers**, as **Regional Director**, also noted that: "[Plaintiff] has built and maintained relationships with CO DMs [Company Operations District Managers], RDs [Regional Directors] and SMs [Store Managers] this year and has become a | **UNDISPUTED, but irrelevant** and **immaterial**, because at issue is the "Opportunities" identified in the 2013 Annual Performance Review, which Plaintiff failed to remedy.<br><br>This fact is also **not supported by the evidence.** The declarations of |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

214.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| requested partner in CO meetings." <br><br> Exhibit-5; <br> Dkt.54, Plaintiff's Dec. ¶ 176; <br> Dkt.53-3, Hoenecke's Dec ¶ 3-7; <br> Dkt.53-6, Maliwat's Dec ¶ 1-6; <br> Dkt.53-5, Lugo's Dec ¶ 1-6; <br> Dkt.53-4, Nelson's Dec ¶ 2-13. | Nelson and Hoenecke fail to declare in any manner that supports this fact. Additionally, notwithstanding that Ms. Maliwat's and Ms. Lugo's declarations are entirely inadmissible, they also do not include a single statement supporting this fact. |
| 1050. Defendant had a mandatory Post Interview Feedback Procedure that was to be followed within 24 hours of the interview, which was not followed relative to Plaintiff's pursuit of promotion: <br> a. that an Interviewer complete a Post-Interview Feedback Summary; and <br> b. that the Interviewee be provided with the Feedback. <br><br> Dkt.54, Plaintiff's Dec. ¶ 177 <br> Exhibit - 36 | **UNDISPUTED,** but **irrelevant** and **immaterial**, that Starbucks has an Interview Feedback Summary Form for panel interviewers to provide hiring managers and recruiters. <br><br> **DISPUTED,** as to the rest of this fact, **as Plaintiff misstates the evidence.**   The Interview Feedback Summary Form does not indicate that it is mandatory.   But **irrelevant** and **immaterial,** because the Interview Feedback Summary Form is for non-recruiter/non-hiring manager panel interviewers to complete.  Plaintiff's only formal interviews for the BDM |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

215.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | position were by the recruiter and Warmke, the hiring manager.<br><br>Also irrelevant because Rivers had no involvement in the hiring process for the Branded Solutions Department. **SUF 14-20, 36.** |
| 1051. Warmke was the hiring manager for the BDM position when Plaintiff applied on-line on November 8, 2014.  Relative to Plaintiff's application, the "status " is noted as "Starbucks Not Interested", with the only Starbuck employee identified being "Hiring Manager John Warmke". The Internal Recruiter could never make that decision without the Hiring manager.<br><br>Dkt.54, Plaintiff's Dec. ¶ 178<br>Exhibit - 8 | **UNDISPUTED,** that Warmke was the hiring manager for the BDM position Plaintiff applied for on November 8, 2014.<br><br>**DISPUTED** that "[t]he Internal Recruiter could never make that decision without the Hiring manager" **as unsupported by the evidence.** Warmke declares he was not aware of Mr. Briscoe's November 8, 2014, application for the other BDM position.<br>**SUF 33.**<br><br>Plaintiff's contention that the Hiring Manager is involved with every |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | revocation of an application is false, and he does not cite to any evidence to support this other than his own self-serving declaration, and that of Nelson, which consist of inadmissible speculation<br><br>Also **immaterial and irrelevant** because Rivers had no involvement in the hiring process for the Branded Solutions Department.<br>**SUF 14-20, 36.** |
| 1052. Coach Matt Scruggs, during DM Training, made observations that Plaintiff was an effective communicator, stating, in part, that: "…<br><br>Defendant's, Exhibit B, attached to Declaration of Angela Rivers, **Document # 45-1, Page 19;**<br>Dkt.54, Plaintiff's Dec. ¶ 179 | **UNDISPUTED, but irrelevant** and **immaterial**, because at issue are Scruggs' suggestions for Plaintiff's development. |
| 1053. "Kevin has demonstrated ability to successfully communicate a clear and concise message both written and | **DISPUTED** as **not supported by evidence**. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

217.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| verbally…He clearly has demonstrated the interpersonal skill set, understanding of motivational needs of his audience, and the charismatic ability to be successful in role during his DMT training." …" | However, **irrelevant** and **immaterial**, because at issue are Scruggs' suggestions for Plaintiff's development. |
| 1054.   Rogers told Plaintiff that, "I don't want to share too much Kevin, but Angie is afraid of you or something"<br><br>Defendant's, Exhibit B, attached to Declaration of Angela Rivers, **Document # 45-1, Page 19;**<br>Dkt.54, Plaintiff's Dec. ¶ 180 | **DISPUTED** as the remainder of the fact **as not supported by evidence**. Attachment 35 does not indicate that Rivers had attended a "field day," "ended" it abruptly, or the timing of when Plaintiff checked through his documents.<br><br>Exhibit B attached to the Declaration of Angela Rivers in no way relates to this fact.  It is Plaintiff's training assessment.<br><br>Also, Plaintiff's statement in his declaration in support of this fact is inadmissible hearsay to the extent he is relying on rumors or statement he heard for the truth of the matters asserted. |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 147.** |
| 1055.   LSDM are Operational Employees whose duties, job descriptions and roles do not include managing or completing Construction Punch Lists at a Licensed Store.<br><br>Dkt. 54, Plaintiff's Dec. ¶ 182 | **DISPUTED**, as this is **not supported by Plaintiff's evidence**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 149.**<br><br>Also, **irrelevant** and **immaterial**, because construction punch lists are not at issue in this lawsuit. |
| 1056.   Defendant's Finance Department, for its own accounting purposes categorized a closed store as a remodel, resulting in an inaccurate reporting of | **DISPUTED**, as this is **not supported by Plaintiff's evidence**.<br><br>The only evidence supporting this fact |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| revenues for a closed store at LAX. It was Plaintiff who detected the accounting and questioned it, noting that the store, though closed, was budgeted for the entire year.<br><br>Exhibit – 37<br>Dkt.54, Plaintiff's Dec. ¶ 183 | comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 150.**<br><br>Also, **irrelevant** and **immaterial**, because construction punch lists are not at issue in this lawsuit. |
| 1057. Neither Rogers nor Rivers ever tried to "assist [Plaintiff's] development" including assisting Plaintiff with completion of a PDP. Plaintiff sent Rogers an email (copying Rivers) seeking specific types of information that was uniquely related to Starbucks would be particularly helpful in assisting him with promotional development, but Rogers (nor Rivers) ever responded.<br><br>Dkt.54, Plaintiff's Dec. ¶ 184<br>Exhibit - 10 | **DISPUTED,** as to the remainder of this fact as Plaintiff m**isstates the evidence.**<br>**SUF 72-93.**<br><br>Rivers and Rogers provided Plaintiff feedback, resources, and assistance throughout his career as supported by the documentary evidence.<br>**SUF 13, 23, 24, 71-78, 94-95.**<br><br>The evidence also shows Rivers provided Plaintiff with recognition, opportunities, and support throughout his employment – which he |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

220.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | acknowledges.  This fact contradicts Plaintiff's declaration in support of his opposition to Starbucks' motion for judgment wherein he declares about the opportunities provided to him by Rivers.  **SUF 22-23, 70, 72, 73, 74, 75, 136-144; Dkt. 54 ¶¶ 3, 10-18, 62-65.**  The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence.  *See* **Evidentiary Objection No. 151.** |
| 1058.    Plaintiff disclosed to Rivers and Sundquist that he had recorded some of his conversations with Rivers and offered play the recordings for them to listen and hear the confirmation of his claims that Rivers was discriminating and retaliating against him once he began pursuing promotion. They declined Plaintiff's offer to listen to the recordings and later told Plaintiff that | **UNDISPUTED,** that Plaintiff disclosed that he had recorded conversations with Rivers and Sundquist, and the Rivers advised Plaintiff that his recordings were not legally created**.**  **DISPUTED** as to the remainder of this fact as **not supported by** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

221.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| the recordings were illegal, causing Plaintiff to believe that Defendant was saying that it did not want to hear his confirmatory recordings, and that the recordings were worthless.<br><br>Dkt.54, Plaintiff's Dec. ¶ 185 | **evidence**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 152.**<br><br>However, **irrelevant** and **immaterial**, because Plaintiff's illegally created recordings are not at issue in Starbucks' motion for summary judgment. |
| 1059.   Plaintiff identified race discrimination to S. Rogers at his one-on-one in December, 2014.<br><br>Dkt.54, Plaintiff's Dec. ¶ 186 | **DISPUTED** as **not supported by evidence**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration.  However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 153.** |
| 1060.   Plaintiff's bonus potential | **DISPUTED** as **not supported by** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

222.

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| (quarterly payments rather than annually), stock and benefits were superior at Starbucks, and Starbucks as a Brand was Plaintiff's preferred career path. Plaintiff took a meaningful cut in salary compensation to leave his job at Burger King to accept the Starbucks position, because of the upside career and earnings potential and because he wanted to leave "fast food". Also, at Starbucks, Plaintiff was in a "ready for promotion" posture, with four year of background and Plaintiff had begun making contact with License Stores VP for the United Kingdom. At Jack in the Box, Plaintiff had to start from scratch.<br><br>Dkt.54, Plaintiff's Dec. ¶ 187<br>Dkt.53-1, Plaintiff's Depo 206:12-23 | **evidence and as Plaintiff misstates the evidence.**<br><br>Plaintiff testified that he looked for a new job while he was at Burger King because his "understanding, they were looking to eliminate our roles through [a] transaction." **Starbucks Supplemental Evidence, Second Mittal Decl. ¶ 3, Ex. A 70:25-71:25.**<br><br>Plaintiff also testified that he receives annual bonuses at Jack-in-the-Box, and that last year his bonus was $30,000. ***Id.* at 302:13-303:3.**<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. ***See* Evidentiary Objection No. 154.** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **1061.** Starbucks had no policy that made "seniority" a factor in promotional considerations.<br><br>Dkt.54, Plaintiff's Dec. ¶ 188. | **DISPUTED** as **not supported by evidence**.<br><br>The only evidence supporting this fact comes from Plaintiff's self-serving declaration. However, Plaintiff cannot create a disputed fact by manufacturing conflicting evidence. *See* **Evidentiary Objection No. 155.**<br><br>Also, **irrelevant** and **immaterial**, because even if this fact was true, lack of a formal policy does not mean "seniority" is not a consideration for internal promotional considerations. |

Dated:   June 25, 2018

/s/ Tanja L. Darrow
TANJA L. DARROW
JYOTI MITTAL
LITTLER MENDELSON, P.C.
Attorneys for Defendant
STARBUCKS CORPORATION d/b/a
Starbucks Coffee Company
(erroneously named as STARBUCKS
CORPORATION and Starbucks Coffee
Company as separate entities)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

224.